UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC,              **Case No.:** _____

    Plaintiff,

v.

TX TRADING INC. d/b/a AMAZON
RESELLER "MAC N' CHEESE,"

    Defendant.
_____/

**COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES**

Plaintiff ZAGG Inc d/b/a ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN ("ZAGG" or "Plaintiff"), by and through its undersigned counsel, complains of the conduct of Defendant TX Trading Inc. d/b/a Amazon Reseller "Mac N' Cheese" ("Defendant") and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. ZAGG seeks injunctive relief and monetary damages for Defendant's trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of ZAGG Products through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise counterfeit ZAGG Products to consumers on the Internet, including, but not limited to, Amazon.com.

3. Specifically, Defendant is offering for sale "new" ZAGG Products on the Internet, including, but not limited to, Amazon.com, but fulfilling the orders to consumers with used ZAGG

Products previously sold to wireless carriers and later purchased by Defendant at liquidation. Despite advertising ZAGG Products as "new," the liquidation products Defendant actually delivers to consumers have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendant advertises.

4. Moreover, ZAGG has never authorized Defendant to resell its products. ZAGG's manufacturer's warranty explicitly states that it does "not cover products purchased from unauthorized resellers." Because Defendant is not an authorized reseller of ZAGG's products, Defendant's ZAGG Products are not—and cannot be—covered by the ZAGG manufacturer's warranty. Amazon.com's Terms and Conditions require that products advertised as "new" carry the manufacturer's warranty. Despite this, Defendant falsely advertises the ZAGG Products it offers for sale to consumers as "new," when they are not.

5. Finally, in an effort to hide Defendant's nefarious acts, Defendant is selling ZAGG Products with the serial number intentionally covered and damaged. The ZAGG Products Defendant offers for sale and sells with covered and/or damaged serial numbers are non-genuine, counterfeit ZAGG Products.

6. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and ZAGG.

7. As a result of Defendant's actions, ZAGG is suffering a loss of the enormous goodwill that ZAGG has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's trademark counterfeiting and infringement, false advertising, and unfair competition.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9. Defendant is subject to personal jurisdiction in the State of Florida and this District because it resides in the State of Florida. Additionally, Defendant is subject to personal jurisdiction in the State of Florida and this District because Defendant (a) has sold numerous products within the United States, the State of Florida, and this District; (b) misrepresents the nature of the products it sells to residents of the United States, the State of Florida, and this District; (c) has caused injury to ZAGG in the United States, the State of Florida, and this District; (d) practices the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; (e) regularly conducts or solicits business within the United States, the State of Florida, and this District; and (f) regularly and systematically directs electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or offer for sale of ZAGG Products to Internet users within the United States, the State of Florida, and this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff ZAGG Inc is a Delaware corporation with its principal place of business in Midvale, Utah. ZAGG designs, manufactures, and sells a variety of screen protectors, power management solutions, mobile keyboards, cases, and personal audio products. ZAGG markets and sells its products in the United States under the ZAGG, Invisible Shield, IFROGZ, mophie,

Gear4, and BRAVEN brands (collectively, the "ZAGG Brands," and the products sold under the ZAGG Brands are collectively referred to as the "ZAGG Products").

12. Defendant TX Trading Inc. d/b/a Amazon Reseller "Mac N' Cheese" is a Florida corporation with its principal place of business located at 20355 NE 34th Court, Unit 427, Aventura, FL 33180. Defendant does business and has done business and sold products, including ZAGG Products, to customers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Mac N' Cheese" (Amazon Seller ID A2HKJDSYFUXLQL). Defendant is an unauthorized dealer of ZAGG Products.

## FACTS

**A.     ZAGG's Trademark Usage**

13. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with screen protectors, power management solutions, mobile keyboards, cases, and personal audio products (hereinafter, the "ZAGG Marks"). The ZAGG Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| ZAGG | May 8, 2012 | 4,137,585 |
| ZAGG | November 4, 2014 | 4,634,052 |

14. The ZAGG Marks have been in continuous use since at least their respective dates of registration.

15. Said registrations are in full force and effect, and the ZAGG Marks are incontestable pursuant to 15 U.S.C. § 1065.

16. ZAGG advertises, distributes, and sells its products to consumers under the ZAGG Marks.

17. ZAGG has also acquired common law rights in the use of the ZAGG Marks throughout the United States.

18. ZAGG's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of ZAGG's exclusive ownership of the ZAGG Marks.

19. ZAGG has invested significant time, money, and effort in advertising, promoting, and developing the ZAGG Marks throughout the United States and the world. As a result of such actions, ZAGG has established substantial goodwill and widespread recognition in its ZAGG Marks, and those marks have become associated exclusively with ZAGG and its products by both customers and potential customers, as well as the general public at large.

