**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

ZAGG INC,                                                  Case No.: 23-cv-20304-ALTMAN/Reid

       Plaintiff,

v.

TX TRADING INC. d/b/a AMAZON
RESELLER "MAC N' CHEESE,"

       Defendant.
_____/

## JOINT SCHEDULING REPORT

Pursuant to L.R. 16.1(b) and this Court's March 9, 2023 Order (ECF No. 13), Plaintiff ZAGG, Inc. ("ZAGG") and Defendant TX Trading, Inc. ("TX Trading") (together, the "Parties") hereby submit this Joint Scheduling Report. A Joint Proposed Scheduling Order is attached hereto pursuant to L.R. 16.1(b)(3) and this Court's Order.

**Information required by S.D. Fla. L.R. 16.1(b)(2):**

**(A) Likelihood of Settlement.**

Settlement discussions between ZAGG and TX Trading are ongoing. The Parties will notify the Court immediately should the case settle.

**(B) Likelihood of Appearance in the Action of Additional Parties.**

*Plaintiff's Position:*

Defendant's Answer (ECF No. 12) denies that it has done business as Amazon Reseller "MAC N' CHEESE." The parties are currently engaged in discovery pertaining to this issue, among others. Pending responses to such discovery, Plaintiff may consider adding additional parties by the deadline provided in the attached Joint Proposed Scheduling Order.

*Defendant's Position:*

Plaintiff has named the wrong party as a defendant.  This issue was brought to Plaintiff's attention on February 9, 2023 but no corrective action have been taken.

**(C) Proposed limits on the time:  (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery.**

*Plaintiff's Position:*

Please see the Joint Proposed Scheduling Order attached hereto.

*Defendant's Position:*

Entering a schedule in this case would be premature and unduly burden Defendant, a party that has no connection to this matter.  Instead, Defendant seeks to promptly move for a summary judgment on all claims.  To the extent that the Court would prefer to enter a Scheduling Order, Defendant requests that this case be assigned to an Expedited case track and the dates proposed in the attached Joint Proposed Scheduling Order be adopted.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

*Plaintiff's Position:*

ZAGG has filed a straightforward Complaint asserting two substantive counts against TX Trading:  (I) trademark counterfeiting and infringement, in violation of 15 U.S.C. § 1114; (II) false advertising / unfair competition, in violation of 15 U.S.C. § 1125(a).  TX Trading has raised only five affirmative defenses in response thereto.  As such, Plaintiff does not believe that any further narrowing of the claims or defenses is necessary in this case.  A proposed schedule for summary judgment motions is included in the Joint Proposed Scheduling Order attached hereto.

314870254.3

*Defendant's Position*:

Plaintiff has named the wrong defendant and refuses to dismiss the case. The case is ripe for summary judgment on all claims.

**(E) The necessity or desirability of amendments to the pleadings.**

*Plaintiff's Position*:

Please see Section (B) regarding the potential need to amend the pleadings. A deadline by which any amendments must be completed is included in the attached Joint Proposed Scheduling Order.

*Defendant's Position*:

This is a case of misidentification, not misnomer. No amendment by Plaintiff can cure the pleadings.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

*Plaintiff's Position*:

Plaintiff believes that the evidentiary record can be streamlined in this case by obtaining admissions of fact and stipulations as to the authenticity of documents and that the Parties should to work together in good faith on such issues prior to filing any summary judgment motions.

*Defendant's Position*:

Because Defendant has been misidentified, it has no documents or information relating to this matter. Defendant can do nothing more than provide a certification stating as much.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

*Plaintiff's Position*:

This is a straightforward trademark infringement and false advertising case.  Plaintiff does not believe that there will be any issues of cumulative or unnecessary proof.

*Defendant's Position*:

See Sections B-F above.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The Parties are amenable to referral of discovery matters to Magistrate Judge, but otherwise do not feel that there are any complicated factual issues that would benefit from a Magistrate Judge or master, and decline to request a general referral to either at this time.

**(I) A preliminary estimate of the time required for trial.**

The Parties estimate that they will require one to three full days for trial.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

*Plaintiff's Position*:

Plaintiff requests a final pretrial conference in June 2024, and a trial date in August 2024.

*Defendant's Position*:

Defendant maintains that setting such dates is premature because the Defendant has been misidentified.

**(K) Any issues about:**

**(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties intend to enter into an ESI protocol that will cover all of issues.

