**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

ZAGG INC,                                    **Case No.:  1:23-cv-20304-RKA__**

      Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI,
TX TRADING INC., and
DVG TRADE LLC,

      Defendant.

_____/

## SECOND AMENDED COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES[1]

Plaintiff ZAGG Inc d/b/a ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN ("ZAGG" or "Plaintiff"), by and through its undersigned counsel, complains of the conduct of Defendants Menachem Mendel Ichilevici ("Ichilevici"), TX Trading Inc. ("TX Trading"), and DVG Trade LLC ("DVG Trade," and together with Ichilevici and TX Trading, the "Defendants") and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1.      ZAGG seeks injunctive relief and monetary damages for Defendants' trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

2.      This case concerns Defendants' wrongful, unauthorized promotion and sale of ZAGG Products through online commerce sites.  As described more fully below, Defendants have

---

[1] ZAGG files this Amended Complaint solely for the purpose to correct the spelling of Defendant Menachem Mendel Ichilevici.

and continue to falsely advertise counterfeit ZAGG Products to consumers on the Internet, including, but not limited to, Amazon.com.

3.     Specifically, Defendants are offering for sale "new" ZAGG Products on the Internet, including, but not limited to, Amazon.com, but fulfilling the orders to consumers with used ZAGG Products previously sold to wireless carriers and later purchased by Defendants at liquidation.  Despite advertising ZAGG Products as "new," the liquidation products Defendants actually deliver to consumers have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendants advertise.

4.     Moreover, ZAGG has never authorized Defendants to resell its products.  ZAGG's manufacturer's warranty explicitly states that it does "not cover products purchased from unauthorized resellers."  Because Defendants are not authorized resellers of ZAGG's products, Defendants' ZAGG Products are not—and cannot be—covered by the ZAGG manufacturer's warranty. Amazon.com's Terms and Conditions require that products advertised as "new" carry the manufacturer's warranty. Despite this, Defendants falsely advertise the ZAGG Products they offer for sale to consumers as "new," when they are not.

5.     Finally, in an effort to hide Defendants' nefarious acts, Defendants are selling ZAGG Products with the serial number intentionally covered and damaged.  Not only this, Defendants are also selling ZAGG Products with warning labels and disclaimers covered and damaged, endangering the health and safety of ZAGG consumers.   The ZAGG Products Defendants offer for sale and sell with covered and/or damaged serial numbers are non-genuine, counterfeit ZAGG Products.

6.      Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and ZAGG.

7.      As a result of Defendants' actions, ZAGG is suffering a loss of the enormous goodwill that ZAGG has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendants' trademark counterfeiting and infringement, false advertising, and unfair competition.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9.      Defendants are subject to personal jurisdiction in the State of Florida and this District because they reside in the State of Florida.  Additionally, Defendants are subject to personal jurisdiction in the State of Florida and this District because Defendants (a) have sold numerous products within the United States, the State of Florida, and this District; (b) misrepresent the nature of the products they sell to residents of the United States, the State of Florida, and this District; (c) have caused injury to ZAGG in the United States, the State of Florida, and this District; (d) practice the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; (e) regularly conduct or solicit business within the United States, the State of Florida, and this District; and (f) regularly and systematically direct electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or

offer for sale of ZAGG Products to Internet users within the United States, the State of Florida, and this District.

10.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

**A.      The Parties**

11.      Plaintiff ZAGG Inc is a Delaware corporation with its principal place of business in Midvale, Utah.  ZAGG designs, manufactures, and sells a variety of screen protectors, power management solutions, mobile keyboards, cases, and personal audio products.  ZAGG markets and sells its products in the United States under the ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN brands (collectively, the "ZAGG Brands," and the products sold under the ZAGG Brands are collectively referred to as the "ZAGG Products").

12.      Defendant Menachem Mendel Ichilevici is an individual who, upon information and belief, resides at 3619 NE 207th Street, Apartment 2100, Miami, FL 33180.  Defendant Ichilevici does business and has done business and sold products, including ZAGG Products, to customers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com.

13.      Defendant TX Trading Inc. is a Florida corporation with its principal place of business located at 20355 NE 34th Court, Unit 427, Aventura, FL 33180.  Defendant TX Trading does business and has done business and sold products, including ZAGG Products, to customers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com.

