**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:23-cv-20304-RKA

ZAGG INC.,

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI,
TX TRADING INC., and
DVG TRADE LLC,

        Defendants.
_____/

DVG TRADE LLC,

        Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

        Counterclaim-Defendants.
_____/

**DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

        Defendants Menachem Mendel Ichilevici ("Ichilevici") and DVG Trade LLC ("DVG")

(collectively, "Defendants"), by and through their undersigned counsel, and for their Answer,

Affirmative Defenses and Counterclaims to Plaintiff Zagg, Inc.'s ("Plaintiff") Second Amended

Complaint (the "Complaint"), respectfully set forth as follows:[1]

---

[1] Defendants deny each and every heading and sub-heading in the Complaint to the extent it contains any allegations.

## NATURE OF THIS ACTION

1.      In response to Paragraph No. 1 of the Complaint, Defendants admit Plaintiff claims to be seeking injunctive relief and monetary damages but deny it has committed any "trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq."

2.      Defendants deny the allegations contained in Paragraph No. 2 of the Complaint.

3.      Defendants deny the allegations contained in Paragraph No. 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph No. 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph No. 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph No. 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph No. 7 of the Complaint.

## JURISDICTION AND VENUE

8.      In response to Paragraph No. 8 of the Complaint, Defendants admit this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) but deny any liability and deny that Plaintiff is entitled to the relief that it seeks.

9.      Defendants admit this they are subject to the jurisdiction of this Court and reside in this District, but otherwise deny the allegations contained in Paragraph No. 9 of the Complaint.

10.     Defendants do not dispute venue is proper in this District because they reside here but otherwise deny the allegations contained in Paragraph No. 10 of the Complaint.

## PARTIES

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the Complaint, and therefore deny them.

12.     Defendant Ichilevici admits that he resides in Florida and does business and has done business and sold products, including ZAGG Products, to customers within the State of

Florida and this District through various online commerce sites, including, but not limited to, Amazon.com. Defendants otherwise deny the allegations contained in Paragraph No. 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint, and therefore deny them.

14.     Defendant DVG admits it is a Wyoming company and does business in Florida  and has done business and sold products, including ZAGG Products, to customers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com. Defendants otherwise deny the allegations contained in Paragraph No. 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph No. 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph No. 16 of the Complaint.

17.     Defendants admit the allegations contained in Paragraph No. 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph No. 18 of the Complaint.

19.     Defendants admit that the Wyoming Secretary of State's records indicate that DVG was "filed: May 9 2022", as shown in the screenshot provided.  Defendants otherwise deny the allegations contained in Paragraph No. 19 of the Complaint.

20.     Defendants deny that there was any "infringing and otherwise improper conduct carried out through the "Mac N' Cheese" Amazon Seller Account." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the Complaint, and therefore deny them.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21 of the Complaint, and therefore deny them.

22.     Defendants admit that Beny Ichilevici and Menachem Ichilevici are familially related.   Defendants deny the remaining allegations contained in Paragraph No. 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph No. 23 of the Complaint.

## FACTS

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 of the Complaint, and therefore deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the Complaint, and therefore deny them.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 of the Complaint, and therefore deny them.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 of the Complaint, and therefore deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Complaint, and therefore deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 29 of the Complaint, and therefore deny them.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 30 of the Complaint, and therefore deny them.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Complaint, and therefore deny them.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32 of the Complaint, and therefore deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33 of the Complaint, and therefore deny them.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34 of the Complaint, and therefore deny them.

35.     Defendants admit that Plaintiff is not affiliated with Defendants, but Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph No. 35 of the Complaint, and therefore deny them.

36.     Defendants deny that "ZAGG has never authorized or otherwise granted Defendants permission to sell ZAGG Products" or that they require Plaintiff's authorization to sell ZAGG Products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 36 of the Complaint, and therefore deny them.

37.     Defendants admit that they have sold Zagg Products, including through the "Mac N' Cheese" storefront on Amazon. Defendants deny the remaining allegations contained in Paragraph No. 37 of the Complaint.

38.     Defendants admit that they have sold Zagg Products over the internet, and such products bear the ZAGG Marks.  Defendants deny the remaining allegations contained in Paragraph No. 38 of the Complaint.

39.     Defendants admit that Paragraph No. 39 includes a screenshot of an Amazon catalog page on which Defendants have offered a product for sale.  Defendants deny the remaining allegations contained in Paragraph No. 39 of the Complaint.

40.     Defendants admit that they have offered Zagg Products for sale on Amazon in accordance with Amazon's policies and guidelines, including in New conditions.  Defendants deny the remaining allegations contained in Paragraph No. 40 of the Complaint.

41.     Defendants admit that a partial screenshot from the "Mac N' Cheese" storefront is provided in Paragraph No. 41 of the Complaint.  The text within the partial screenshot states: "Mac N' Cheese is here to support you throughout the purchase process. We guarantee a seamless transaction and stand behind the products we sell.  We guarantee that all our merchandise is 100% Authentic and is accurately described. If you have any concerns, please contact us and we will make it right." Defendants deny the remaining allegations contained in Paragraph No. 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph No. 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph No. 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph No. 44 of the Complaint.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint, and therefore deny them.

46.     Defendants deny the allegations contained in Paragraph No. 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph No. 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph No. 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 of the Complaint, and therefore deny them.

50.     Defendants deny the allegations contained in Paragraph No. 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph No. 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph No. 52 of the Complaint.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint, and therefore deny them.

54.     Defendants deny the allegations contained in Paragraph No. 54 of the Complaint.

55.     The Complaint does not include a Paragraph No. 55.

56.     Defendants deny the allegations contained in Paragraph No. 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph No. 57 of the Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58 of the Complaint, and therefore deny them.

59.     Defendants deny the allegations contained in Paragraph No. 59 of the Complaint.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 of the Complaint, and therefore deny them.

61.     Defendants deny the allegations contained in Paragraph No. 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph No. 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph No. 63 of the Complaint.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 64 of the Complaint, and therefore deny them.

65.     Defendants deny the allegations contained in Paragraph No. 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph No. 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph No. 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph No. 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph No. 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph No. 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph No. 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph No. 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph No. 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph No. 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph No. 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph No. 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph No. 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph No. 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph No. 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph No. 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph No. 81 of the Complaint.

