# Exhibit 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC,                                              Case No.:  1:23-cv-20304-RKA

       Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI,
TX TRADING INC., and
DVG TRADE LLC,

       Defendants.
_____/

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT DVG TRADE LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ZAGG Inc ("ZAGG" or "Plaintiff") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") served by Defendant DVG Trade LLC ("Defendant").

**INTRODUCTION**

ZAGG responds to the Interrogatories consistent with the obligations set forth in the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the Southern District of Florida ("Local Rules"), notwithstanding any requests in the Interrogatories that purport to impose obligations different therefrom. In responding to the Interrogatories, ZAGG has assigned to each word its everyday meaning and has construed the language of each request in light of the scope of discovery permitted by the Federal and Local Rules.

ZAGG's search for information relevant to issues in this action is ongoing. ZAGG's objections and responses to Defendant's Interrogatories are based only upon such information that is available to ZAGG at the time of this response. Further investigation in this action may disclose

additional information or documents that are requested by Defendant or that bear on ZAGG's objections.  ZAGG reserves the right to modify or supplement any and all of its objections and responses to Defendant's Interrogatories as additional information or documents are obtained or become available or known to ZAGG.

All evidentiary objections, including objections as to relevance, materiality, and admissibility, and any and all objections on the basis of work-product doctrine and attorney-client privilege, are expressly reserved.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing objections, ZAGG responds to the individually numbered Interrogatories as follows:

**Interrogatory No. 1**: Identify any and all Amazon seller accounts currently or formerly owned and/or operated by Plaintiff, its officers, agents, employees, or any other person or entity in active participation with Plaintiff.

**Response:** ZAGG objects to Interrogatory No. 1 because it is overly broad and unduly burdensome insofar as it seeks "any and all Amazon seller accounts currently or formerly owned and/or operated by Plaintiff, its officers, agents, employees, or any other person or entity in active participation with Plaintiff," without limitation and explanation or basis for such an extensive reach.  ZAGG cannot be expected to identify any and all—current or former—Amazon seller accounts of those individuals or entities associated with it.  ZAGG further objects to Interrogatory No. 1 as the term "activate participation" is vague and undefined, and ZAGG cannot be expected to bear the burden of guessing the meaning of such a broad, undefined term.

Subject to and without waiving the foregoing objections, ZAGG states the "Screenya" Amazon seller account (Seller ID AJK3SJQRH914T) is owned and operated by Screenya, LLC, a

wholly-owned-subsidiary of ZAGG. ZAGG reserves the right to supplement and/or amend its response at a later date, if necessary.

**Interrogatory No. 2**: Identify the full name and address of every Person that is or has been affiliated with Plaintiff as an owner, operator, officer, director, or other key decision-maker.

**Response:** ZAGG objects to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome, as it is unlimited in time and without explanation or basis for such an extensive reach. It is unreasonable to request that ZAGG identify both the names and addresses of any "owner, operator, officer, director, or other key decision-maker" to which it has—or ever had—association. This burden is not justified by any level of proportionality. ZAGG further objects to Interrogatory No. 2 because the phrase "key decision-maker" is vague and undefined, and ZAGG cannot be expected to bear the burden of guessing the meaning of such a broad, undefined phrase. ZAGG further objects to this Interrogatory to the extent it seeks to impose upon ZAGG obligations different from those set forth in the Federal Rules or Local Rules, by purporting to require ZAGG to identify potential witnesses prior to the time prescribed under those rules.

Subject to and without waiving the foregoing objections, ZAGG states that it will identify representatives of ZAGG likely to have discoverable information pursuant to its obligations under Federal Rule 26(a)(1). ZAGG reserves the right to supplement and/or amend its response at a later date, if necessary.

**Interrogatory No. 3**: Identify and describe each of Your attempts to purchase, and purchases of, any products from DVG Trade and/or the DVG Trade Storefront, including: the date, recipient, shipping address, product name, Amazon ASIN and order number.

3

Dated:  May 12, 2023

As to Objections,

  /s/ Mallory M. Cooney
Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
K&L Gates LLP
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone:  305.539.3300
Fax:  305.358.7095

*Attorney for Plaintiff ZAGG Inc*

10

## VERIFICATION

I, Merril Longmore, verify under penalty of perjury that the factual statements contained in the foregoing Plaintiff's Objections and Responses to Defendant DVG Trade LLC's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on May 12, 2023

Name: Merril Longmore