UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC,                                          Case No.: 1:23-cv-20304-RKA

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI,
TX TRADING INC.,

        Defendants,

and

DVG TRADE LLC,

        Defendant/
        Counterclaim-Plaintiff/
        Third-Party Plaintiff,

v.

ZAGG INC,

        Counterclaim-Defendant,

v.

SCREENYA, LLC, MERRIL LONGMORE,
And BRENDAN BUCKNER,

        Third-Party Defendants.
_____/

**MERRIL LONGMORE AND BRENDAN BUCKNER'S MOTION TO JOIN ZAGG INC AND SCREENYA, LLC'S MOTION TO DISMISS DVG TRADE LLC'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SEPARATE MOTION TO DISMISS DVG TRADE LLC'S THIRD-PARTY COMPLAINT**

Third-Party Defendants Merril Longmore ("Longmore") and Brendan Buckner ("Buckner"), by and through their undersigned counsel, move to join the Motion to Dismiss DVG Trade LLC's ("DVG") Counterclaim and Third-Party Complaint filed by ZAGG Inc ("ZAGG") and Screenya LLC ("Screenya") on May 26, 2023 [ECF No. 50] (the "Motion to Dismiss"). In the alternative, pursuant to You Honor's Order in Case with Multiple Defendants [ECF No. 32] (the "Standing Order"), Longmore and Buckner request leave to file a separate response to DVG's Third-Party Complaint [ECF No. 41].

In support, Longmore and Buckner state as follows:

1. The key legal and factual assertions within ZAGG and Screenya's Motion to Dismiss apply equally to Longmore and Buckner. Namely, the Court lacks personal jurisdiction over Longmore and Buckner, as they have no personal contacts with Florida, and the Third-Party Complaint fails to assert **_facts specific to Longmore and Buckner_** to state a claim upon which relief can be granted.

2. Specifically, as set forth in Screenya's Motion to Dismiss, Screenya is a Utah corporation. *See* ECF No. 50. Similarly, Longmore and Buckner are individuals residing in Utah. *See* ECF No. 41, ¶¶ 4, 6. Just as the Third-Party Complaint does not allege any conduct within Florida as to ZAGG and Screenya, the Third-Party Complaint is entirely devoid of any factual allegations **_specific to Longmore and Buckner_**[1] to satisfy the personal jurisdiction and due process

---

[1] The Third-Party Complaint fails to identify any specific acts attributable to Longmore and Buckner outside of their scope of employment and improperly resorts to group allegations against all "Counterclaim-Defendants," which amounts to shotgun pleading. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) (noting that "group allegations... constitute shotgun pleading because they fail to give any defendant fair notice of the allegations against it"); *see also Dorman v. Palm Beach Cnty.*, C.A. No. 19-81538-CIV, 2020 WL 2078527 (S.D. Fla. Apr. 30, 2020) ("[B]y making a single accusation against all Defendants—without any detail about what any individual Defendant did—the Amended Complaint fails to give the Defendants adequate notice of the claims against them." (internal quotation marks omitted)).

analysis set forth in Section I.A-D of ZAGG and Screenya's Motion to Dismiss. Accordingly, the motion applies to both Longmore and Buckner as well. Additionally, for the reasons set forth in Section II.A-D of ZAGG and Screenya's Motion to Dismiss, Counts II–V of the Third-Party Complaint against Longmore and Buckner should also be dismissed for the independent reason that the pleading is entirely devoid of any acts, ***specific to Longmore and Buckner*** to support a cause of action.

3. Accordingly, in the interest of judicial economy, to avoid redundant briefing on the issues specified above, and in consideration of Your Honor's Standing Order, Longmore and Buckner respectfully move to join the Motion to Dismiss filed by ZAGG and Screenya on May 26, 2023 [ECF No. 50].

4. In the alternative, pursuant to Your Honor's Standing Order, Longmore and Buckner seek leave to file a separate motion to dismiss DVG's Third-Party Complaint [ECF No. 41]. While, as stated above, minimal conflicts exist between the Third-Party Defendants' legal and factual positions,[2] Longmore and Buckner did not join ZAGG and Screenya's initial Motion to Dismiss [ECF No. 50], as Buckner and Longmore were served on May 23 and May 30, 2023. ZAGG and Screenya moved to dismiss on May 26, 2023. Having just been served with the summons, Buckner and Longmore did not have time to join in the original Motion to Dismiss.

5. Buckner and Longmore, now served, move to join ZAGG and Screenya's Motion to Dismiss, or in the alternative, separately move for leave to file a separate motion to dismiss DVG's Third-Party Complaint, for the reasons set forth above.

---

[2] Your Honor's Standing Order dictates that "[i]f conflicts of position exist, the co-Defendants shall file a *motion for leave to file separate responses or motions*, in which they must describe what those conflicts are." ECF No. 32.

WHEREFORE, Third-Party Defendants Longmore and Buckner respectfully request that this Court permit them to join ZAGG and Screenya's Motion to Dismiss [ECF No. 50] incorporating the arguments above. In the alternative, Third-Party Defendants Longmore and Buckner respectfully request leave to file a separate response to DVG's Third-Party Complaint [ECF No. 41] to set forth their arguments as to why dismissal is proper, and for any other relief the Court deems just and proper.

Dated: June 13, 2023            Respectfully submitted,

   /s/ Mallory M. Cooney
   Mallory M. Cooney
   Florida Bar No. 125659
   mallory.cooney@klgates.com
   **K&L Gates LLP**
   200 South Biscayne Boulevard, Suite 3900
   Miami, Florida 33131
   Telephone: 305.539.3300
   Fax: 305.358.7095

   Morgan T. Nickerson (*Pro Hac Vice*)
   morgan.nickerson@klgates.com
   Jack S. Brodsky (*Pro Hac Vice*)
   jack.brodsky@klgates.com
   **K&L Gates LLP**
   State Street Financial Center
   One Lincoln Street
   Boston, MA 02111
   (617) 261-3100
   (617) 261-3175

   *Attorneys for Third-Party Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 13th day of June 2023.

                                                     */s/ Mallory Cooney*
                                                    Mallory Cooney