**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

ZAGG INC,                                        **Case No.: 1:23-cv-20304-RKA**

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

        Defendants.
_____/

DVG TRADE LLC,

        Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

        Counterclaim-Defendants.
_____/

**DEFENDANT/COUNTERCLAIM-PLAINTIFF DVG TRADE LLC'S OPPOSITION TO
MERRIL LONGMORE AND BRANDON BUCKNER'S MOTION TO DISMISS**

Defendant/Counterclaim-Plaintiff DVG Trade LLC ("DVG") respectfully submits this Opposition to Counterclaim-Defendant Merril Longmore ("Longmore") and Brandon Buckner's ("Buckner") Motion to Dismiss.

## I. INTRODUCTION

Longmore and Buckner belatedly joined (ECF No. 60, "Mot. to Join") the Motion to Dismiss filed by Zagg and Screenya. Like the earlier-filed Motion, Longmore and Buckner's Motion, likewise, has no merit and is just another delay tactic—Counterclaim-Defendants have done everything possible to delay resolution of this case and avoid a judgment on the merits.

Longmore and Buckner raise two new arguments in their Motion to Join. First, Longmore and Buckner make conclusory allegations that they are not subject to personal jurisdiction in this Court. But they offer zero evidence in support of their position and simply ignore the countless factual allegations in the Counterclaims explaining how their activities targeted and harmed DVG (a Florida business) and Florida residents.

Second, Longmore and Bucker allege—again, in a conclusory manner—that the Counterclaims lack specific facts regarding their unlawful conducts. This is nonsense. The Counterclaims detail: (a) how Longmore repeatedly signed (under penalty of perjury) and submitted false infringement reports to Amazon; and (2) how Longmore and Buckner devised and implemented a nefarious price fixing scheme—a scheme that would not have been possible without Buckner's participation.

For these reasons, and those stated below, Longmore and Buckner's Motion to Dismiss should be denied.

## II. RELEVANT PROCEDURAL HISTORY

On May 4, 2023, DVG filed Counterclaims (ECF No. 41) against Plaintiff/Counterclaim-Defendant Zagg Inc ("Zagg") and Counterclaim-Defendants Screenya, LLC ("Screenya"),

Longmore, and Buckner. Zagg and Screenya filed a Motion to Dismiss on May 26, 2023 (ECF No. 50), and DVG filed its Opposition on June 9, 2023 (ECF No. 52). On June 13, 2023, Longmore and Bucker filed a Motion to Join (ECF No. 60) Zagg and Screenya's Motion to Dismiss, and the Court granted the request later that day (ECF No. 61). On June 16, 2023, all Counterclaim-Defendants filed a Reply Brief (ECF No. 62) in support of the Motion to Dismiss.

Because Longmore and Buckner made new arguments in their Motion to Join that they "incorporate[ed]" into their Motion to Dismiss (ECF No. 60 at 4), DVG respectfully submits this Opposition to these new arguments. To the extent that Longmore and Buckner adopt the arguments previously made by Zagg and Screenya in the original Motion to Dismiss (ECF No. 50), DVG incorporates by reference the arguments made in its original Opposition thereto (ECF No. 52).

### III. RELEVANT FACTUAL BACKGROUND

The factual background of this case, including the Parties, the nature of their dispute and procedural history, are discussed in Plaintiff's Opposition to the original Motion to Dismiss (*see* ECF No. 52 at 2–5), and will not be repeated here.

Counterclaim-Defendant Longmore is Zagg's Director of Ecommerce. As detailed in the Counterclaims, Longmore, on behalf of Zagg, submitted at least four reports to Amazon that falsely alleged that DVG was selling infringing Zagg Products. (ECF No. 41, Countercl. ¶¶ 56–92). Longmore boasted publicly about Zagg's schemes to eliminate third-party sellers on the Amazon marketplace through false intellectual property complaints. (*Id.* at ¶ 21). For example, Longmore told one Amazon seller in September 2022 that Zagg's "new owner" (i.e., Evercel) planned "to throw everyone off the [Amazon] listings and sell themselves." (*Id.* at ¶ 22).

Counterclaim-Defendant Buckner was Zagg's Tax Director. During his tenure at Zagg, Buckner, together with Longmore, created an alter ego for Zagg—Screenya—to avoid Amazon's

3

prohibition against Zagg operating a third-party selling account. The Screenya account, which identified Buckner's home as its place of business, was used by the Counterclaim-Defendants to manipulate retail pricing on the Amazon marketplace. (ECF No. 41, Countercl. ¶¶ 104, 199–203, 210).

Prior to the filing of DVG's Counterclaims, Screenya identified its business address as Buckner's home address but immediately after the Counterclaims were filed, the business address on the Screenya Amazon storefront changed. (*Id.* at ¶¶ 3–5, 104–107, 200–203; ECF No. 52 at 7).

