UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC.,

       Plaintiff,                                      Case No.: 1:23-cv-20304-RKA

v.

MENACHEM MENDEL ICHILEVICI,
TX TRADING INC.,

       Defendants,

and

DVG TRADE LLC,

       Defendant/
       Counterclaim-Plaintiff/
       Third-Party Plaintiff,

v.

ZAGG INC,

       Counterclaim-Defendant,

v.

SCREENYA, LLC, MERRIL LONGMORE,
And BRENDAN BUCKNER,

       Third-Party Defendants.
_____/

**PLAINTIFF ZAGG INC'S MOTION TO STRIKE**
**UNTIMELY EXPERT REPORT OF RACHEL JOHNSON GREER**

       Plaintiff ZAGG Inc ("ZAGG"), by and through its undersigned counsel, respectfully moves this Court to strike DVG Trade LLC's ("DVG") untimely expert report of Rachel Johnson Greer, disclosed and served fourteen (14) days *after* the deadline to do so pursuant to the Court's

315912657.3

Amended Scheduling Order [ECF No. 29].  The Greer Report ( as defined herein) is **not** a "rebuttal report" as DVG claims, but, rather, contains exclusively affirmative, original expert testimony.  As such, DVG was required to disclose and serve the Greer Report by June 13, 2023, the deadline for "expert witness summaries and reports," **not** the June 27, 2023 deadline for "rebuttal expert witness summaries and reports."  [*See* ECF No. 29].  As the Greer Report is untimely—served on the deadline for rebuttal reports and foreclosing ZAGG's opportunity to hire its own expert and respond—ZAGG requests that the Court strike the Greer Report and preclude DVG's reliance upon the expert testimony contained in the Greer Report.

## BACKGROUND

Pursuant to this Court's Amended Scheduling Order, "[t]he parties shall exchange expert witness summaries and reports" by June 13, 2023.  [ECF No. 29].  The parties, thereafter, "shall exchange rebuttal expert witness summaries and reports" fourteen (14) days later, on June 27, 2023.  *Id.*  The close of fact and expert discovery, set for July 11, 2023, just fourteen (14) days after the deadline to submit rebuttal expert reports, has now lapsed. *Id.*

On June 27, 2023, Defendant DVG served upon ZAGG the "Rebuttal Expert Report of Rachel Johnson Greer" (the "Greer Report"), attached hereto as <u>Exhibit A</u>. Despite its title, the Greer Report is not a "rebuttal report," as DVG claims, but, rather, DVG's original expert report.  To date, ZAGG has not submitted an expert report for DVG or its expert to rebut.  Mischaracterized as a "rebuttal report," the expert report of Rachel Johnson Greer was served fourteen (14) days after initial expert reports were due on June 13, 2023 and is, thus, untimely.

2

## ARGUMENTS & AUTHORITIES

**I.     The Court Should Preclude and/or Strike the Greer Report**

This Court should exclude the untimely Rebuttal Expert Report of Rachel Johnson Greer for all purposes. If a party fails to properly serve its expert disclosures under Fed. R. Civ. P. 26 and the Court's scheduling order, the party is precluded from using the information unless the failure to do so was with substantial justification or was harmless. Fed. R. Civ. P. 37(c)(1). Specifically, Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness... unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also*, *e.g.*, *Potish v. R.J. Reynolds Tobacco Co.*, C.A. 9:15-cv-81171, 2017 WL 5952892, at *2-4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, C.A. 09-CV-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010). "Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of evidence." *All-Tag Corp. v. Checkpoint Sys., Inc.*, 408 F. Supp. 3d 1347, 1353 (S.D. Fla. 2019) (citing *Companhia Energetic Potiguar v. Caterpillar Inc.*, C.A. No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise... compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). The burden of establishing that a failure to disclose or comply was substantially justified or harmless is with the party who failed to timely disclose the expert opinion. *See Potish*, 2017 WL 5952892, at *2.

"Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense." *Warren v. Delvista Towers Condo. Ass'n, Inc.*, C.A. No. 13-23074-CIV, 2014 WL 3764126, at *1 (S.D. Fla. July 30, 2014) (citing *SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 277-78 (1st Cir. 2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim); *Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report)). Where failure to comply with expert disclosure deadlines "paint[s] the Court into a corner in which it has to strike the expert disclosures or extend the discovery deadline," this Court has found that striking the expert report is the appropriate remedy. *See United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016) (citing *G & G Closed Circuit Events, LLC v. Castillo*, C.A. No. 14 C 2073, 2016 WL 3551634, at *7 (N.D. Ill. June 30, 2016)) (internal quotation marks omitted). This is precisely the case here.

