**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.: 1:23-cv-20304-ALTMAN/REID

ZAGG INC,

    Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

    Defendants.
_____/

DVG TRADE LLC,

    Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

    Counterclaim-Defendants.
_____/

## *SEALED* ORDER ON MOTION TO COMPEL AND DISCOVERY HEARING

**THIS CAUSE** came before the Court pursuant to DVG Trade LLC's ("DVG" or "Defendant") Motion to Compel Plaintiff to produce its agreements with certain retailers [ECF Nos. 120 and 122] and Plaintiff's *ore tenus* motion to quash five subpoenas for depositions and production of documents served by Defendants on AT&T, Inc., Best Buy Co., Inc., T-Mobile USA, Inc., Verizon Wireless, Inc., and Market Performance Group, LLC (the "Third Parties" or "Mobile Carriers and Retailers"), all companies who are resellers of ZAGG products [ECF No.

131]. The Court has considered the Motions and Responses [ECF No. 125], and the parties' arguments at the November 6, 2023 discovery hearing. For the reasons discussed below, it is **ORDERED AND ADJUDGED** that the Defendants' Motion to Compel [ECF Nos. 120 and 122] is **DENIED** and Plaintiff's *ore tenus* motion to quash the five subpoenas [ECF No. 131] is **GRANTED**.

## BACKGROUND

This is a trademark infringement action by ZAGG, a manufacturer and seller of screen protectors, power management solutions, and other products. [ECF. 26 at 4]. DVG sells ZAGG's products on Amazon.com. [*Id.* at 2 and 5]. ZAGG seeks injunctive relief and monetary damages for Defendants' trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act,15 U.S.C. § 1051, et seq. [*Id.*]. ZAGG alleges that DVG and the other Defendants are selling ZAGG products on Amazon as "new" when in fact they are reselling liquidated ZAGG products from ZAGG's authorized retailers that no longer have ZAGG's manufacturer's warranty and that are often used and/or returned products and may be in damaged condition. According to ZAGG, Amazon.com's Terms and Conditions require that products advertised as "new" carry the manufacturer's warranty. ZAGG further alleges that Defendants intentionally cover or remove the serial number from the re-sold ZAGG products to cover-up the fact that the products are not "new."

DVG and the other Defendants counterclaim seeking a declaration that its acts do not infringe on ZAGG's trademark, alleges defamation and product disparagement claims against ZAGG and violations of the Florida Deceptive & Unfair Trade Practices Act, as well as civil conspiracy against ZAGG and its related company, Screenya, for improperly manipulating Amazon's pricing algorithm. [ECF. No. 41]. DVG claims ZAGG simply wants to eliminate third-

2

party sellers on the Amazon marketplace through false intellectual property complaints and sham litigation. [*Id.*]. It also alleges that ZAGG fraudulently and artificially inflates the pricing of ZAGG Products on Amazon through ZAGG's own shell company. [*Id.*].

Upon clarification of the discovery deadline in this case, the Undersigned granted the parties leave to brief the issue of whether DVG may compel the production of all communications between ZAGG and the Mobile Carriers and Retailers. DVG also seeks the production of business agreements between ZAGG and the Mobile Carriers and Retailers. The Court held a discovery hearing on November 6, 2023 to discuss pending discovery issues.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 45, parties may command non-parties to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling." *In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8-ORL-41TBS, 2016 WL 1599831, at *3 (M.D. Fla. Apr. 21, 2016) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D)). This, however, is not without limits. Rule 45 provides that:

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

"The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-CV-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015).

Generally, an individual does not have standing to challenge a subpoena served on another. *Barrington v. Mortgage IT, Inc.*, 07-61304-CIV, 2007 WL 4370647, at *1 (S.D. Fla. Dec. 10,

3

2007). However, a party has standing to move to quash a subpoena directed at a non-party if the party alleges a "personal right or privilege" with respect to the subpoenas. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

Further, Federal Rule of Civil Procedure 26(b)(1) lays out the scope of discovery. It provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

## **DISCUSSION**

ZAGG opposes Defendants' attempt to subpoena its business agreements and communications with its major customers. ZAGG argues that disclosing its confidential pricing agreements with its major customers will cause "substantial and significant harm" to ZAGG's business relationships. [ECF No. 125 at 8]. ZAGG also asserts the documents and communications sought are not relevant to either ZAGG's claims or DVG's defenses or counterclaims and are disproportionate to the needs of the case. [*Id.* at 2]. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

On the other hand, DVG argues that ZAGG's agreements with Mobile Carriers and Retailers is "at the heart of ZAGG's claims." [ECF. No. 122 at 2]. According to DVG, ZAGG is attempting to control the pricing of its products sold online by threatening certain sellers with bogus legal notices and submitting false reports to Amazon regarding these claims. [*Id.* at 3]. One such example is an agreement between ZAGG and a retailer, which apparently contains a price match clause, whereby the retailer will match the prices of ZAGG's products against all sellers on

Amazon and bill ZAGG for the difference. [*Id.* at 4]. DVG asserts that ZAGG already agreed to produce these agreements at a previous hearing. [ECF No. 122 at 5].

