UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.: 1:23-cv-20304-ALTMAN/REID

ZAGG INC,

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

        Defendants.
_____/

DVG TRADE LLC,

        Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

        Counterclaim-Defendants.
_____/

**ORDER ON MOTION TO COMPEL AND MOTION FOR**
<u>**EXTENSION OF DISCOVERY DEADLINE**</u>

**THIS CAUSE** came before the Court pursuant to Plaintiff ZAGG Inc.'s ("ZAGG" or "Plaintiff") Motion to Compel and Motion for Extension of the Discovery Deadline. [ECF No. 151]. The Court has considered the Motion, Defendant DVG Trade LLC's ("DVG" or "Defendant") Opposition, and the deposition transcript of individual defendant and corporate representative of DVG, Menachem Mendel Ichilevici. [ECF Nos. 157, 160]. For the reasons

discussed below, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This is a trademark infringement action brought by ZAGG, a manufacturer and seller of screen protectors, power management solutions, and other products. [ECF. 26 at 4]. DVG's counterclaims include a declaratory judgment seeking a declaration that its acts do not infringe on ZAGG's trademark, defamation and product disparagement through submissions made to Amazon, civil conspiracy between ZAGG and Screenya for improperly manipulating Amazon's pricing algorithm, and violations of the Florida Deceptive & Unfair Trade Practices Act. [ECF. No. 41].

On October 20, 2023, the Court held that "[a]ll discovery shall be completed by November 29, 2023" and that "[n]o additional extensions regarding discovery will be granted." [ECF No. 118]. ZAGG now seeks to compel the production of additional documents and for a brief extension to the discovery deadline.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citation omitted). Further, "[w]hen a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.'" *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing Fed. R. Civ. P. 6(b)(1)). Excusable neglect is an "'equitable

inquiry, taking account of all relevant circumstances surrounding the party's omission' . . . includ[ing] 'the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Hurley v. Anderson*, No. 16-80102-CIV, 2017 WL 4304894, at *2 (S.D. Fla. May 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations omitted)).

## DISCUSSION

ZAGG seeks an order (1) compelling DVG to produce additional financial documents associated with the sale of ZAGG products and a witness prepared to discuss same; (2) compelling DVG's counsel (rather than Mr. Ichilevici) to search his e-mails, cell phone, and Amazon portal and produce all responsive documents; (3) granting leave to subpoena and depose a newly disclosed logistics vendor; and (4) awarding fees and costs for its preparation of the Motion and the relief sought therein. The Court will address each argument in turn.

I.   **PRODUCTION OF FINANCIAL DOCUMENTS AND A WITNESS**

ZAGG argues that Mr. Ichilevici was entirely unprepared for the deposition. [ECF No. 151 at 4]. The Court disagrees. Mr. Ichilevici was deposed for over four hours and spent 20–30 hours preparing for the deposition. [Ichilevici's Dep. 187:9–11]. He explained key details associated with the financial documents, including the source of the sales data and the method of calculating the net profit. [*Id.* at 50:21–52:1; 156:24–157:8]. Simply stating that he "would have to look" into certain topics does not "indicate a complete lack of preparation" as ZAGG argues. [ECF No. 151 at 4]. Certainly, "a Rule 30(b)(6) deposition is not a memory test, and '[a]bsolute perfection is not required of a . . . witness.'" *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322

3

(11th Cir. 2022) (quoting *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012)).

For the same reasons, ZAGG's complaint of deficiencies in the spreadsheet—which details sales information for the relevant period—fails. ZAGG believes the spreadsheet "contained no dates and no information that, on its face, would allow a person to understand what was being shown in the document." [ECF No. 151 at 3]. But ZAGG's attorney had ample opportunity to question Mr. Ichilevici. Indeed, Mr. Ichilevici answered several questions on this issue, providing insight on the extraction process of the seller data as well as an overview of relevant columns of the spreadsheet. [Ichilevici's Dep. 160:9–161:11]. To the extent the data is outdated, Mr. Ichilevici's declaration states that he is willing to provide updated sales information containing sales made after the summary was produced. [ECF No. 157-5 at 2].

Next, ZAGG requests additional financial documents, including the "[t]otal sales of ZAGG products and . . . its total sales of all products for the entire time period that Defendant has been selling ZAGG products." [ECF No. 151 at 3]. DVG's Opposition states that the relevant period in the discovery request is January 1, 2020 to the present and that ZAGG is now asking the Court to compel information that it never sought. [ECF No. 157 at 3]. In support, Mr. Ichilevici's declaration states that there were no sales of ZAGG products between January 1, 2018 and December 31, 2019. [ECF No. 157-5 at 2]. He confirmed at his deposition that the produced sales data provides the total revenue derived from the sale of ZAGG products for all time and that pre-2020 sales of ZAGG products were low and not substantial. [Ichilevici's Dep. 190:12–191:21]. ZAGG's Motion is devoid of any discovery request or interrogatory seeking sales data for this enlarged time frame, stating only that the total sales of all products are relevant to DVG's counterclaim. [ECF No. 151 at 4 n.2].

4

As such, ZAGG's first request compelling the production of additional financial documents (excluding the updates sales information, which DVG has agreed to produce) and the production of an additional witness is denied.

## II. SEARCH OF POTENTIALLY RESPONSIVE DOCUMENTS BY COUNSEL INSTEAD OF BY WITNESS

Next, ZAGG takes issue with the apparent lack of review by DVG's counsel of responsive e-mails, text messages, and Amazon portal communications produced by Mr. Ichilevici.