20. For example, only ZAGG Products purchased from ZAGG directly, or through an authorized ZAGG reseller, qualify for ZAGG's warranty policy (the "ZAGG Warranty").[1] Per its terms, the ZAGG Warranty applies to all ZAGG Products and all ZAGG Brands.

21. Specifically, the ZAGG Warranty states, in relevant part:

## Warranty Policies

The ZAGG Warranty Policy applies to ZAGG®, InvisibleShield®, IFROGZ®, mophie®, Gear4®, and BRAVEN® branded products. Please register your product at ZAGG.com prior to any warranty claim. If you purchased your product at ZAGG.com while signed into your ZAGG.com account your product was registered at the time of purchase. We may ask you to send us a photograph of your product to validate the claim. You may also take your product to any supporting franchise location for a warranty replacement. Product inventory is limited to popular products and therefore it is recommended calling the specific franchise location to ensure the desired warranty replacement is in stock before visiting the store. Please be advised that a replacement or installation fee may apply.

All ZAGG warranties are non-transferrable and are only available to the original end-user of the product purchased directly from ZAGG or an Authorized ZAGG reseller. Warranties do not apply to products purchased from unauthorized resellers. Many resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG products. When purchasing online, it is important to note where the product is being shipped from and who it is being sold by. Second-hand items, including those purchased from websites such as Amazon, eBay or Craigslist are not covered by the ZAGG Warranty Policy.

---

[1] *See* https://www.zagg.com/en_us/warranty-policies

22. To create and maintain goodwill among its customers, ZAGG has taken substantial steps to ensure that products bearing the ZAGG Marks are of the highest quality. As a result, the ZAGG Marks have become widely known and are recognized throughout the State of Florida, this District, the United States, and the world as symbols of high quality products.

23. As a result of, *inter alia*, the care and skill exercised by ZAGG in the conduct of its business, the high quality of the goods sold under the ZAGG Marks, and the extensive advertising, sale, and promotion by ZAGG of its products, the ZAGG Marks have acquired secondary meaning in the United States and the world, including this District.

24. ZAGG is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the ZAGG Marks.

**B.   Defendant's Infringing and Improper Conduct**

25. ZAGG has never authorized or otherwise granted Defendant permission to sell ZAGG Products. Defendant is not an authorized ZAGG reseller. Accordingly, Defendant is not authorized to sell ZAGG Products.

26. Despite this, Defendant has sold and is currently offering for sale and selling ZAGG Products on various online commerce cites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Mac N' Cheese."

27. Defendant offers for sale and sells ZAGG Products on the Internet using the ZAGG Marks.

28. The below is an example of Defendant's product listings advertising ZAGG Products:



29. The ZAGG Products Defendant offers for sale on Amazon.com are advertised in "new" condition:



30. Defendant represents to consumers that "all our merchandise is 100% Authentic and is accurately described":

> **About Seller**
> Mac N' Cheese is here to support you throughout the purchase process. We guarantee a seamless transaction and stand behind the products we sell.
>
> We guarantee that all our merchandise is 100% Authentic and is accurately described. If you have any concerns, please contact us and we will make it right.

31. However, Defendant falsely advertises the ZAGG Products it sells on the Internet using the ZAGG Marks.

32. As a preliminary matter, Defendant represents that the ZAGG Products it offers for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are in "used," rather than "new" condition.

33. Defendant is offering for sale "new" ZAGG Product on the Internet, including, but not limited to, Amazon.com, but fulfilling the orders to consumers with used ZAGG Products previously sold to wireless carriers and later purchased by Defendant at liquidation. Such liquidation products have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendant advertises.

34. For example, ZAGG Products purchased from Defendant were received in damaged and/or opened condition:






35.   Moreover, Defendant represents that the ZAGG Products it offers for sale on Amazon.com are "new," yet Defendant is prohibited from selling "new" ZAGG Products on Amazon.com.

36.   Amazon's announced Terms and Conditions[2] require that "new" products carry the manufacturer's warranty:

---

[2] https://sellercentral.amazon.com/help/hub/reference/external/200339950.