**(ii) claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert those claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

*Plaintiff's Position*:

Plaintiff does not believe that a protective order is presently required.  To the extent issues arise, Plaintiff believes that the Parties should work together to protect sensitive information.  The questions here are whether the ZAGG products that TX Trading advertises and sells are genuine.  Thus, relevant evidence will be limited to publicly-accessible advertisements for ZAGG products, and invoices from TX Trading evidencing how it acquired the ZAGG products that it advertises and sells.  None of that evidence should implicate any proprietary or confidential information.

*Defendant's Position*:

To the extent that this case proceeds to discovery, Defendant will seek entry of a standard, two-tier, protective order.

**(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The Parties discussed the ESI Checklist at their conference.  No substantive disagreements were identified at that time.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None.

Dated:  March 23, 2023

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson, Esq.
(*Pro Hac Vice*)
morgan.nickerson@klgates.com
Jack S. Brodsky, Esq.
(Pro Hac Vice)
jack.brodksy@klgates.com
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 021111
(617) 261-3100
(617) 261-3175

Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L GATES LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
(305) 539-3300
(305) 358-7095

*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ Geoffrey M. Cahen*
Geoffrey M. Cahen. Esq.
Florida Bar No. 0013319
Geoff@cahenlaw.com
**CAHEN LAW. P.A.**
1900 Glades Road, Suite 270
Boca Raton, FL 33431
Tel. No.: (561) 922-0430

*Attorney for Defendant*

314870254.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC,                                    Case No.: 23-cv-20304-ALTMAN/Reid

       Plaintiff,

v.

TX TRADING INC. d/b/a AMAZON
RESELLER "MAC N' CHEESE,"

       Defendant.
_____/

## PROPOSED SCHEDULING ORDER

Pursuant to L.R. 16.1(b)(3) and this Court's March 9, 2023 Order (ECF No. 13), Plaintiff ZAGG, Inc. ("ZAGG") and Defendant TX Trading, Inc. ("TX Trading") (together, the "Parties") hereby submit this Joint Proposed Scheduling Order.

**Information required by L.R. 16.1(b)(3):**

**(A) Assignment of the case to a particular track pursuant to Local Rule 16.1(a).**

This case satisfies the requirements for an expedited schedule pursuant to L.R. 16.1(a)(2)(A) because it is a relatively non-complex case requiring only one to three days of trial.

**(B) The detailed discovery schedule proposed by the parties:**

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Initial disclosures pursuant to Rule 26(a) | 14 days after conference | |
| Amendment of pleadings and joinder of additional parties[1] | August 14, 2023 | N/A |

---

[1] *See* L.R. 16.1(b)(3)(E) (include "[a] limitation of the time to join additional parties and to amend the pleadings").

| | | |
|---|---|---|
| Fact discovery cut-off | October 30, 2023 | May 30, 2023 |
| Exchange of expert reports | November 7, 2023 | N/A |
| Exchange of expert rebuttal reports | December 7, 2023 | N/A |
| Expert discovery cut-off | January 7, 2024 | N/A |
| All pretrial motions (dispositive and non-dispositive)[2] | | June 30, 2023 |
| Court resolution of all pretrial motions[3] | | |
| Date of pretrial conference[4] | | |
| Trial date[5] | | |

**(C) Any agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things.**

The Parties intend to use the Court's ESI Checklist to negotiate an ESI protocol that will guide electronic discovery. The Parties discussed the ESI Checklist at their conference. No substantive disagreements were identified at that time.

**(D) Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production.**

The Parties will raise any issues regarding claims of privilege or protection of trial preparation material that arises post-production on an ad hoc basis, as necessary.

**(H) Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions.**

Not applicable in this case.

---

[2] Intentionally left blank. *See* L.R. 16.1(b)(3)(F) (include "[a] space for insertion of a date certain for filing all pretrial motions").

[3] Intentionally left blank. *See* L.R. 16.1(b)(3)(G) (include "[a] space for insertion of a date certain for resolution of all pretrial motions by the Court").

[4] Intentionally left blank. *See* L.R. 16.1(b)(3)(I) (include "[a] space for insertion of a date certain for the date of pretrial conference (if one is to be held)").

[5] Intentionally left blank. *See* L.R. 16.1(b)(3)(J) (include "[a] space for insertion of the date certain for trial").

314870254.3

**SO ORDERED.**

_____ _____
Date ROY K. ALTMAN
United States District Judge

314870254.3