14.     Defendant DVG Trade LLC is a Wyoming corporation with its principal place of business located at 20355 NE 34th Court, Unit 427, Aventura, FL 33180.  Defendant DVG Trade does business and has done business and sold products, including ZAGG Products, to customers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com.

**B.     Alter Ego Theory**

15.     Upon information and belief, Defendant Ichilevici acts by and through Defendants DVG Trade and TX Trading to own and operate the "Mac N' Cheese" Amazon Seller Account (Amazon Seller ID A2HKJDSYFUXLQL), through which Defendants advertise and sell ZAGG Products.

16.     Upon information and belief, Defendants DVG Trade and TX Trading were created to carry out the infringing and otherwise improper conduct alleged herein, and Defendant Ichilevici has used DVG Trade and TX Trading to perpetuate the infringing and improper conduct alleged herein.

17.     Defendant Ichilevici has testified in prior court proceedings, that "he owns and operates the 'Mac N' Cheese' storefront on www.amazon.com."[2]

18.     On the Amazon Storefront for "Mac N' Cheese," the "Detailed Seller Information" lists DVG Trade with the address of 20355 NE 34th Court, Apt. 427, Aventura, FL 33180:

---

[2] *Otter Products, LLC, et al. v. Menachem Mendel Ichilevici, et al*, C.A. No. 1:21-cv-00491-WJM-KLM (D. Colo. 2021), ECF No. 24, ¶ 3.



19.     DVG Trade's Articles of Organization filed with the Wyoming Secretary of State confirm that the entity was first formed on May 9, 2022:



20.     However, through purchases of ZAGG Products coordinated via the "Mac N' Cheese" Amazon Storefront, ZAGG first learned of the infringing and otherwise improper conduct carried out through the "Mac N' Cheese" Amazon Seller Account no later than March 10, 2022, nearly two months prior to the formation of DVG Trade.

21.     Moreover, TX Trading's corporate filings with the Florida Secretary of State list the same 20355 NE 34th Court, Apt. 427, Aventura, FL 33180 address as the entity's principal place of business.  TX Trading's corporate filings list Beny Ichilevici as the sole officer and

director of TX Trading.   TX Trading's corporate documents also list Beny Ichilevici's home residence as the principal place of business of TX Trading. This information is evidenced below:



22.     Upon information and belief, Defendant Ichilevici and Beny Ichilevici are related, associated, or otherwise affiliated.

23.     Upon information and belief, Defendants DVG Trade and TX Trading are the alter egos of Defendant Ichilevici. Accordingly, the corporate form and legal distinction of DVG Trade and TX Trading should be disregarded, and a judgment against Defendants DVG Trade and TX Trading constitute judgment against Defendant Ichilevici.

## FACTS

### A.     ZAGG's Trademark Usage

24.     The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with screen protectors, power management solutions, mobile keyboards, cases, and

personal audio products (hereinafter, the "ZAGG Marks"). The ZAGG Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|:---:|:---:|:---:|
| **ZAGG** | May 8, 2012 | 4,137,585 |
| **ZAGG** | November 4, 2014 | 4,634,052 |

25.     The ZAGG Marks have been in continuous use since at least their respective dates of registration.

26.     Said registrations are in full force and effect, and the ZAGG Marks are incontestable pursuant to 15 U.S.C. § 1065.

27.     ZAGG advertises, distributes, and sells its products to consumers under the ZAGG Marks.

28.     ZAGG has also acquired common law rights in the use of the ZAGG Marks throughout the United States.

29.     ZAGG's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of ZAGG's exclusive ownership of the ZAGG Marks.

30.     ZAGG has invested significant time, money, and effort in advertising, promoting, and developing the ZAGG Marks throughout the United States and the world. As a result of such actions, ZAGG has established substantial goodwill and widespread recognition in its ZAGG Marks, and those marks have become associated exclusively with ZAGG and its products by both customers and potential customers, as well as the general public at large.

31.     For example, only ZAGG Products purchased from ZAGG directly, or through an authorized ZAGG reseller, qualify for ZAGG's warranty policy (the "ZAGG Warranty").[3]  Per its terms, the ZAGG Warranty applies to all ZAGG Products and all ZAGG Brands.