## COUNT I
### (Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114)

82.     Defendants repeat and incorporates its responses to Paragraph Nos. 1-81 of the Complaint as if fully set forth herein.

83.     Paragraph No. 83 of the Complaint contains legal and/or factual conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in this paragraph.

84.     Defendants deny the allegations contained in Paragraph No. 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph No. 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph No. 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph No. 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph No. 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph No. 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph No. 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph No. 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph No. 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph No. 93 of the Complaint.

## COUNT II
### (Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

94.     Defendants repeat and incorporates its responses to Paragraph Nos. 1-81 of the Complaint as if fully set forth herein.

95.     Paragraph No. 95 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 96 of the Complaint, and therefore deny them.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 97 of the Complaint, and therefore deny them.

98.     Defendants deny the allegations contained in Paragraph No. 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph No. 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph No. 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph No. 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph No. 102 of the Complaint.

## COUNT III
### (Piercing the Corporate Veil and Alter Ego Liability)

103.    Defendants repeat and incorporates its responses to Paragraph Nos. 1-81 of the Complaint as if fully set forth herein.

104.    Paragraph No. 104 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

105.    Defendants deny the allegations contained in Paragraph No. 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph No. 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph No. 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph No. 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph No. 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph No. 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph No. 111 of the Complaint.

## DEFENSES

Defendant sets forth below its affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

As separate and distinct affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or one or more of the claims set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by their failure to bring suit against any actual alleged infringers of its marks and other necessary and indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any damages for which the Defendants are responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, because if Plaintiff has been damaged, it is the result of its own conduct or the conduct of third parties, for which Defendant is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by trademark misuse.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by license.  On information and belief, Plaintiff has granted Amazon an irrevocable license to use the asserted trademarks on the Amazon catalog pages (i.e., ASINs) at issue and to sub-license such trademarks to third-party resellers, like Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Defendant therefore reserves its right to supplement or amend these defenses as discovery is conducted, and it does not knowingly or intentionally waive any applicable defense.

### JURY DEMAND

Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A.      That Plaintiff takes nothing by reason of its Complaint;

B.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

C.      For judgment in favor of Defendants on Plaintiff's Complaint;

D.      For attorneys' fees and costs incurred to the extent permitted by law; and

E.      For such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

The Defendant/Counterclaim Plaintiff DVG Trade LLC ("DVG"), through its counsel, hereby files counterclaims against the Plaintiff/Counterclaim Defendants ZAGG Inc. ("Zagg"), Screenya, LLC ("Screenya"), Merril Longmore ("Longmore"), and Brandon Buckner ("Buckner") (collectively, "Counterclaim-Defendants") as follows:

## THE PARTIES

1.      DVG is a Wyoming limited liability company with a place of business in Miami, Florida.

2.      On information and belief, Zagg is a Delaware corporation with its principal place of business located at 910 Legacy Center Way #500, Midvale, Utah 84047.

3.      On information and belief, Screenya is a Delaware limited liability company and has an address at 12337 S Mason View Circle, Riverton, Utah 84065.

4.      On information and belief, Buckner is an individual that resides at 12337 S Mason View Circle, Riverton, Utah 84065.

5.      On information and belief, Buckner is Zagg's former Tax Director and directed and facilitated Screenya's operation from his home in Riverton, Utah.

6.      On information and belief, Longmore is an individual that resides at 8294 Van Buren St, Midvale, Utah 84047.

7.      On information and belief, Longmore is Zagg's Director of Ecommerce.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as

amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9.      This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the Counterclaim Plaintiff DVG and the Counterclaim-Defendants and the amount in controversy is greater than $75,000.

10.      This Court has personal jurisdiction over Zagg because it has subjected itself to the jurisdiction of this Court for purposes of these counterclaims, and because it transacts business within the State of Florida, and has committed tortious acts causing injury within the State of Florida.

11.      This Court possesses specific personal jurisdiction over Counterclaim-Defendants (including under the Florida statute, Chapter 48 Section 193) because they committed a tortious injury in Florida.

12.      Both Zagg and Screenya regularly, systematically, and continuously solicit business within Florida and within this District via their respective websites (including Amazon storefront), through which they sale and offer for sale products that compete with DVG.

13.      Counterclaim-Defendants have established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being called into court in this District, and have purposefully directed their defamatory statements and unlawful acts at residents of Florida and this District.

14.      With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **BACKGROUND FACTS**

15.     Zagg is in the business of manufacturing and distributing mobile phone accessories, including protective cases, screen protectors and chargers ("Zagg Products").

16.     Zagg is the registrant of U.S. Trademark Serial No. 4140986 for the mark INVISIBLE SHIELD ("the Zagg Registration").

17.     Zagg was formed in 2005 (as InvisibleShield) and was listed on the NASDAQ market in 2009.

18.     In 2021, after struggling financially, Zagg was delisted from NASDAQ as it was acquired by a buyer group led by the holding company Evercel Inc.

19.     Desperate to turn around the company, Zagg's new owner devised an unlawful scheme to manipulate and control the pricing for, and distribution of, Zagg Products, including on the Amazon.com marketplace.

20.     As discussed below, Zagg's scheme sought, *inter alia*: (1) to eliminate third-party sellers on the Amazon marketplace through false intellectual property complaints and sham litigation; and (2) fraudulently and artificially inflate the pricing of Zagg Products through shell companies and "shill bidding."

21.     On information and belief, Zagg's Director of Ecommerce, Merril Longmore, boasted publicly about these schemes, seeking to intimidate and harass third-party sellers on the Amazon marketplace, such that they would cease selling Zagg Products.

22.     For example, in September 2022 a member of an Amazon seller's group was informed by a Zagg employee—believed to be Merril Longmore—that Zagg's "new owner" (i.e., Evercel) planned "to throw everyone off the [Amazon] listings and sell themselves":

> 10   From a concerned ASGTG member: "UPDATE- so I just spoke to the brand director at zagg.... They told me that they have a new owner of the company and their strategy is to throw everyone off the listings and sell themselves. Everyone beware as they said they are going to get aggressive. If you have a zagg deal your about to take I would not do it if I were you. This applies to all their child brands as well such as mophie gear4 etc..."

https://www.asgtg.com/asgtg-jewelry-merchants-beg-suits-4-help-zagg-warning-internal-resolver-team/ (last accessed April 21, 2023).