## IV. THE COURT HAS JURISDICTION OVER LONGMORE AND BUCKNER

Longmore and Buckner offer a conclusory argument that that they are not subject to jurisdiction in this Court. In doing so, they simply ignore the allegations in the Counterclaims in order to cause delay.

### A. Longmore and Buckner, Like Zagg and Screenya, Fail to Present Evidence in Support of Their Jurisdictional Arguments

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt.*, Inc., 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

Like Zagg and Screenya, Longmore and Buckner provide no evidence in support of their jurisdictional challenge. Therefore "the court should accept the facts alleged in the [Counterclaims] as true." *Sutherland v. SATO Glob. Sols., Inc.*, No. 17-cv-61596-WPD, 2018 WL 3109627, at *3 (S.D. Fla. Apr. 10, 2018) (*citing Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)).

### B. The Counterclaims Establish a *Prima Facie* Case of Jurisdiction Against Longmore and Buckner

As detailed in the Counterclaims, Longmore is subject to personal jurisdiction in this Court for multiple reasons. First, Longmore targeted a Florida company—DVG—with false reports of intellectual property infringement in order to interfere with DVG's business relationship with Amazon. (ECF No. 41, Countercl. ¶¶ 40–94). Specifically, aware that DVG was based in Florida, Longmore made purchases of Zagg Products from DVG's Amazon storefront. (*Id.*) Upon receiving those products, and observing that they were genuine, Longmore submitted false reports to Amazon, which he signed under penalty of perjury. (*Id.*) Those reports were accessed by "residents of Florida" and indisputably caused harm to DVG in Florida. (*Id.* at ¶ 13; *see also id.* at ¶¶ 39, 131, 149–162, 178, 213).

These uncontested allegations are sufficient to support personal jurisdiction over Longmore in Florida. *See Macrotrend Cap. Grp. Inc. v. Edwards*, No. 18-CV-61327, 2019 WL 2106421, at *5 (S.D. Fla. Mar. 4, 2019) (personal jurisdiction proper where, "[a]lthough Defendant intentionally committed tortious acts in Michigan, the injury was sustained in Florida"); *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1159 (S.D. Fla. 2017) (finding the exercise of personal jurisdiction reasonable under the "effects test" as to defamation claims based on injury to Florida-based plaintiff); *XN Fin. Servs., Inc. v. Conroy*, No. 12-80143-CIV, 2012 WL 12873512, at *4 (S.D. Fla. Mar. 5, 2012) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216–17 (11th Cir. 1999))

(stating "[t]ortious interference with business relations or tortious interference with contract causes harm in Florida when the victim is a Florida resident").

As explained in DVG's Opposition to Screenya's jurisdictional arguments, Longmore and Buckner engaged in a conspiracy with Zagg and Screenya to fraudulently offer, and continue to offer (even after the filing of the Counterclaims), Zagg Products on Amazon listings for Zagg Products at prices materially different (whether higher or lower) than those offered by Amazon and other third-party sellers for purposes of fraudulently manipulating Amazon's pricing algorithms. (See ECF No. 52 at 10–11; *see also* ECF No. 41, Countercl. ¶ 221 (Counterclaim-Defendants are "fixing or maintaining prices in Florida at a level higher than the competitive market level"), ¶ 221 (Counterclaim-Defendants "unlawful conduct substantially affected Florida's trade and commerce")). "Because the Florida market was embraced within this nationwide scheme, [Longmore and Buckner] reasonably should have expected to be haled into court in this state if 'caught.'" *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 586 (Fla. 2000).

Longmore and Buckner are "subject to this Court's personal jurisdiction as an alleged co-conspirator" because another co-conspirator, Zagg, is subject to this Court's jurisdiction. *Bluegreen Vacations Unlimited, Inc. v. Montgomery L. Firm LLC*, No. 19-24704-CIV, 2022 WL 17987280, at *4 (S.D. Fla. June 17, 2022).

## V. DVG'S COUNTERCLAIMS ARE SUFFICIENTLY PLEADED

### A. The Counterclaims Detail Longmore and Buckner's Unlawful Conduct

The Motion to Join states that the clams "against Longmore and Buckner should also be dismissed for the independent reason that the pleading is entirely devoid of any acts, specific to Longmore and Buckner to support a cause of action." (Mot. to Join at 2). The Counterclaim-Defendants are just burying their heads in the sand.

The Counterclaims describe, for example, how Longmore conducted test purchases from DVG and intentionally filed false reports of intellectual property infringement with Amazon. (ECF No. 41, Countercl. ¶ 89 ("Prior to filing the above report, Zagg and Longmore performed a test purchase and knew that their statements to Amazon were false."); *see also id.* at ¶¶ 90–92).