## II.     The Greer Report is Untimely and the Delay is Without Substantial Justification

### A. The Greer Report is Not a Rebuttal Report and is Untimely

As a preliminary matter, there can be no dispute that the Greer Report is untimely. The Greer Report is ***not*** a "rebuttal report," as DVG claims. Rachel Johnson Greer states at Paragraph 6: "I have been retained by DVG to provide rebuttal testimony with respect to Amazon's practices and procedures, particularly with respect to Amazon's condition guidelines." Greer Report, ¶ 6. Clearly, the Greer Report was not prepared to respond to expert testimony proffered by ZAGG, but rather, to present DVG's original, affirmative expert testimony. As this Court has recognized, simply calling an expert report a "rebuttal report" does not make it so. For example, in *All-Tag Corp. v. Checkpoint Sys., Inc.*, this Court confirmed that a mischaracterized "rebuttal report" was

"properly considered a new affirmative expert report," which was untimely served at the rebuttal report deadline:

> A prior Court order required the parties to serve each other with their affirmative expert reports by July 17, 2019, and their rebuttal expert reports by August 23, 2019. [DE 167]. On July 17, 2019, Plaintiff served Defendant with Dr. Hunter's affirmative expert report. Then, on August 23, 2019, Plaintiff served Defendant with Dr. Hunter's purported rebuttal report. As discussed above, ***Section IV of Dr. Hunter's report is properly considered a new affirmative expert opinion, rather than a rebuttal report. Thus, Plaintiff was required to serve Defendant with it by July 17, 2019, the affirmative expert report deadline, not August 23, 2019, the rebuttal report deadline.***

408 F. Supp. 3d at 1352 & n.1 (emphasis added) (further explaining that "[i]f Plaintiff needed an extension of time to comply fully with the July 17, 2019, affirmative expert report disclosure deadline, it should have moved for such an extension prior to the July 17, 2019, deadline, rather than attempt to slip an affirmative expert opinion into a rebuttal report on August 23, 2019"). Like in *All-Tag Corp.*, the Greer Report, containing exclusively affirmative expert testimony, was subject to the June 13, 2023 deadline set by the Court, ***not*** the June 27, 2023 deadline for rebuttal reports. *See* ECF No. 29.

### B. The Greer Report Should be Stricken as There is No Justification for the Delay and the Failure to Timely Disclose the Report is Prejudicial to ZAGG

As the Greer Report is untimely, it should be stricken pursuant to Fed. R. Civ. P. 37(c)(1) and 16(b). ***First***, there is no acceptable justification for the delay. DVG offers no explanation for the delay in submitting the Greer Report well after the June 13, 2023 deadline to do so. As the Greer Report was solely submitted to opine upon the allegations in ZAGG's Second Amended Complaint, which was filed on March 31, 2023, and was not submitted to respond to any expert testimony or report submitted by ZAGG (*see* Greer Report, ¶ 8(a) (identifying the Second Amended Complaint and Answer thereto as the only two record documents reviewed); *id.* ¶ 11 ("I note that the Complaint relies on a misinterpretation of language in an outdated Amazon policy to

support Zagg's claims against DVG.")), there is no apparent reason, let alone compelling reason, that precluded DVG from retaining, preparing, and submitting the Greer Report well before the June 13, 2023 deadline. Accordingly, the delay associated with the Greer Report is not justified.

*Second*, serving affirmative expert testimony on the deadline for submitting rebuttal testimony, just fourteen (14) days before the close of expert discovery, is highly and materially prejudicial to ZAGG. DVG's attempts to classify the Greer Report as a "rebuttal report"—and obtain fourteen (14) extra days to prepare and serve the report—is at best, gamesmanship, and, at worst, disingenuous. *See*, *e.g.*, *All-Tag Corp.*, 408 F. Supp. 3d at 1347 (condemning late-disclosing party's "attempt to slip an affirmative expert opinion into a rebuttal report on August 23, 2019"). In serving the Greer Report on the deadline to submit rebuttal reports, DVG has foreclosed ZAGG from having the opportunity to hire its own expert and submit a proper rebuttal report to respond to Rachel Johnson Greer's opinions *prior* to the Court's rebuttal report deadline, which it could have done had DVG complied with the June 13, 2023 deadline. "The purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, C.A. No. 10–24310–CIV, 2011 WL 6372198, at *3 (S.D.Fla. Dec. 20, 2011). This is precisely the result of DVG's late-disclosed Greer Report.

DVG's failure to timely disclose the Greer Report is unjustified and prejudicial, and, as such, the report should be stricken as untimely.

## **CONCLUSION**

For the foregoing reasons, ZAGG respectfully requests that this Court strike the Greer Report and exclude the expert testimony contained in the Greer Report. In the alternative, ZAGG respectfully requests that should the Greer Report not be stricken, that the Court's deadlines be

6

extended to allow ZAGG the opportunity to submit a rebuttal expert report and to grant any other relief this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

The undersigned certifies that the parties met to confer regarding the subject of this motion and were unable to reach an agreement.

Dated: July 17, 2023

Respectfully submitted,

/s/ *Mallory M. Cooney*
Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L Gates LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: 305.539.3300
Fax: 305.358.7095

Morgan T. Nickerson (*Pro Hac Vice*)
morgan.nickerson@klgates.com
Jack S. Brodsky (*Pro Hac Vice*)
jack.brodsky@klgates.com
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

*Attorneys for ZAGG Inc*

315912657.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 17th day of July 2023.

                                              /s/ Mallory Cooney
                                              Mallory Cooney

315912657.3