Alternatively, ZAGG has stated that it is willing to respond to specific requests so long as they are clearly relevant to a claim and/or defense in this case. [ECF No. 125 at 8].

First, the affidavit of Merril Longmore, Director of e-Commerce and Brand Protection at ZAGG, addresses confidentiality concerns in detail. [ECF No. 125-1]. Unlike situations in which a party seeks to block the disclosure of its bank accounts or related financial information or information regarding its corporate structure, ZAGG claims the nature of the pricing information sought would undermine its business relationships with these customers and future customers. These are reasonable concerns that support their standing to move to quash the subpoenas on privacy or privilege grounds.

Furthermore, the Court agrees with ZAGG that the requests are irrelevant and disproportionate to the needs of this case. Specifically, it is unclear how *all* agreements and communications between ZAGG and the Mobile Carriers and Retailers associated with ZAGG products is related to ZAGG's claims or DVG's defenses or counterclaims. In its Motion and at the November 6, 2023 hearing, DVG failed to establish this crucial connection.

The five subpoenas to the Mobile Carriers and Retailers are essentially the same. Defendants are requesting each Mobile Carrier and Retailer produce a list of 20 categories of documents including "[a]ll communications with Zagg concerning the sale of ZAGG Products" and "[d]ocuments sufficient to identify each ZAGG Product that You have sold since January 1, 2021." The Requests define communications to include "any conversation or other oral or written contact, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was transmitted or transferred, whether or not subsequently recorded in

5

any document." The lists of depositions topics range from "[y]our sales of ZAGG Products, including Your channels of distribution and Your advertising and offering for sale of ZAGG Products online, from January 1, 2021, until the present" to "[y]our policies for handling customer complaints and inquiries regarding ZAGG Products, including, but not limited to, any complaints or inquiries related to counterfeit products, knockoff products, used products, defective products, damaged products, any quality issues, and/or warranty." Each subpoena, including instructions, definitions, Schedules A and B, lists of documents to be produced and depositions topics, along with the Defendants' Answer to the Complaint and Counterclaim and other pleadings attached is approximately 76 pages long.

As the parties are well-aware, this is a trademark infringement action that centers on the sale of ZAGG products on Amazon.com. DVG's counterclaims also focus on alleged misconduct in relation to the sale of products on Amazon.com. [ECF No. 41]. DVG cannot simply state that the agreements it seeks are "at the center of each of [ZAGG's] theories of liability" yet choose not to cite to *any* of these alleged theories. [ECF No. 122 at 2]. Indeed, DVG refers to the Second Amended Complaint regarding ZAGG's "Network" of "Authorized" resellers but fails to show the nexus between these resellers to the actual claims. [*Id.*].

Counsel for DVG also argued at the November 6, 2023 hearing that the sought-out discovery relates to its defenses because the allegations in ZAGG's complaint are incorrect and DVG claims the products sold by ZAGG's retailers and by DVG are actually "one and the same." DVG's counsel pointed out the relevance of potential quality controls by these retailers, which ZAGG alleges are not being implemented by DVG. Regarding the defamation count in its counterclaim, DVG relies on a deposition where ZAGG's witness stated that the reason he submitted complaints to Amazon is because the products sold by DVG were different from those

that ZAGG believes should be sold. ZAGG maintains that the difference lies in the fact that ZAGG products do not retain the manufacturer's warranty when sold by DVG and, thus cannot be claimed by DVG to be "new."

The Court is not convinced that the documents and communications requested in the subpoenas to the Mobile Carriers and Retailers are relevant to any claims or defenses in this action. Importantly, there is no evidence that DVG buys ZAGG products from any of these Third Parties, thereby eliminating the need to seek certain agreements from these companies. Further, Defendants had not explained what ZAGG's relationships with these companies and the conduct of these companies has to do with Defendants' claims against ZAGG. Indeed, if any of these companies are infringing upon ZAGG's trademarks or are involved in false advertising or unfair competition, that would not be of relevance to this case.

Moreover, as stated in Fed. R. Civ. P. 26(b)(2)(C)(ii)–(iii), the Court can limit discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." According to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action" as well as "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." As the Court outlined above, the sought-out documents are not relevant to the case. The requests are also disproportionate given the attenuated connection between the requests and DVG's defenses and counterclaims.

Finally, the Court notes that DVG's subpoenas served on five non-parties with no direct ties to the allegations or defenses is driving up litigation costs for both parties. In addition, almost

7

one year has passed since the filing of this suit, and almost six months have passed since the counterclaims were filed. Even considering any confusion by both parties regarding discovery deadlines, DVG has had ample time to issue subpoenas. A complete production of documents from these Mobile Carriers and Retailers before the November 29, 2023 discovery cutoff is unlikely and burdensome.

## CONCLUSION

Accordingly, Defendant's Motion to Compel [ECF Nos. 120 and 122] is **DENIED**. Plaintiff's *ore tenus* motion to quash the five subpoenas [ECF No. 131] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of November 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Court Judge Roy K. Altman**; and
**All Counsel of Record**