He testified that he did not provide his attorneys access to the Amazon Seller Central account and signaled uncertainty as to the terms used to search for responsive documents. [Ichilevici's Dep. 101:14–105:10]. In his declaration, he admits that he searched for responsive documents under the guidance of his lawyers. [ECF No. 157-5 at 2]. Further, Mr. Ichilevici confirmed that business with vendors is done in-person, over the phone, and via text message. [Ichilevici's Dep. 133:14–16; 134:6–8]. However, no text messages (or a log containing details regarding these text messages) were produced. [ECF No. 151 at 7]. ZAGG also points to responsive e-mails between DVG and Amazon associated with publicly available reviews, which it argues were also never produced. [ECF No. 152 at 7].

Courts have expressed concern when it comes to a lay-person's self-collection of relevant discovery on an electronic device. This "is highly problematic and raises a real risk that data could be destroyed or corrupted." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017).

> The relevant rules and case law establish that an attorney has a duty and obligation to have knowledge of, supervise, or counsel the client's discovery search, collection, and production. It is clear to the Court that an attorney cannot abandon his professional and ethical duties imposed by the applicable rules and case law and permit an interested party or person to "self-collect" discovery without any attorney advice, supervision, or knowledge of the process utilized.

*Equal Employment Opportunity Comm'n v. M1 5100 Corp.*, 19-CV-81320, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020).

Clearly, counsel for DVG should have supervised its clients in the collection of ESI. Mr. Ichilevici is both an individual defendant and the representative of DVG, bolstering the need for a thorough document search by DVG's counsel. As such, DVG's counsel is ordered to review DVG and Mr. Ichilevici's records and produce any documents responsive to ZAGG's discovery requests, which were made prior to the close of discovery. Should counsel for DVG discover any non-produced responsive documents, the parties are directed to confer and set a reasonable timeline for that production.

With regard to the e-mails between DVG and Amazon, Mr. Ichilevici's declaration states that "DVG does not receive an email with each publicly-posted review[,]" and DVG confirmed that, to the extent communications with Amazon and customers were available, they were already produced. [ECF No. 157-5 at 2, 157 at 6].

### III.   LEAVE TO SUBPOENA NEWLY DISCOVERED LOGISTICS VENDOR

At the deposition, Mr. Ichilevici, for the first time, provided the name of a logistics vendor, which receives ZAGG products and inspects them. [Ichilevici's Dep. 120:12–18]. DVG argues that the vendor "performs nothing more than manual labor." [ECF No. 157 at 9]. ZAGG cites to its interrogatories served in April of 2023, where it requested that DVG "identify the full chain of custody of the ZAGG Products from when they were sold by ZAGG to when Defendant obtained the ZAGG Products." [ECF No. 151-3 at 16–18].

This Undersigned has already ordered the deposition of another vendor, which is the source of DVG's ZAGG products. [ECF No. 117]. Thus, it is clear that the newly discovered logistics vendor is relevant to ZAGG's claim that DVG and other defendants are selling ZAGG products

6

on Amazon as "new" when in fact they are reselling liquidated ZAGG products from ZAGG's authorized retailers that no longer have ZAGG's manufacturer's warranty and that are often used and/or returned products and may be in damaged condition. The disclosure of this vendor on the last day of discovery should not preclude ZAGG from issuing a subpoena on this newly revealed entity.

IV. **ATTORNEYS' FEES AND COSTS**

ZAGG seeks attorneys' fees and costs for DVG's inadequate preparation of its 30(b)(6) witness, its failure to produce updated financial documents, and its last-minute disclosure of the logistics vendor. The Undersigned reserves its ruling on attorneys' fees and costs until all discovery is complete.

V. **GOOD CAUSE TO REOPEN DISCOVERY**

To be sure, "good cause" to reopen discovery as a result of "excusable neglect" is evident. *EarthCam, Inc*, 703 F. App'x at 813 (citing Fed. R. Civ. P. 6(b)(1)). DVG failed to articulate the extent that it would be prejudiced by executing a search of its clients' responsive documents or allowing discovery of the logistics vendor to go forward. *See Hurley*, 2017 WL 4304894, at *2 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The length of the extension will be slight, and an impact on the judicial proceeding is unlikely given the stay on all scheduling order deadlines. [*Id.*; ECF No. 83]. Lastly, the reasons for the delay were outside the control of Plaintiff, as they emerged on the last day of discovery during a deposition that should have taken place well before the discovery cutoff.

## CONCLUSION

The "purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be

7

based on a *full and accurate understanding of the true facts*, and therefore embody a fair and just result." *Gonzalez v. ETourandTravel, Inc.*, Case No. 6:13–cv–827–Orl–36TBS, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (quotations omitted) (emphasis added). Here, while the deadline to close discovery was November 29, 2023, DVG's attorneys' failure to supervise document collection and its last-minute disclosure of the logistics vendors requires a brief extension only as to the two issues described in this Order.

Accordingly, Plaintiff's Motion to Compel and Motion for Extension of Discovery Deadline [ECF No. 151] is **GRANTED IN PART AND DENIED IN PART**.

The parties shall appear via a telephonic status conference before the Undersigned on **February 14, 2024 at 9:30 am** to discuss updates regarding the two discovery issues discussed in Sections II and III of this Order. To the extent the disputes are resolved before the status conference, the parties shall immediately update the Court.

Finally, in light of the continued discovery disputes in this case, any future discovery dispute shall be heard **in-person** at the C. Clyde Atkins United States Courthouse, located at 301 North Miami Avenue, Third Floor, Miami, Florida 33128.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of January 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Court Judge Roy K. Altman**; and
       **All Counsel of Record**