> **General condition guidelines**
>
> The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:
>
> **New:**
>
> Just like it sounds. A brand-new item. <u>Original manufacturer's warranty, if any, still applies</u>, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

37. Because Defendant is not authorized to sell ZAGG Products, the ZAGG Warranty excludes products sold by Defendant. The ZAGG Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the ZAGG Warranty.

38. Pursuant to its terms, the ZAGG Warranty "do[es] not apply to products purchased from unauthorized resellers" and notes that "[m]any resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG products."

39. Because Defendant's ZAGG Products are not covered by the ZAGG Warranty, the ZAGG Products advertised and offered for sale by Defendant are not in "new" condition pursuant to Amazon's Terms and Conditions, as advertised.

40. In addition to Defendant's false advertising on the Internet, Defendant is offering for sale and selling non-genuine, counterfeit ZAGG Products to consumers.

41. In an effort to hide Defendant's nefarious acts, Defendant is selling ZAGG Products with the serial number intentionally covered and/or damaged.

42. ZAGG Products sold by ZAGG or its Authorized Internet Resellers are marked with an e-fingerprint encoded into the UPC barcode, which serves as a unique serial number. The serial number is unique to each ZAGG Product and traceable.

43. Purchases of ZAGG Products made from Defendant revealed that Defendant covered and damaged the serial numbers on the product packaging. For example:

**Defendant's Label on ZAGG Product**



**ZAGG's Serial Number Uncovered Behind Defendant's Label**



11

45. Another example is depicted below:



46. Critically, by intentionally covering the serial numbers on ZAGG Products, Defendant permanently mutilates the packaging of the ZAGG Products, as the serial numbers are often unreadable and ineffective even after removal of the sticker covering. As such, covering and damaging the serial number interferes with ZAGG's ability to authenticate ZAGG Products.

47. ZAGG typically does not sell any products with the serial number removed.

48. Accordingly, the ZAGG Products Defendant offers for sale and sells with serial numbers intentionally covered and/or damaged are non-genuine, counterfeit ZAGG Products.

49. ZAGG places serial numbers on each unit of ZAGG Products to assist with quality assurance, authentication, anti-counterfeiting, and as an anti-theft measure. Similarly, the use of serial numbers allows ZAGG to take corrective action or conduct targeted recalls should issues with products arise.

50. ZAGG's consumers expect quality high-end products and Defendant's covering and damage of serial numbers on the ZAGG Products Defendant offers for sale and sells and resulting mutilation of ZAGG's product packaging degrades the ZAGG Products in ways that are significant to the consuming public.

51. Defendant's resale of ZAGG Products with serial numbers intentionally covered and mutilated product packaging results in a poor brand experience and harms ZAGG's reputation as customers likely believe that it is ZAGG that caused this harm to the product packaging.

52. Defendant intentionally advertises and sells ZAGG Products in ways that are likely to deceive consumers and create consumer confusion. ZAGG has contacted Defendant previously regarding the ZAGG Authorized Internet Reseller Network and Defendant's false advertising and other improper conduct.

53. ZAGG notified Defendant of its trademark counterfeiting and infringement, false advertising, and other improper conduct on multiple occasions, including, but not limited to, by letter to counsel for Defendant dated September 14, 2022. ZAGG did not receive a response to its September 14, 2022 letter.

54. Defendant's continued advertisement, display, and sale of ZAGG Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, ZAGG and its relationships with consumers and its Authorized Internet Resellers.

**C.     Likelihood of Confusion and Injury Caused by Defendant's Actions**

55. Defendant's actions substantially harm ZAGG by placing falsely advertised, unwarranted, and non-genuine ZAGG Products into the stream of commerce in the United States.

56. Defendant's false advertising of used, liquidation ZAGG Products as "new" on the Internet, including, but not limited to, on Amazon.com, is likely to cause—and has caused—

consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

57. Defendant's false advertising of ZAGG Products without the corresponding ZAGG Warranty as "new" on the Internet, including, but not limited to on Amazon.com, is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

58. Defendant's sale of ZAGG Products bearing the ZAGG Marks with covered and/or damaged serial numbers is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

59. Defendant's actions substantially harm ZAGG and consumers who ultimately purchase Defendant's used, unwarranted, and non-genuine ZAGG Products believing them to be new, warranted, genuine ZAGG Products. Defendant's actions cause consumers to not receive a new, warranted, genuine product as he or she intended.