32.     Specifically, the ZAGG Warranty states, in relevant part:



**Warranty Policies**

The ZAGG Warranty Policy applies to ZAGG®, InvisibleShield®, IFROGZ®, mophie®, Gear4®, and BRAVEN® branded products. Please register your product at ZAGG.com prior to any warranty claim. If you purchased your product at ZAGG.com while signed into your ZAGG.com account your product was registered at the time of purchase. We may ask you to send us a photograph of your product to validate the claim. You may also take your product to any supporting franchise location for a warranty replacement. Product inventory is limited to popular products and therefore it is recommended calling the specific franchise location to ensure the desired warranty replacement is in stock before visiting the store. Please be advised that a replacement or installation fee may apply.

All ZAGG warranties are non-transferable and are only available to the original end-user of the product purchased directly from ZAGG or an Authorized ZAGG reseller. Warranties do not apply to products purchased from unauthorized resellers. Many resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG products. When purchasing online, it is important to note where the product is being shipped from and who it is being sold by. Second-hand items, including those purchased from websites such as Amazon, eBay or Craigslist are not covered by the ZAGG Warranty Policy.

33.     To create and maintain goodwill among its customers, ZAGG has taken substantial steps to ensure that products bearing the ZAGG Marks are of the highest quality.  As a result, the ZAGG Marks have become widely known and are recognized throughout the State of Florida, this District, the United States, and the world as symbols of high quality products.

34.     As a result of, *inter alia*, the care and skill exercised by ZAGG in the conduct of its business, the high quality of the goods sold under the ZAGG Marks, and the extensive advertising, sale, and promotion by ZAGG of its products, the ZAGG Marks have acquired secondary meaning in the United States and the world, including this District.

35.     ZAGG is not now, nor has it ever been, affiliated with Defendants, and Defendants are not authorized to use the ZAGG Marks.

---

[3] *See* https://www.zagg.com/en_us/warranty-policies

**B.      Defendants' Infringing and Improper Conduct**

36.      ZAGG has never authorized or otherwise granted Defendants permission to sell ZAGG Products.  Defendants are not authorized ZAGG resellers.  Accordingly, Defendants are not authorized to sell ZAGG Products.

37.      Despite this, Defendants have sold and are currently offering for sale and selling ZAGG Products on various online commerce cites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Mac N' Cheese."

38.      Defendants offer for sale and sell ZAGG Products on the Internet using the ZAGG Marks.

39.      The below is an example of Defendants' product listings advertising ZAGG Products:



40.      The ZAGG Products Defendants offer for sale on Amazon.com are advertised in "new" condition:



41.     Defendants represent to consumers that "all our merchandise is 100% Authentic and is accurately described":

> **About Seller**
>
> Mac N' Cheese is here to support you throughout the purchase process. We guarantee a seamless transaction and stand behind the products we sell.
>
> We guarantee that all our merchandise is 100% Authentic and is accurately described. If you have any concerns, please contact us and we will make it right.

42.     However, Defendants falsely advertise the ZAGG Products they sell on the Internet using the ZAGG Marks.

43.     As a preliminary matter, Defendants represent that the ZAGG Products they offer for sale on the Internet are "new," yet the products actually sold by Defendants and received by consumers are in "used," rather than "new" condition.

44.     Defendants are offering for sale "new" ZAGG Product on the Internet, including, but not limited to, Amazon.com, but fulfilling the orders to consumers with used ZAGG Products previously sold to wireless carriers and later purchased by Defendants at liquidation.  Such liquidation products have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendants advertise.

45.     For example, ZAGG Products purchased from Defendants were received in damaged and/or opened condition:






46.     Moreover, Defendants represent that the ZAGG Products they offer for sale on Amazon.com are "new," yet Defendants are prohibited from selling "new" ZAGG Products on Amazon.com.

47.     Amazon's announced Terms and Conditions[4] require that "new" products carry the manufacturer's warranty:

---

### General condition guidelines

The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:

**New:**

Just like it sounds. A brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

---

48.     Because Defendants are not authorized to sell ZAGG Products, the ZAGG Warranty excludes products sold by Defendants.  The ZAGG Products offered for sale and sold by Defendants are not covered—and cannot be covered—by the ZAGG Warranty.

49.     Pursuant to its terms, the ZAGG Warranty "do[es] not apply to products purchased from unauthorized resellers" and notes that "[m]any resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG products."

50.     Because Defendants' ZAGG Products are not covered by the ZAGG Warranty, the ZAGG Products advertised and offered for sale by Defendants are not in "new" condition pursuant to Amazon's Terms and Conditions, as advertised.