23.     DVG is in the business of lawfully acquiring and re-selling various consumer products for a profit.

24.     DVG resells products through an Amazon storefront.

25.     Since its formation, DVG's Amazon storefront has served hundreds of thousands of customers.

26.     Counterclaim-Defendants' illegal actions have irreparably damaged, and threaten to destroy, DVG's successful business.

## Online Marketplaces

27.     On information and belief, Amazon is the world's largest online retailer.

28.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

29.     Amazon's online e-commerce platform relies on third parties, like DVG, to sell products on its e-commerce platform.

30.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

31.     At all relevant times, DVG has had a contractual and business relationship with Amazon, such that DVG was and is permitted to sell products on Amazon's e-commerce platform.

32.     Third-party sellers, like DVG, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product.

33.     A significant portion of DVG's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

34.     Once DVG acquires products from reputable sources, DVG resells the same products on Amazon at a profit.

35.     In general, transactions on DVG's Amazon storefront are completed by Amazon, whereby Amazon ships DVG's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

36.     DVG has invested significant efforts into building a successful and reputable Amazon storefront.

37.     DVG's Amazon storefront has amassed over four thousand reviews and holds a "100% positive" customer rating.

38.     A small sample of DVG's recent reviews are shown below:



**Mac N' Cheese**

Visit the Mac N' Cheese storefront

★★★★★  |  **100% positive** in the last 12 months (1458 ratings)



39.     Any harm that comes to the relationship between DVG and Amazon creates the potential for serious and irreparable injury to DVG.

**COUNTERCLAIM-DEFENDANTS ATTEMPT TO STIFLE COMPETITION
BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

40.     On information and belief, Counterclaim-Defendants seek to increase Zagg's profits by controlling the distribution and pricing of Zagg Products through unlawful means.

41.     As demonstrated below, Counterclaim-Defendants have engaged in a coordinated effort to preclude select third-parties from reselling Zagg Products on online marketplaces by false allegations of intellectual property infringement and defamation.

42.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent DVG from selling genuine Zagg Products on Amazon.

43.     On information and belief, the purpose of these false complaints was to damage DVG's reputation and goodwill, such that Amazon would suspend or terminate its relationship with DVG.

44.     Because DVG sells only genuine products through its Amazon storefront in accordance with the laws and Amazon's policies, Counterclaim-Defendants have no legitimate intellectual property claim(s) against DVG.

45.     Under the first sale doctrine, DVG is lawfully permitted to re-sell Zagg Products without violating the intellectual property rights or other legal rights of Counterclaim-Defendants.

46.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

47.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

48.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified

marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018),

https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/         (emphasis

added).

49.    On information and belief, Counterclaim-Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

50.    On information and belief, Counterclaim-Defendants were, at all relevant times, aware that Amazon will act on reports that a product is infringing, regardless of the truth of the report.

51.    Counterclaim-Defendants filed, or direct their agents to file, complaints with Amazon that alleged that DVG was selling Zagg Products that infringed the Zagg Registration.

52.    Counterclaim-Defendants knew that such allegations were false.

53.    Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Counterclaim-Defendants.

54.    For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

55.    On information and belief, the false reports were signed under penalty of perjury by Merril Longmore.

### False Report #1 Relating to ASIN: B09C6QP7JS

56.    On or about April 19, 2022, Longmore, on behalf of Zagg, made a purchase from DVG's Amazon storefront for a "ZAGG InvisibleShield Glass Elite VisionGuard Screen Protector" being sold under ASIN: B09C6QP7JS.

57.    After receiving the above product, Longmore proceeded to file a false report of trademark infringement with Amazon.

58.    On or about April 27, 2022, DVG received a notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may violate the rights owner's intellectual property. The rights owner communication about the alleged violation and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner alleging that one or more of your listings may be violating the intellectual property rights of others. Listing content violating the intellectual property of others is against our policies.

We're here to help.
If you need help understanding how you may have violated the above intellectual property, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
-- An invoice, a valid order ID, or letter of authorization from the manufacturer or rights owner demonstrating that your use of the intellectual property is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- Merril
-- Brandprotection@zagg.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

If you do not provide the information within 60 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

ASIN: B09C6QP7JS
Violation type: Intellectual property (Product Detail Page, Product Packaging, Word Mark, Logo & Design)
 Intellectual property number: 4140986
Complaint ID: 9980620221

59.     Zagg and Longmore falsely reported to Amazon that the Zagg Product sold by DVG

infringed Zagg's rights in the Zagg Registration.

60.     Prior to filing the above report, Zagg and Longmore performed a test purchase and

knew that their statements to Amazon were false.

61.     Zagg and Longmore's allegation that the Zagg Product sold by DVG infringed

Zagg's rights in the Zagg Registration was knowingly false and made in bad faith.

62.     On information and belief, Zagg and Longmore were dissatisfied at the price at which DVG was offering the product on Amazon and sought remove DVG's ability to offer Zagg Products on Amazon.

63.     As a direct result of the false report, Amazon customers were left with no option except to purchase the product at a higher price, which resulted in increased profits for Zagg.

### False Report #2 Relating to ASIN: B08HDLH483

64.     On or about May 9, 2022, Longmore, on behalf of Zagg, made a purchase from DVG's Amazon storefront for a "ZAGG InvisibleShield Glass Elite VisionGuard+ Screen Protector" being sold under ASIN: B08HDLH483.

65.     After receiving the above product, Longmore proceeded to file a false report of trademark infringement with Amazon.

66.     On or about May 11, 2022, DVG received a notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner alleging that one or more of your listings may be infringing the intellectual property rights of others. Listing content infringing on the intellectual property of others is against our policies.

We're here to help.
If you need help understanding how you may have infringed the above trademark, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
-- An invoice, a valid Order ID, or letter of authorization from the manufacturer or Rights Owner demonstrating that your use of the trademark is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- Brand Protection
-- brandprotection@zagg.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

If you do not provide the information within 60 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

Rights owner communication: We purchased the product. The product we received is the wrong product and may cause consumer confusion.
ASIN: B08HDLH483
Infringement type: Trademark (Product Detail Page, Product Packaging, Word Mark, Logo & Design)
Trademark number: 4140986
Complaint ID: 10050893801

67.     Zagg and Longmore falsely reported to Amazon that the "product we received is the wrong product[.]"

68.     Zagg and Longmore falsely reported to Amazon that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration.

69.     Prior to filing the above report, Zagg and Longmore performed a test purchase and knew that their statements to Amazon were false.