The Counterclaims further detail how Longmore and Buckner conceived and implemented a price fixing scheme. (*Id.* at ¶¶ 102–117). Central to the scheme was the use of Buckner's home as the identified headquarters of Screenya, the fictious entity that Counterclaim-Defendants created to defraud Amazon and consumers. (*Id.* at ¶¶ 104–107; *see also id.* at ¶ 200 ("Zagg's Director of Ecommerce, conspired with Buckner, Zagg's Tax Director, to create Screenya, a shell company, for the purpose of conducting their illegal scheme.")). As also explained in the Counterclaims, "[t]he scheme would not have been possible without Buckner's participation and cooperation.").

### B.   The Counterclaims Are Not Shotgun Pleadings

Longmore and Buckner also assert (in a footnote) that the Counterclaims are a "shotgun pleading" because they: (1) "fail[] to identify any specific acts attributable to Longmore and Buckner outside of their scope of employment"; and (2) "improperly resort[] to group allegations against all 'Counterclaim-Defendants'." (Motion to Join at 1 n.1).

The first argument is not understood. As discussed above, the Counterclaims specifically identify the tortious acts committed by Longmore and Buckner, including defamation, price fixing and wire fraud. Whether or not these acts are "attributable to Longmore and Buckner outside of their scope of employment" is wholly irrelevant to the salient issue—whether a claim has been stated against these two individuals. And, their employer, Zagg, has not asserted (and cannot assert) that Longmore or Buckner were acting outside of the scope of their employment (and therefore Zagg is somehow not liable). *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742,

7

756 (1998) ("An employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment"); *LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1372 (S.D. Fla. 1999) ("an employer will always be held liable for the torts of its employees committed while acting in the scope of their employment") (citing The Restatement (Second) of Agency, §219(1)).

Longmore and Buckner's "group allegations" argument is also unsupported. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint is a shotgun pleading if, *inter alia*, it "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

The Counterclaims are obviously not a shotgun pleading. Each count in the Counterclaims states clearly which Counterclaim-Defendants that count is brought against. There can be no confusion as to whom each claim is directed. *Spofford v. Beta LP / Alpha Tr.*, No. 22-23631-CIV, 2023 WL 3778252, at *7 (S.D. Fla. May 8, 2023) (rejecting shotgun pleading argument where each count identified the parties against it was brought).

Moreover, "a plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as 'defendants', which is exactly what Plaintiff has done here." *Taylor v. Serv. Corp. Int'l*, Case No. 20-CV-60709-RAR, 2021 WL 5050175, at *4 (S.D. Fla. Nov. 1, 2021) (internal quotation marks omitted) (quoting *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014)). "Although the [Counterclaims']

allegations may at times attribute certain actions to more than one party, the [Counterclaims'] allegations are specific enough to put . . . Defendants on notice." *Id.* (finding plaintiff satisfactorily identified defendants despite commingling the allegations against various defendants) (citation omitted).

Tellingly, Counterclaim-Defendants do "nothing to explain exactly why [they] are unable to respond to the [Counterclaims]." *Spofford*, 2023 WL 3778252, at *7. Nor would dismissing the Counterclaims serve a purpose at this juncture—discovery is nearly complete and summary judgment motions are due in just five weeks.[1]

## VI. CONCLUSION

For the foregoing reasons, Counterclaim-Defendants' Motion to Dismiss should be denied.

---

[1] *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."); *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (holding that a court should generally allow plaintiffs to replead their shotgun complaint).

Dated: June 27, 2023

                                            Respectfully submitted,

                                            By: */s/ Geoffrey M. Cahen*
                                                Geoffrey M. Cahen
                                                Florida Bar No. 0013319
                                                CAHEN LAW, P.A.
                                                1900 Glades Road, Suite 270
                                                Boca Raton, Florida 33431
                                                Tel. No.: (561) 922-0430
                                                Geoff@cahenlaw.com

                                                Mark Berkowitz (*Pro Hac Vice*)
                                                TARTER KRINSKY & DROGIN LLP
                                                1350 Broadway
                                                New York, NY  10018
                                                Tel. No: (212) 216-8000
                                                mberkowitz@tarterkrinsky.com

                                                *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed, this **27th day of June, 2023**, to:

*Counsel for Plaintiff*

Mallory Meagan Cooney
KandL Gates
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
3055393342
Fax: 3053587095
Email: mallory.cooney@klgates.com

Jack S. Brodsky
K&L Gates, LLP
State Street Building
One Lincoln Street
Boston, MA 02110
(617) 261-3100
Email: jack.brodsky@klgates.com

Morgan T. Nickerson
K&L Gates LLP
State Street Financial Center, One Lincoln Street
Boston, MA 02111
617.261.3134
Email: morgan.nickerson@klgates.com

By: */s/ Geoffrey M. Cahen*