60. Defendant's actions substantially harm ZAGG's goodwill and reputation when consumers learn that the ZAGG Products they have purchased are 1) used ZAGG Products purchased by Defendant at liquidated; 2) not genuine with serial numbers covered and/or damaged; and 3) not protected by the ZAGG Warranty.

61. Defendant's conduct results in consumer confusion as well as the dilution of ZAGG's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

62. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have repeatedly complained about Defendant's false and misleading

advertisements. Specifically, consumers have complained about products advertised by Defendant:



63. Defendant's conduct as described herein results in the lessening of sales of authorized and properly advertised ZAGG products to the detriment of ZAGG.

64. As a result of Defendant's actions, ZAGG is suffering the loss of the enormous goodwill it created in the ZAGG Marks.

65. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ZAGG's irreparable harm.

## COUNT I
**Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114**

66. ZAGG hereby realleges each and every allegation contained in Paragraphs 1-65 as if fully set forth herein.

67. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

68. The acts of Defendant alleged herein constitute the use in commerce, without the consent of ZAGG, of a reproduction, counterfeit, copy, or colorable imitation of the ZAGG Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringes ZAGG's rights in the ZAGG Marks, all in violation of the Lanham Act.

69. Defendant has used, and continues to use, the ZAGG Marks in the sale of ZAGG Products that are non-genuine and lacking serial numbers.

70. Defendant has used, and continues to use, the ZAGG Marks in the sale of ZAGG Products that have serial numbers removed. ZAGG typically does not sell any products with the serial number removed. Therefore, the ZAGG Products sold by Defendant are not genuine ZAGG Products, such as those offered or sold by ZAGG.

71. Defendant's use of the counterfeit versions of the ZAGG Marks in the advertisement or sale of non-genuine products is willful, intentional, and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

72. Defendant's use of the ZAGG Marks in the advertisement or sale of non-genuine products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

73. Defendant's counterfeiting and infringing activities are likely to cause, are actually causing, and are willful and intended to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting and infringement under 15 U.S.C. § 1114(1)(b).

74. As a direct and proximate result of Defendant's actions, ZAGG has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, ZAGG's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

75. As a direct and proximate result of Defendant's actions, ZAGG has suffered substantial damages. ZAGG is entitled to an injunction and to recover Defendant's profits, all damages sustained by ZAGG, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

76. As a direct and proximate result of Defendant's acts of willful trademark counterfeiting, ZAGG is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendant.

## COUNT II
**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

77. ZAGG hereby realleges each and every allegation contained in Paragraphs 1-65 as if fully set forth herein.

78. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

79. ZAGG engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ZAGG Marks, throughout the United States.

80. The ZAGG Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ZAGG products and services.

81. By selling or distributing products using the ZAGG Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing

sponsorship by, affiliation with, or connection to ZAGG and its goods and services in violation of 15 U.S.C. § 1125(a).

82. By advertising or promoting products using the ZAGG Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

83. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

84. By selling and advertising products under the ZAGG Marks as alleged herein, ZAGG is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

85. As a direct and proximate result of Defendant's actions, ZAGG has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, ZAGG reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## **RELIEF REQUESTED**

**WHEREFORE**, ZAGG prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

      a.    using, or attempting to use, any of ZAGG's intellectual property, including, but not limited to, the ZAGG Marks;

      b.    acquiring, or taking any steps to acquire, any ZAGG Products;

      c.    selling, or taking any steps to sell, any ZAGG Products;

      d.    engaging in any activity constituting unfair competition with ZAGG; and

      e.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B.    Award ZAGG its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

C.    Award ZAGG Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

D.    Enter judgment that Defendant's acts of infringement have been knowing and willful;

E.    Award ZAGG statutory damages in an amount not to exceed two million dollars ($2,000,000.00) per mark for each of the marks which Defendant has counterfeited, as authorized by 15 U.S.C. § 1117(c)(2);

F.    Award ZAGG its reasonable attorneys' fees in bringing this action as allowed by law;

G.    Award ZAGG pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.    Award ZAGG the costs incurred in bringing this action;

I.    Award ZAGG other relief as this Court deems just and proper.

## **JURY TRIAL CLAIM**

ZAGG hereby requests trial by jury on all claims so triable.

Dated:  January 26, 2023                    Respectfully submitted,

*/s/ Mallory M. Cooney*
Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L Gates LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone:  305.539.3300
Fax:  305.358.7095