51.     In addition to Defendants' false advertising on the Internet, Defendants are offering for sale and selling non-genuine, counterfeit ZAGG Products to consumers.

52.     In an effort to hide Defendants' nefarious acts, Defendants are selling ZAGG Products with the serial number intentionally covered and/or damaged.

---

[4] https://sellercentral.amazon.com/help/hub/reference/external/200339950.

53. ZAGG Products sold by ZAGG or its Authorized Internet Resellers are marked with an e-fingerprint encoded into the UPC barcode, which serves as a unique serial number. The serial number is unique to each ZAGG Product and traceable.

54. Purchases of ZAGG Products made from Defendants revealed that Defendants covered and damaged the serial numbers on the product packaging.  For example:

**Defendants' Label on ZAGG Product**



**ZAGG's Serial Number and Warning Disclaimer Uncovered Behind Defendant's Label**



56.     Another example is depicted below:



57.     Critically, by intentionally covering the serial numbers on ZAGG Products, Defendants permanently mutilate the packaging of the ZAGG Products, as the serial numbers are often unreadable and ineffective even after removal of the sticker covering.  As such, covering and damaging the serial number interferes with ZAGG's ability to authenticate ZAGG Products.

58.     ZAGG typically does not sell any products with the serial number removed.

59.     Accordingly, the ZAGG Products Defendants offer for sale and sell with serial numbers intentionally covered and/or damaged are non-genuine, counterfeit ZAGG Products.

60.     ZAGG places serial numbers on each unit of ZAGG Products to assist with quality assurance, authentication, anti-counterfeiting, and as an anti-theft measure.  Similarly, the use of serial numbers allows ZAGG to take corrective action or conduct targeted recalls should issues with products arise.

61.     Furthermore, as shown above, Defendants are also covering and damaging the California Proposition 65 warning labels and legal disclaimers that ZAGG places and incorporates on its product packaging.

62.     By offering ZAGG Products to consumers with California Proposition 65 warning labels and legal disclaimers covered and damaged, Defendants endanger the health and safety of ZAGG's consumers, who, therefore, may not be aware of potential health risks.

63.     By offering ZAGG Products to consumers with Proposition 65 warning labels and legal disclaimers covered and damaged, Defendants cause ZAGG Products to enter the stream of commerce that do not comply with applicable state and federal regulations, creating product liability exposure for ZAGG, as well as damage to ZAGG's goodwill and reputation.

64.     ZAGG does not sell any products without required warning labels and disclaimers.

65.     Accordingly, the ZAGG Products Defendants offers for sale and sells with warning labels covered and/or damaged are non-genuine ZAGG Products.

66.     ZAGG's consumers expect quality high-end products and Defendants' covering and damage of serial numbers and warning labels on the ZAGG Products Defendants offer for sale and sell and resulting mutilation of ZAGG's product packaging degrades the ZAGG Products in ways that are significant to the consuming public.

67.     Defendants' resale of ZAGG Products with serial numbers and warning labels intentionally covered and mutilated product packaging results in a poor brand experience and harms ZAGG's reputation as customers likely believe that it is ZAGG that caused this harm to the product packaging.

68.     Defendants intentionally advertise and sell ZAGG Products in ways that are likely to deceive consumers and create consumer confusion.  ZAGG has contacted Defendants previously

regarding the ZAGG Authorized Internet Reseller Network and Defendants' false advertising and other improper conduct.

69.    ZAGG notified Defendants of their trademark counterfeiting and infringement, false advertising, and other improper conduct on multiple occasions, including, but not limited to, by letter to counsel for Defendants dated September 14, 2022.  ZAGG did not receive a response to its September 14, 2022 letter.

70.    Defendants' continued advertisement, display, and sale of ZAGG Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, ZAGG and its relationships with consumers and its Authorized Internet Resellers.

**C.    Likelihood of Confusion and Injury Caused by Defendants' Actions**

71.    Defendants' actions substantially harm ZAGG by placing falsely advertised, unwarranted, and non-genuine ZAGG Products into the stream of commerce in the United States.