70.     Zagg and Longmore's allegation that the above Zagg Product sold by DVG was "the wrong product" was knowingly false and made in bad faith.

71.     Zagg and Longmore's allegation that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration was knowingly false and made in bad faith.

72.     On information and belief, Zagg and Longmore were dissatisfied at the price at which DVG was offering the product on Amazon and sought remove DVG's ability to offer Zagg Products on Amazon.

73.     As a direct result of the false report, Amazon customers were left with no option except to purchase the product at a higher price, which resulted in increased profits for Zagg.

### False Report #3 Relating to ASIN: B09C6R8QHP

74.     On or about December 19, 2022, Longmore, on behalf of Zagg, made a purchase from DVG's Amazon storefront for a "ZAGG InvisibleShield Glass Elite VisionGuard Screen Protector" being sold under ASIN: B09C6R8QHP.

75.     After receiving the above product, Longmore, on behalf of Zagg, proceeded to file a false report of trademark infringement with Amazon.

76.     On or about December 23, 2022, DVG received a notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may violate the rights owner's intellectual property. The rights owner communication about the alleged violation and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner alleging that one or more of your listings may be violating the intellectual property rights of others. Listing content violating the intellectual property of others is against our policies.

We're here to help.
If you need help understanding how you may have violated the above intellectual property, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
-- An invoice, a valid order ID, or letter of authorization from the manufacturer or rights owner demonstrating that your use of the intellectual property is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- brand protection
-- brandprotection@zagg.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

If you do not provide the information within 60 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

Rights owner communication: We purchased the product. The product we received is the wrong product and may cause consumer confusion.
ASIN: B09C6R8QHP
Violation type: Intellectual property (Product Detail Page, Word Mark)
Intellectual property number: 4140986
Complaint ID: 11575117091

77.     Zagg and Longmore falsely reported to Amazon that the "product we received is the wrong product[.]"

78.     Zagg and Longmore falsely reported to Amazon that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration.

79.     Prior to filing the above report, Zagg and Longmore performed a test purchase and knew that their statements to Amazon were false.

80.     Zagg and Longmore's allegation that the above Zagg Product sold by DVG was "the wrong product" was knowingly false and made in bad faith.

81.     Zagg and Longmore's allegation that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration was knowingly false and made in bad faith.

82.     On information and belief, Zagg and Longmore were dissatisfied at the price at which DVG was offering the product on Amazon and sought remove DVG's ability to offer Zagg Products on Amazon.

83.     As a direct result of the false report, Amazon customers were left with no option except to purchase the product at a higher price, which resulted in increased profits for Zagg.

### False Report #4 Relating to ASIN: B09C7DK9DC

84.     On or about December 28, 2022, Longmore, on behalf of Zagg, made a purchase from DVG's Amazon storefront for a "ZAGG InvisibleShield Glass Elite Plus with D3O Screen Protector" being sold under ASIN: B09C7DK9DC.

85.     After receiving the above product, Longmore, on behalf of Zagg, proceeded to file a false report of trademark infringement with Amazon.

86.     On or about January 5, 2023, DVG received a notice from Amazon stating as follows:

Hello ,

We removed some of your listings because we received a report from a rights owner that they may violate the rights owner's intellectual property. The rights owner communication about the alleged violation and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner alleging that one or more of your listings may be violating the intellectual property rights of others. Listing content violating the intellectual property of others is against our policies.

We're here to help.
If you need help understanding how you may have violated the above intellectual property, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
-- An invoice, a valid order ID, or letter of authorization from the manufacturer or rights owner demonstrating that your use of the intellectual property is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: jpeg, jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- Brand Protection
-- Brandprotection@zagg.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

If you do not provide the information within 60 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

Rights owner communication: We purchased the product. The product we received is the wrong product and may cause consumer confusion.
ASIN: B09C7DK9DC
Violation type: Intellectual property ( Product Packaging)
Intellectual property number:4140986
Complaint ID: 11678519851

87.    Zagg and Longmore falsely reported to Amazon that the "product we received is the wrong product[.]"

88.    Zagg and Longmore falsely reported to Amazon that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration.

89.     Prior to filing the above report, Zagg and Longmore performed a test purchase and knew that their statements to Amazon were false.

90.     Zagg and Longmore's allegation that the above Zagg Product sold by DVG was "the wrong product" was knowingly false and made in bad faith.

91.     Zagg and Longmore's allegation that the Zagg Product sold by DVG infringed Zagg's rights in the Zagg Registration was knowingly false and made in bad faith.

92.     On information and belief, Zagg and Longmore were dissatisfied at the price at which DVG was offering the product on Amazon and sought remove DVG's ability to offer Zagg Products on Amazon.

93.     As a direct result of the false report, Amazon customers were left with no option except to purchase the product at a higher price, which resulted in increased profits for Zagg.

94.     As discussed herein, Counterclaim-Defendants' false reports are part and parcel of their scheme to unlawfully remove competition and inflate prices for Zagg Products.

### COUNTERCLAIM-DEFENDANTS VIOLATE AMAZON'S POLICIES AND ENGAGE IN PRICE MANIPULATION

### Counterclaim-Defendants Created a Fraudulent Amazon Storefront in Violation of Amazon's Policies

95.     Zagg is a vendor of Zagg Products to Amazon.  In other words, Zagg supplies Zagg Products to Amazon on a wholesale basis and Amazon lists the products on its marketplace.

96.     As an Amazon vendor, Zagg cannot dictate the prices that Amazon will charge retail customers.

97.     Rather, Amazon uses an algorithm to dynamically price the Zagg Products that it sells.

98.     When a third-party seller lists a Zagg Product at a price lower than the price at which Amazon is selling the Zagg Product, Amazon's algorithms may lower the retail price to

match the third-party seller.  In turn, Amazon may demand a lower wholesale price from Zagg for Zagg Products.

99.      In order to prevent brand owners, like Zagg, from manipulating its pricing Algorithms, Amazon expressly prohibits brand owners that sell products directly to Amazon (for resale by Amazon to retail customer) from also selling the same products as a third-party (to Amazon retail customers).