72.    Defendants' false advertising of used, liquidation ZAGG Products as "new" on the Internet, including, but not limited to, on Amazon.com, is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

73.    Defendants' false advertising of ZAGG Products without the corresponding ZAGG Warranty as "new" on the Internet, including, but not limited to on Amazon.com, is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

74.     Defendants' sale of ZAGG Products bearing the ZAGG Marks with covered and/or damaged serial numbers and warning labels is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

75.     Defendants' actions substantially harm ZAGG and consumers who ultimately purchase Defendants' used, unwarranted, and non-genuine ZAGG Products believing them to be new, warranted, genuine ZAGG Products.  Defendants' actions cause consumers to not receive a new, warranted, genuine product as he or she intended.

76.     Defendants' actions substantially harm ZAGG's goodwill and reputation when consumers learn that the ZAGG Products they have purchased are 1) used ZAGG Products purchased by Defendants at liquidated; 2) not genuine with serial numbers and warning labels covered and/or damaged; and 3) not protected by the ZAGG Warranty.

77.     Defendants' conduct results in consumer confusion as well as the dilution of ZAGG's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

78.     The harm being caused by the Defendants in this case is not theoretical.  Purchasers on Amazon.com have repeatedly complained about Defendants' false and misleading advertisements.   Specifically, consumers have complained about products advertised by Defendants:

> ⭐☆☆☆☆    "This is a counterfeit product."
>
> By Robert n Florida on December 11, 2017.

> ⭐☆☆☆☆   "I just received a used unit with someone's pubic hair in it, no less. Disgusting! This was supposed to be new. Seller was Mac N' Cheese - "
> By Yuniverse on December 9, 2022.

> ⭐☆☆☆☆   "Not entirely sure how this item left the seller, but it delivered to my front porch broken and shrink wrapped/packing taped, no box. "
> By Macksmom on December 14, 2020.

79.     Defendants' conduct as described herein results in the lessening of sales of authorized and properly advertised ZAGG products to the detriment of ZAGG.

80.     As a result of Defendants' actions, ZAGG is suffering the loss of the enormous goodwill it created in the ZAGG Marks.

81.     Defendants continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ZAGG's irreparable harm.

## COUNT I

### Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114

82.     ZAGG hereby realleges each and every allegation contained in Paragraphs 1-81 as if fully set forth herein.

83.     This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

84.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of ZAGG, of a reproduction, counterfeit, copy, or colorable imitation of the ZAGG Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringes ZAGG's rights in the ZAGG Marks, all in violation of the Lanham Act.

85.     Defendants have used, and continue to use, the ZAGG Marks in the sale of ZAGG Products that are non-genuine and lacking serial numbers and warning labels.

86.     Defendants have used, and continue to use, the ZAGG Marks in the sale of ZAGG Products that have serial numbers removed.  ZAGG typically does not sell any products with the

serial number removed. Therefore, the ZAGG Products sold by Defendants are not genuine ZAGG Products, such as those offered or sold by ZAGG.

87.     Defendants have used, and continue to use, the ZAGG Marks in the sale of ZAGG Products that have warning labels covered and/or damaged.  ZAGG typically does not sell any products without required warning labels. Therefore, the ZAGG Products sold by Defendants are not genuine ZAGG Products, such as those offered or sold by ZAGG.

88.     Defendants' use of the counterfeit versions of the ZAGG Marks in the advertisement or sale of non-genuine products is willful, intentional, and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

89.     Defendants' use of the ZAGG Marks in the advertisement or sale of non-genuine products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

90.     Defendants' counterfeiting and infringing activities are likely to cause, are actually causing, and are willful and intended to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting and infringement under 15 U.S.C. § 1114(1)(b).

91.     As a direct and proximate result of Defendants' actions, ZAGG has been, and continues to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby, and, unless their conduct is enjoined, ZAGG's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

92.     As a direct and proximate result of Defendants' actions, ZAGG has suffered substantial damages.  ZAGG is entitled to an injunction and to recover Defendants' profits, all damages sustained by ZAGG, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

93.     As a direct and proximate result of Defendants' acts of willful trademark counterfeiting, ZAGG is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants.

## <u>COUNT II</u>
### Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

94.     ZAGG hereby realleges each and every allegation contained in Paragraphs 1-81 as if fully set forth herein.

95.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

96.     ZAGG engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ZAGG Marks, throughout the United States.

97.     The ZAGG Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ZAGG products and services.

98.     By selling or distributing products using the ZAGG Marks as alleged herein, Defendants are engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to ZAGG and its goods and services in violation of 15 U.S.C. § 1125(a).