100.     Specifically, Amazon's policies state that "if any of the Brand's products are sold by Amazon via Amazon retail, the Brand may not sell those products via Seller Central in the Amazon store":

## Standards for Brands Selling in the Amazon Store

Amazon obsesses over providing our customers the best possible shopping experience. Since the inception of our store, one way we have ensured a great customer experience is by sourcing products directly from Brands and selling them to customers in our store ourselves. In order to preserve that customer experience, we may choose to source products from some Brands for sale by Amazon only. Other Brands can operate as sellers in the Amazon store if they can consistently maintain our standards for customer experience. However, to prevent customer confusion, if any of the Brand's products are sold by Amazon via Amazon retail, the Brand may not sell those products via Seller Central in the Amazon store.

https://sellercentral.amazon.com/help/hub/reference/external/G201797950?locale=en-US      (last accessed April 25, 2023).

101.     On information and belief, Counterclaim-Defendants were aware of the above Amazon policy.

102.     Nevertheless, Counterclaim-Defendants devised a scheme to evade Amazon's policies and prevent fair competition in the marketplace.

103.     On information and belief, on or about May 10, 2022, Zagg formed Screenya as a Delaware company.

104.     On information and belief, in order to obscure Zagg's ownership of Screenya, Zagg, Longmore and Buckner, registered Screenya using Buckner's home address.

105.     On information and belief, after forming Screenya, Counterclaim-Defendants created a storefront on Amazon having the name "Screenya," which was assigned Merchant ID: AJK3SJQRH914T by Amazon.

106.     When setting up the Screenya storefront, Counterclaim-Defendants entered Buckner's home address as Screenya's place of business.

107.     Shown below is a screenshot showing the "Detailed Seller Information" from the Screenya storefront webpage:

**Detailed Seller Information**

Business Name: Screenya, LLC
Business Address:
   12337 S Mason View Circle
   RIVERTON
   UT
   84065
   US

https://www.amazon.com/sp?ie=UTF8&seller=AJK3SJQRH914T (last accessed April 25, 2023).

108.     The homepage for the Screenya storefront makes no mention that the storefront is owned by, or affiliated with, Zagg.

### Counterclaim-Defendants Use Their Screenya Storefront to Fraudulently Manipulate Amazon's Pricing Algorithms

109.     As explained above, Amazon's pricing algorithms seek to match or beat the prices at which products are offered for sale by third-party sellers.

110.    As explained above, Amazon's polices prohibit Zagg from selling Zagg Products as a third-party seller on the Amazon marketplace.

111.    The Amazon selling policy described above expressly identifies the entities covered by the policy:

## Who does this policy apply to?

This policy applies to Brands and manufacturers, as well as their agents, licensees, and other representatives selling on their behalf in the Amazon store.

https://sellercentral.amazon.com/help/hub/reference/external/G201797950?locale=en-US    (last accessed April 25, 2023).

112.    Amazon's policies prohibit "Brands and manufacturers, as well as their agents, licensees, and other representatives selling on their behalf in the Amazon store" from operating as third-party sellers because it would allow brands owners and manufactures to unfairly manipulate pricing.

113.    Counterclaim-Defendants created the Screenya storefront on Amazon to avoid the above Amazon policies and deceptively "bid up" the retail prices for Zagg Products.

114.    For example, Amazon ASIN: B0B9CKXJ84 lists a "ZAGG InvisibleShield Glass XTR2 Screen Protector":



115.    As shown above, Amazon offers the screen protector at a price of $34.99 to retail customers.

116.    In an effort to "bid up" the price of this product, Counterclaim-Defendants list the same for sale through their "Screenya" storefront at an inflated price (i.e., $49.99):



117.    Counterclaim-Defendants seek to fool Amazon's algorithms into believing that the market price is higher than that at which Amazon is selling the product, while concealing the fact that Screenya is merely an alter ego of Zagg.

### Counterclaim-Defendants Use Their Screenya Storefront to Dispose of Damaged and Defective Merchandise

118.    In addition to using the Screenya storefront to manipulate pricing, Counterclaim-Defendants use the storefront as an outlet to dump used, damaged and defective products on unsuspecting Amazon customers.

119.    Counterclaim-Defendants sell, *inter alia*, products bearing Zagg Trademarks through the Screenya store, including MOPHIE, ZAGG AND GEAR4.

120.    Counterclaim-Defendants advertise products on the Screenya storefront, which competes with DVG's Amazon storefont.  However, Counterclaim-Defendants ship customers products that do not match the advertised product.

121.    As can be seen in the plethora of negative reviews, Amazon buyers routinely receive incorrect, incomplete and non-functioning products from Zagg's Screenya storefront:

★☆☆☆☆    "The screen protector that was delivered, was not the one that I ordered. It was for a different model, which was substantially smaller."

By Nikki on April 1, 2023.

★☆☆☆☆    "Did not come with cord for charging. Certain keys do not type. Total waste of $$"

By Judy G on March 31, 2023.

★☆☆☆☆    "Charger will not accept lightning cord. So cannot recharge. Would like to exchange for a new one which works."

By Lola on March 27, 2023.



122.   Test purchases from the Screenya storefront, likewise, confirmed that Zagg sells damaged, dirty and defective products through its Screenya storefront.

123.   As shown below, Counterclaim-Defendants sell a wireless charger on Amazon ASIN: B08H6L78PK:



124.    DVG also offers for sale a wireless charger on Amazon ASIN: B08H6L78PK and competes with Counterclaim-Defendants for sales:



125.    However, Counterclaim-Defendants do not compete fairly.

126.    Counterclaim-Defendants ship customers wireless charging pads in filthy, opened and damaged packaging:

**Open/Torn Packaging**



**Smashed Corners and Red Stains**



**Pen/Pencil Writing**



127.    Moreover, Counterclaim-Defendants allow the above product model to be "commingled" in Amazon's fulfillment centers with the inventory of other, unidentified, merchants.  As a result, Zagg has no control over the product that reaches consumers and fails to exercise any control over the quality of the products it distributes.

128.    Reputable merchants, like DVG, do not allow their products to be commingled with the inventory of unknown parties.

129.    As shown below, Counterclaim-Defendants sell a screen protector on Amazon ASIN: B0B9F9BP67:



130.    Counterclaim-Defendants ship customers the advertised screen protector in damaged packaging:

**<u>Crushed Packaging</u>**





131.    By using their Screenya storefront as an outlet for damaged and degraded merchandise, while purporting to offer the same product as DVG, Counterclaim-Defendants harm DVG and Amazon's customers.