99.     By advertising or promoting products using the ZAGG Marks as alleged herein, Defendants are misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

100.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

101.     By selling and advertising products under the ZAGG Marks as alleged herein, ZAGG is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

102.     As a direct and proximate result of Defendants' actions, ZAGG has been, and continues to be, damaged by Defendants' activities and conduct.   Defendants have profited thereby, and unless its conduct is enjoined, ZAGG reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT III**
**Piercing the Corporate Veil and Alter Ego Liability**
**(Against Defendants TX Trading and DVG Trade)**

103.     ZAGG hereby realleges each and every allegation contained in Paragraphs 1-81 as if fully set forth herein.

104.     This is a count for piercing the corporate veil.

105.     Upon information and belief, Defendant Ichilevici exercised dominion and control over DVG Trade and TX Trading such that their independent identity is non-existent and DVG Trade and TX Trading are merely alter egos of Defendant Ichilevici.

106.     Upon information and belief, Defendant Ichilevici, by and through DVG Trade and TX Trading, owns and operates the Amazon Seller Account "Mac N' Cheese" (Amazon Seller ID A2HKJDSYFUXLQL), through which Defendants advertise and sell ZAGG Products.

107.    Upon information and belief, DVG Trade and TX Trading are sham corporations used by Defendant Ichilevici to carry out the infringing and otherwise improper conduct described herein.

108.    Upon information and belief, Defendants DVG Trade and TX Trading were created to carry out the infringing and otherwise improper conduct alleged herein, and Defendant Ichilevici has used DVG Trade and TX Trading to perpetuate the infringing and improper conduct alleged herein.

109.    Upon information and belief, Defendant Ichilevici failed to operate DVG Trade and TX Trading independently or abide by corporate formalities, such that DVG Trade and TX Trading merely serve as the alter egos of Defendant Ichilevici. For example, DVG Trade and TX Trading appear to be operated out of the same Florida residence of Beny Ichilevici, who, upon information and belief, is related, associated, or otherwise affiliated with Defendant Ichilevici.

110.    Upon information and belief, Defendant Ichilevici commingled DVG Trade's and TX Trading's money with his own money.  For example, Defendant Ichilevici operated the "Mac N' Cheese" Amazon Seller Account prior to the formation of DVG Trade.

111.    Accordingly, the corporate form and legal distinction of DVG Trade and TX Trading should be disregarded, and a judgment against DVG Trade and TX Trading constitutes a judgment against Defendant Ichilevici.

## RELIEF REQUESTED

**WHEREFORE**, ZAGG prays for judgment in its favor and against Defendants providing the following relief:

A.    Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendants, including, but not limited to, any online

platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    a.    using, or attempting to use, any of ZAGG's intellectual property, including, but not limited to, the ZAGG Marks;

    b.    acquiring, or taking any steps to acquire, any ZAGG Products;

    c.    selling, or taking any steps to sell, any ZAGG Products;

    d.    engaging in any activity constituting unfair competition with ZAGG; and

    e.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B.    Award ZAGG its actual damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

C.    Award ZAGG Defendants' profits as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

D.    Enter judgment that Defendants' acts of infringement have been knowing and willful;

E.    Award ZAGG statutory damages in an amount not to exceed two million dollars ($2,000,000.00) per mark for each of the marks which Defendants have counterfeited, as authorized by 15 U.S.C. § 1117(c)(2);

F.    Award ZAGG its reasonable attorneys' fees in bringing this action as allowed by law;

G.    Award ZAGG pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.    Award ZAGG the costs incurred in bringing this action;

I.        Award ZAGG other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

ZAGG hereby requests trial by jury on all claims so triable.

Dated:  March 31, 2023                    Respectfully submitted,

*/s/ Mallory M. Cooney*
Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L GATES LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone:  305.539.3300
Fax:  305.358.7095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 31st day of March 2023.

*/s/ Mallory M. Cooney*
MALLORY M. COONEY

**SERVICE LIST**

Geofffrey M. Cahen, Esq.
geoff@cahenlaw.com
CAHEN LAW, P.A.
1900 Glades Road, Suite 270
Boca Raton, Florida 33431
Tel. No.: (561) 922-0430

*Counsel for Defendant TX Trading Inc.*