**Zagg Resorts to Sham Litigation to Eliminate Competition**

132.    In furtherance of Zagg's price fixing scheme, Zagg seeks to remove third-party sellers from the Amazon marketplace.

133.    As explained above, Zagg intentionally submits false allegations of intellectual property infringement to Amazon in furtherance of this scheme.

134.    Zagg also engages in sham litigation, including this action, in order to harass and intimidate third party sellers such that they will cease competing with Zagg on Amazon.

135.    Beginning in October 2022, Zagg unleashed a wave of ligation against third-party Amazon sellers:

| Date Filed | Case Caption |
|---|---|
| 10/27/2022 | *ZAGG Inc. v. Active Computer Supplies Inc.*, No. 1:22-cv-06541 (E.D.N.Y.) |

| 11/4/2022 | *ZAGG, Inc. v. Granite Bay Sales, LLC d/b/a Amazon Reseller Granite Bay Sales*, 1:22-cv-11870 (D. Mass.) |
| 12/16/2022 | *ZAGG, Inc. v. JACME LLC d/b/a Amazon Reseller DuenasAMZ*, No. 1:22-cv-12132 (D. Mass.) |
| 1/26/2023 | *ZAGG, Inc. v. TX Trading Inc.*, 1:23-cv-20304 (S.D. Fla.) |
| 3/2/2023 | *ZAGG, Inc. v. Priceless Wholesale, LLC d/b/a Amazon Reseller "BetterBize"*, No. 1:23-cv-10481 (D. Mass.) |
| 3/2/2023 | *ZAGG, Inc. v. Techy Deals Inc d/b/a Amazon Reseller "Sunshine Deals"*, No. 1:23-cv-10482 (D. Mass.) |
| 3/28/2023 | *Zagg, Inc. v. The Golden Gol LLC d/b/a Amazon Reseller "The Golden Gol"*, No. 1:23-cv-10670 (D. Mass.) |

136.    On information and belief, the complaint filed in each action is a "form complaint" based on dubious and knowingly false allegations.

137.    For example, Zagg alleges in its Complaint that the Zagg Products sold by DVG are "non-genuine" because they are being offered "to consumers with California Proposition 65 warning labels and legal disclaimers covered and damaged, Defendants endanger the health and safety of ZAGG's consumers, who, therefore, may not be aware of potential health risks." (Second Am. Compl. ¶62).

138.    Zagg further alleges that, "[b]y offering ZAGG Products to consumers with Proposition 65 warning labels and legal disclaimers covered and damaged, Defendants cause ZAGG Products to enter the stream of commerce that do not comply with applicable state and federal regulations, creating product liability exposure for ZAGG, as well as damage to ZAGG's goodwill and reputation." (Second Am. Compl. ¶63).

139.    In support of these allegations, Zagg includes in its Second Amended Complaint a photograph of a barcode sticker covering a portion of a California "Proposition 65" warning label:



(Reproduced from Second Am. Compl. ¶54).

140.    Zagg knows that the foregoing is a sham allegation.

141.    As shown below, Zagg sells countless products on Amazon in which a California "Proposition 65" warning label is covered by an inventory sticker:

| **Zagg Sells Products on Amazon with Covered Proposition 65 Warning Labels** |
| --- |



142.    As another example of a sham allegation, Zagg further alleges in this action (as it has in other actions) that, by "intentionally covering the serial numbers on ZAGG Products, Defendants permanently mutilate the packaging of the ZAGG Products, as the serial numbers are often unreadable and ineffective even after removal of the sticker covering" and "covering and damaging the serial number interferes with ZAGG's ability to authenticate ZAGG Products." (Second Am. Complaint ¶57).

143.    Zagg knows that the foregoing is a sham allegation.

144.    Zagg routinely covers the various codes on Zagg Products in order to facilitate their sale on Amazon.  For example, below is product sold by Counterclaim-Defendants on Amazon, under ASIN: B08GG81RQ3, in which a barcode has been intentionally covered by a sticker:



145.    Zagg is aware that, pursuant to Amazon's policies, extraneous barcodes are required to be covered prior to shipment to Amazon's fulfilment centers.

146.    Zagg regularly covers barcodes on its products prior to shipment to Amazon's fulfillment centers.

147.    Zagg has alleged in its sham ligations that this same conduct renders Zagg Product inauthentic and/or non-genuine.

148.    Zagg knew that these allegations were false, yet made them in bad faith as part of its scheme to eliminate competition.

**<u>HARM TO COUNTERCLAIM-PLAINTIFF</u>**

149.    As a result of the above false rights complaints, DVG's listings relating to Zagg Products were suspended, resulting in an immediate loss of revenue.

150.    It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that DVG's ability to sell any and all products on Amazon would be lost.

151.    On information and belief, Counterclaim-Defendants were aware that complaints to Amazon, particularly those alleging the sale of infringing products, result in selling suspensions.

152.    At no time has DVG ever sold inauthentic or non-genuine Zagg Products.

153.    The Zagg Products sold by DVG were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

154.    On information and belief, Counterclaim-Defendants knowingly made false intellectual property rights complaints against DVG.

155.    On information and belief, the true purpose of these complaint was to ensure the suspension of DVG's marketplace listings, control pricing and eliminate fair competition.

156.    As a result of the above false rights complaints, DVG's inventory of Zagg Products was destroyed by Amazon.

157.    As result of Defendants' false complaints, DVG's performance metrics were irreparably damaged.

158.    It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

159.    Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

160.    Counterclaim-Defendants' false complaints have damaged DVG's metrics and caused DVG to lose the "buy box" on many of its product listings.

161.    As result of Counterclaim-Defendants sale of damaged, dirty and defective Zagg Products, in competition with DVG, DVG has been harmed, including through the loss of sales.

162.    DVG has also been harmed as a result of Counterclaim-Defendants manipulation of Amazon's pricing algorithms.

## COUNTERCLAIM I – DECLARATORY JUDGMENT
### (Counterclaim-Defendant Zagg)

163.    DVG incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-153 above.

164.    Zagg has asserted claims against DVG for purported infringement of its purported trademark rights in the products associated with the Accused Listings, including the Zagg Registration.

165.    DVG contends that it has never infringed on any of Zagg's purported trademarks, and in particular, its purchase and resale of products associated with the Accused Listings are lawful under the first-sale doctrine.

166.    Zagg requested removal of DVG's products associated with the Accused Listings or otherwise complained to Amazon about the alleged infringement.

167.    DVG continues to attempt to sell its products. Zagg already caused the removal of the Accused Listings.

168.    On information and belief, Zagg plans to continue to interfere with DVG's business in the aforementioned manner for the indefinite future.

169.    DVG seeks to sell Zagg Products on Amazon and elsewhere on the Internet, but as a result of Zagg's actions, is unable to do so.  As a result, DVG continues to lose profits and suffer damage to its business and reputation.

170.    As a result of Zagg's assertion of claims against DVG for infringement of Zagg's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

## COUNTERCLAIM II – DEFAMATION
### (Counterclaim-Defendants Zagg and Longmore)

171.    DVG incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-153 above.

172.    This is a claim for defamation under the laws of the State of Florida.

173.    Through the submission of their takedown notices to third party Amazon, Counterclaim-Defendants published false statements about DVG.

174.    Counterclaim-Defendants' libelous writings are defamation *per se* because they tend to subject DVG to distrust, ridicule, contempt, and disgrace, and are injurious to DVG's trade and professional reputations.

175.    Counterclaim-Defendants knew or should have known that the statements made to Amazon about DVG would cause severe damage to DVG's reputation, business opportunities, social relationships, career, and business.

176.    The false and defamatory statements were made by Counterclaim-Defendants with actual malice because they either knew of their falsity or made the statements with reckless disregard of their truth or falsity.

177.    In making the defamatory statements, Counterclaim-Defendants acted intentionally, maliciously, willfully, and with the intent to injure DVG.

178.    DVG has been harmed by the loss of the economic value in goodwill and the reputation it has built over its many years as a seller on Amazon's online marketplace.

179.    As a result of Counterclaim-Defendants' publication to a third party of a false statement about DVG, DVG has suffered damages in an amount to be determined at trial.

**COUNTERCLAIM III – FALSE OR MISLEADING REPRESENTATION, UNFAIR COMPETITION, AND PRODUCT DISPARAGEMENT PURSUANT TO 15 U.S.C. § 1125**
**(Counterclaim-Defendants Zagg and Longmore)**

180.    DVG incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-153 above.

181.    This is a claim for false or misleading representation of fact, unfair competition, and product disparagement under 15 U.S.C. § 1125(a).

182.    DVG and Zagg compete in the mobile phone accessory products industry. DVG has a commercial interest in its commercial and business reputation.

183.    DVG has established a business reputation as a popular and trusted seller of mobile phone accessory products on Amazon's online marketplace.

184.    Counterclaim-Defendants knowingly made false, misleading, disparaging and defamatory statements in commerce through the notices to Amazon of infringement relating to the products associated with DVG's product listings. These statements actually deceived Amazon and are likely to deceive and confuse the public (*i.e.,* Amazon's marketplace users) into believing that DVG's products are counterfeit, thereby materially effecting their decision and ability to purchase DVG's products.

185.    Counterclaim-Defendants' takedown notices were designed to advance their business interests by removing DVG's listings from the Amazon marketplace thereby increasing Zagg's market share of customers interested in purchasing Zagg Products.

186.    Counterclaim-Defendants made the above-referenced false and disparaging statements in commercial promotion of Zagg's own product, in direct competition with DVG's product, in an effort to drive sales away from DVG and toward Zagg.

187. Counterclaim-Defendants' false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the Notices to Amazon so as to constitute advertising.

188. Counterclaim-Defendants' false and misleading representation of DVG's alleged infringement have misled, confused and deceived customers and prospective customers as to DVG's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving DVG's customers and prospective customers.

189. The false and misleading representations had a material effect on DVG's customers' and prospective customers' decisions to do business with DVG because as a result of Counterclaim-Defendants' notices, Amazon has replaced customer visibility of products offered by DVG with those offered by Zagg's own listings on Amazon.

190. Counterclaim-Defendants made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

191. DVG is informed and believes, and thereon alleges, that Counterclaim-Defendants had actual knowledge that they had no support whatsoever for the takedown notices that they submitted to Amazon in connection with the Accused Listings, and Counterclaim-Defendants acted with the intent that the listings be removed from the Amazon marketplace prohibiting consumers from purchasing DVG's products in an effort to gain more market share by forcing consumers to purchase the Zagg Products directly from Zagg. By eliminating the secondary market created by DVG, Zagg obtained an economic advantage by sales that would have otherwise gone to the secondary market to their own channels of distribution. Counterclaim-Defendants thus, acted knowingly, willfully and maliciously with intent to injure DVG.

192.     DVG's injuries fall within the zone of interest protected by the Lanham Act because Counterclaim-Defendants' false advertising and disparaging misrepresentations have caused DVG to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

193.     Counterclaim-Defendants' wrongful acts as alleged in these Counterclaims constitute false or misleading representation of fact, unfair competition and product disparagement under 15 U.S.C. § 1125(a).

194.     The damage to DVG's economic and reputational injuries were directly caused by Counterclaim-Defendants' false and misleading representations.

195.     As a direct and proximate result of Counterclaim-Defendants' actions, constituting false or misleading representation of fact, unfair competition and product disparagement, DVG has been damaged (both in the form of lost sales and indirect in the form of loss of goodwill/reputation) and is entitled to monetary relief in an amount to be determined at trial.

196.     As a direct and proximate result of Counterclaim-Defendants' actions, constituting false or misleading representation of fact, unfair competition and product disparagement, DVG has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

197.     Counterclaim-Defendants will continue their actions, constituting false or misleading representation of fact, unfair competition, and product disparagement, unless enjoined by this Court.

## <u>COUNTERCLAIM IV – CIVIL CONSPIRACY</u>
### (All Counterclaim-Defendants)

198.     DVG incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-153 above.

199.    Counterclaim-Defendants conspired and reached an understanding among themselves to manipulate the pricing for Zagg Products on online marketplaces.

200.    On information and belief, Longmore, Zagg's Director of Ecommerce, conspired with Buckner, Zagg's Tax Director, to create Screenya, a shell company, for the purpose of conducting their illegal scheme.

201.    In order to obscure the nature of Screenya's activity, and its control by Zagg, Longmore and Buckner listed Buckner's home address as Screenya's place of business.

202.    Counterclaim-Defendants created a fictious Amazon storefront that they registered in the name of their shell company under Buckner's home address.

203.    The scheme would not have been possible without Buckner's participation and cooperation.

204.    Using their shell company, Counterclaim-Defendants fraudulently offered, and continue to offer, Zagg Products on Amazon listings for Zagg Products at prices materially different (whether higher or lower) than those offered by Amazon and other third-party sellers for purposes of fraudulently manipulating Amazon's pricing algorithms.

205.    Counterclaim-Defendants intended to, and in fact did, unfairly and illegally manipulate Amazon's pricing algorithms to drive up the retail price of Zagg Products.

206.    Counterclaim-Defendants devised a scheme to defraud and for obtaining money by means of false or fraudulent pretenses and representations.

207.    As part of the scheme, Counterclaim-Defendants transmitted or caused to be transmitted by means of wire in interstate commerce, writings, signs and signals for the purpose of executing the scheme or artifice.

208.    Counterclaim-Defendants acts constitute wire fraud, under 18 U.S.C, § 1343, a criminal act.

209.    Counterclaim-Defendants further tortiously interfere with DVG's contractual and business relationships with Amazon and Amazon's customers by raising false, objectively baseless, and frivolous claims of infringement with Amazon and causing Amazon to remove DVG's Zagg Products from Amazon's website.

210.    In accordance with the Counterclaim-Defendants' agreement and pursuant to Counterclaim-Defendants' instructions, Zagg and Longmore did in fact contact Amazon and cause Amazon to remove DVG's Zagg Products from Amazon's website.

211.    As a direct result of Counterclaim-Defendants' conspiracy to interfere with DVG's contractual and business relationships with Amazon and Amazon's customers, DVG suffered actual damages in excess of $75,000.

212.    Counterclaim-Defendants are jointly and severally liable for their respective acts and the acts of each other and their agents and employees in furtherance of the conspiracy.

213.    Counterclaim-Defendants' conspiracy to engage in wire fraud and tortiously interfere and defame showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and with the specific intent to cause harm to DVG, thereby entitling DVG to recover punitive damages.

### COUNTERCLAIM V – THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
#### (All Counterclaim-Defendants)

214.    DVG incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-153 above.

215.   The Florida Deceptive & Unfair Trade Practices Act, Florida Stat. §§ 501.201, et seq. (the "FDUTPA"), generally prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce," including practices in restraint of trade. Florida Stat. § 501.204(1).

216.   The primary policy of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Florida Stat. § 501.202(2).

217.   A claim for damages under the FDUTPA has three elements: (1) a prohibited practice; (2) causation; and (3) actual damages.

218.   Under Florida law, indirect purchasers have standing to maintain an action under the FDUTPA based on the facts alleged in these Counterclaims. Fla. Stat. § 501.211(a) ("anyone aggrieved by a violation of this [statute] may bring an action . . .").

219.   But for Counterclaim-Defendants' conduct set forth herein, the price for Zagg Products would have been lower, in an amount to be determined at trial.

220.   Counterclaim-Defendants entered into a contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce pertaining to Zagg Products, a substantial part of which occurred within Florida.

221.   Defendants established, maintained or used a monopoly, or attempted to establish a monopoly, of trade or commerce in the market, for the purpose of excluding competition or controlling, fixing or maintaining prices in Florida at a level higher than the competitive market level, beginning at least as early as 2022 and continuing through the date of this filing.

222.     Accordingly, Defendants' conduct was an unfair method of competition, and an unfair or deceptive act or practice within the conduct of commerce within the State of Florida.

223.     Defendants' unlawful conduct substantially affected Florida's trade and commerce.

224.     As a direct and proximate cause of Counterclaim-Defendants' unlawful conduct, DVG has been injured in their business, including by lost sales, and are threatened with further injury.

225.     By reason of the foregoing, DVG is entitled to seek all forms of relief, including injunctive relief pursuant to Florida Stat. §501.208 and declaratory judgment, actual damages, reasonable attorneys' fees and costs pursuant to Florida Stat. § 501.211.

## PRAYER FOR RELIEF

**WHEREFORE**, DVG prays for judgment as follows:

A.     An order declaring that DVG has not infringed any valid and enforceable intellectual property right owned by Zagg, including the Zagg Registration;

B.     Preliminary and permanent injunctive relief restraining Counterclaim-Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Counterclaim-Defendants, from filing false complaints with Amazon and any other e-commerce platform.

C.     Injunctive relief requiring Counterclaim-Defendants to rescind all complaints that they have filed against DVG;

D.     An award of all damages that DVG has suffered as a result of Counterclaim-Defendants' defamation;

E.     An award of all damages that DVG has suffered as a result of Counterclaim-Defendants' false advertising;

F.      An award of all damages that DVG has suffered as a result of Counterclaim-Defendants' conspiracy;

G.      An award of all damages that DVG has suffered as a result of Counterclaim-Defendants' violation of the FDUTPA;

H.      An award of all costs and fees incurred in this Action; and

I.      Such other and further relief as the Court shall find just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

DVG and Ichilevici hereby request a jury trial for all issues triable by jury.


DATED:      May 4, 2023
              Boca Raton, Florida


                        Respectfully submitted,

                        CAHEN LAW, P.A.
                        1900 Glades Road, Suite 270
                        Boca Raton, Florida  33431
                        Tel. No.: (561) 922-0430

                        By:   */s/ Geoffrey M. Cahen*
                            Geoffrey M. Cahen
                            Florida Bar No. 0013319
                            Geoff@cahenlaw.com

                        *Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed

electronically, this **4th day of May, 2023**, to:

*Counsel for Plaintiff*

Mallory Meagan Cooney
K and L Gates
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
3055393342
Fax: 3053587095
Email: mallory.cooney@klgates.com

Jack S. Brodsky
K&L Gates, LLP
State Street Building
One Lincoln Street
Boston, MA 02110
(617) 261-3100
Email: jack.brodsky@klgates.com

Morgan T. Nickerson
K&L Gates LLP
State Street Financial Center, One Lincoln Street
Boston, MA 02111
617.261.3134
Email: morgan.nickerson@klgates.com

By:   *s/ Geoffrey M. Cahen*
       Geoffrey M. Cahen