**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

ZAGG INC,                                          **Case No.: 1:23-cv-20304-ALTMAN/REID**

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

        Defendants.
_____/

DVG TRADE LLC,

        Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

        Counterclaim-Defendants.
_____/

**DVG TRADE LLC'S RULE 72(a) OBJECTIONS TO THE
COURT'S MAY 24, 2024 DISCOVERY ORDER
AND INCORPORATED MEMORANDUM OF LAW**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................................2

     A.    The Parties ...................................................................................................................2

     B.    Zagg Failed to Search the Relevant Personnel in Discovery .................................3

III.  LEGAL STANDARD............................................................................................................4

IV.   THE COURT ERRONEOUSLY DENIED DEFENDANT'S REQUEST THAT
     ZAGG BE COMPELLED TO COMPLY WITH ITS DISCOVERY
     OBLIGATIONS....................................................................................................................4

     A.    Zagg Violated the Federal Rules in Failing to Conduct a Search of its
          Board Members, and Should Be Compelled to Conduct a Proper Search...............5

     B.    DVG's Motion Was Not Untimely, and Zagg Has a Duty to Supplement
          Its Production, Regardless of When the Issue Was Raised by DVG........................7

V.    CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acafrao v. U.S. Century Bank*,
  No. 09-21695-CIV, 2010 WL 4261435 (S.D. Fla. Aug. 4, 2010) ............................................9

*Allen v. Bake-Line Products, Inc.*,
  No. 98 C 1119, 2001 WL 883693 (N.D. Ill. 2001) .....................................................................9

*Matter of Application of O'Keeffe*,
  184 F. Supp. 3d 1362 (S.D. Fla.),
  *aff'd sub nom. In re O'Keeffe*, 660 F. App'x 871 (11th Cir. 2016) ............................................4

*Arconic Inc. v. Novelis Inc.*,
  No. CV 17-1434, 2018 WL 4958976 (W.D. Pa. Oct. 15, 2018) ................................................6

*Bahr v. NCL (Bahamas) Ltd.*,
  No. 19-CV-22973, 2022 WL 293255 (S.D. Fla. Feb. 1, 2022) ..................................................9

*BankAtlantic BanCorp, Inc.*,
  No. 07-61542-CIV, 2010 WL 3294342 (S.D. Fla. Aug. 20, 2010) ............................................9

*Greater New York Taxi Ass'n v. City of New York*,
  No. 13 Civ. 3089 (VSB) (JCF), 2017 WL 4012051 (S.D.N.Y. Sept. 11, 2017) .......................6

*Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States*,
  No. 2:10-CV-153-FTM-99, 2012 WL 5906895 (M.D. Fla. Nov. 26, 2012) ............................8

*Mays v. Cabell Cnty. Bd. of Educ.*,
  No. 3:22-CV-00085, 2023 WL 2656760 (S.D.W. Va. Mar. 27, 2023) ....................................6

*Riddel Sports Inc. v. Brooks*,
  158 F.R.D. 555 (S.D.N.Y. 1994) ...............................................................................................6

*Young v. Lexington Ins. Co.*,
  269 F.R.D. 692 (S.D. Fla. 2010) ..........................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................................9

Fed. R. Civ. P. 34(a)(1) .....................................................................................................................9

Fed. R. Civ. P. 37 ................................................................................................................................9

Fed. R. Civ. P. 72(a) ..........................................................................................................................4

Local Rule 26.1(e)(7) ........................................................................................................................8

Local Rule 26.1(g)(2)(A)(ii) .............................................................................................................7

Local Rule 26.1(g)(2)(A)(iii) ............................................................................................................8

Defendant DVG Trade LLC ("DVG" or "Defendant") respectfully submits these Objections to the Order of United States Magistrate Judge Lisette M. Reid dated May 24, 2024 denying DVG's motion to compel Plaintiff Zagg Inc. ("Zagg") to search for responsive documents in the email accounts of its board members (ECF No. 178, "Discovery Order").

## I.     INTRODUCTION

This case relates to the resale of Zagg-brand products ("Zagg Products") on the Amazon.com marketplace ("Amazon"). Zagg's Complaint alleges that the resale of Zagg Products through the "Mac N' Cheese" storefront on Amazon somehow infringes Zagg's trademark rights. It does not, DVG's mere acquisition and resale of genuine Zagg Products is not actionable. Rather, this case is simply one of many filed by Zagg to eliminate smaller sellers of Zagg Products and maintain inflated retail prices. (*See, e.g.*, ECF No. 41, Countercl. ¶ 135; ECF No. 145 at 3–6.)

Even before this action began, Zagg began interfering with DVG's right and ability to resell genuine products on Amazon by submitting numerous false reports to Amazon stating that DVG's products infringed Zagg's trademarks, resulting in the deactivation of DVG's listings and other harm to DVG's seller account. Thus, DVG has brought a claim for defamation in connection with the false reports that Zagg submitted to Amazon. In addition, DVG has brought counterclaims in connection with Zagg's price-fixing activities.

All discovery originally closed in this action on July 11, 2023. (ECF No. 29 at 2.) However, due to some discovery disputes, the Court granted an extension of time for depositions to be completed by the end of July 2023. (ECF No. 71; ECF No. 137, Hr'g Tr. 24:8–10.) Discovery issues have dragged on since then, including the reopening of discovery at the end of October 2023, until discovery closed again on November 29, 2023. (ECF No. 126.)

However, DVG recently learned that, during discovery, Zagg never preserved, searched, or collected documents or ESI from some of the key players on its side, namely its board members

1

Daniel Allen and Matthew Sevick. The Court's Discovery Order denied DVG's motion to compel Zagg to search for responsive documents in the email boxes and devices of its board members, finding that: (i) "DVG failed to request documents from ZAGG's board members in its First and Second RFPs"; and (ii) DVG's "request is untimely." (ECF No. 178 at 2.) Respectfully, these findings were erroneous, and Zagg should be compelled to conduct a proper search.

## II.   FACTUAL BACKGROUND

### A.   The Parties

DVG is a Florida-based company that resells various consumer products through an Amazon storefront having the name "Mac N' Cheese." DVG is owned by Menachem Ichilevici.

Zagg is in the business of manufacturing and distributing mobile phone accessories, including protective cases, screen protectors and chargers ("Zagg Products").

Zagg was formed in 2005 (as InvisibleShield) and was listed on the NASDAQ market in 2009. In 2021, after struggling financially, Zagg was delisted from NASDAQ as it was acquired by a buyer group led by Corona Park Investment Partners, Inc. ("Corona Park") and the holding company Evercel Inc. ("Evercel"). Desperate to turn around the company, Zagg's new owners devised an unlawful scheme to manipulate and control the pricing for, and distribution of, Zagg Products, including on the Amazon marketplace. Following a lawsuit between Corona Park and Evercel, a settlement was reached that provided for Corona Park's continued management of Zagg. In a February 3, 2023 press release, Evercel stated that: "We are committed to supporting Mr. Allen and his team at Corona Park in managing ZAGG based on his decisions and assessments, which we are hopeful will continue to yield impressive profits to all investors." https://www.globenewswire.com/news-release/2023/02/03/2601592/29478/en/Evercel-Announces-Company-Update.html. Corona Park continues to exercise complete control over Zagg's operations and conspired with Zagg and Screenya to engage in the unlawful acts at issue

2

in this lawsuit. Zagg's board members, Messrs. Allen and Sevick, used their Corona Park email accounts to communicate with Zagg employees concerning the issues in this action. However, Zagg intentionally excluded these @coronapark.com email addresses from its document collection efforts, claiming that those accounts are not in its "possession, custody, or control."

### B. Zagg Failed to Search the Relevant Personnel in Discovery

Zagg failed to collect documents, emails or text messages from any of its board members, including Messrs. Allen and Sevick, central figures in this case. These custodians would have information relevant to DVG's document requests, including topics covering DVG's defenses and counterclaims. Mr. Sevick is responsible for Zagg's day-to-day operations, including Zagg's attempts to eliminate competitors like DVG from Amazon. (*See, e.g.*, Ex. D, ZAGG_000215 (███████████████████████████████)). Mr. Sevick appears in numerous emails and took a lead role in Zagg's efforts to manipulate prices on Amazon. (*See, e.g.*, Ex. E, ZAGG_000318 (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████)). Mr. Allen (using the email dan@coronapark.com) was copied on these same e-mails and, likewise, heavily involved in the events that are the subject of this lawsuit. (*Id.*) Messrs. Allen and Sevick were also involved in the creation of the fictitious Screenya LLC entity—a party to this action. As explained in greater detail in DVG's Counterclaims (Dkt. 41 ¶¶ 95–131), Zagg created an alter ego in order hide its identify from Amazon and consumers. (*Id.* at ¶¶ 106–117). Mr. Allen personally signed-off on the corporate filings, which included knowingly false information (e.g., Ex. F, Sevick Tr. 73:7–76:10 (████████████████████████████████████████████████████████████████ ███████)). Throughout this case, obtaining basic address and ownership information concerning this entity has been difficult. Zagg and its counsel have represented to Defendants and

3

the Court that Screenya is a "shell" wholly owned by Zagg. (ECF No. 137, 7/6/23 Hr'g Tr. at 30:9–16). But Zagg represented to the Internal Revenue Service (IRS) that Screenya's sole member was Mr. Sevick (not Zagg). (Ex. C, ZAGG_02317–18). Defendants have been unable to confirm whether Zagg made misrepresentations to the Court, the IRS, or both.[1]

### III. LEGAL STANDARD

"Rule 72(a) requires a district court to modify or vacate a magistrate judge's order to the extent that the order 'is clearly erroneous or is contrary to law.'" *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1366 (S.D. Fla.) (quoting Fed. R. Civ. P. 72(a)) (sustaining Rule 72(a) objections, setting aside the magistrate judge's order, and denying motion to quash), *aff'd sub nom. In re O'Keeffe*, 660 F. App'x 871 (11th Cir. 2016). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

### IV. THE COURT ERRONEOUSLY DENIED DEFENDANT'S REQUEST THAT ZAGG BE COMPELLED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

Zagg's board members, Daniel Allen and Matthew Sevick, have never been asked to preserve, collect or produce documents in connection with this litigation. Rather, on February 29, 2024, Plaintiff Zagg Inc. ("Zagg") took the unsupportable position that, since these individuals are Zagg board members, they are not subject to discovery. DVG promptly provided Zagg with the relevant caselaw confirming that Zagg is wrong, but Zagg refused to cooperate and supplement its responses and production.

Accordingly, DVG asked the Court to compel Zagg to (a) search the e-mails, messaging

---

[1] Zagg intentionally omitted Corona Park and Screenya from its Certificate of Interested Parties in violation of the Court's March 9, 2023 Order (ECF No. 13).

4

programs and other electronic files of Messrs. Allen and Sevick; and (b) fully identify the custodians and sources that have been searched, and the terms used to conduct such searches (given that Zagg failed to abide by its obligations with respect to Messrs. Allen and Sevick).[2]

The Discovery Order denied DVG's request for two reasons, namely that:

(1) "DVG failed to request documents from ZAGG's board members in its First and Second RFPs"; and
(2) DVG's "request is untimely" because "DVG learned that ZAGG's board members' e-mails, files, and text messages had not been searched for documents responsive to DVG's RFPs" "[i]n November of 2023."

(ECF No. 178 at 2.) Respectfully, the Discovery Order appears to have misunderstood DVG's arguments. DVG's First and Second RFPs were directed to Zagg, and thus sought any documents in Zagg's possession, custody, or control, *which necessarily include documents in the custody of its board members.*[3] And, regardless of the timeliness of DVG's dispute (it was timely), Zagg has an affirmative obligation to supplement its responses under the Federal Rules to correct the deficiencies caused by a failure to conduct a complete search (purportedly caused by a misunderstanding of the law).

### A. Zagg Violated the Federal Rules in Failing to Conduct a Search of its Board Members, and Should Be Compelled to Conduct a Proper Search

The Discovery Order denied DVG's motion on the merits based on the sole rationale that "DVG failed to request documents from ZAGG's board members in its First and Second RFPs." (ECF No. 178 at 2.) However, that finding is erroneous. DVG's argument was not that Zagg failed to respond to document requests specifically directed at Zagg's board members, but that

---

[2] DVG raised this issue by email on March 17, 2024, through oral argument at the March 18, 2024 conference, by email on April 4, 2024, and through oral argument at the May 15, 2024 conference.
[3] For the avoidance of doubt, DVG defined "Plaintiff" in its discovery requests as Zagg Inc. and any of its "agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under their control, or acting or purporting to act on their behalf." (Exs. A & B.) Zagg never objected to this definition nor gave any indication that it was applying a different definition in its responses. (*See, e.g.*, ECF No. 63-5.)

5

Zagg had an obligation under the Federal Rules of Civil Procedure to preserve, search and collect documents from its board members in responding to DVG's discovery requests *to Zagg* (the fictional corporate "person" operated by individual people, including board members).

In attempting to excuse its failure to search, Zagg has taken the position that, with respect to "Zagg board members, Zagg is not in possession, custody, or control of [their] documents." (*See, e.g.*, ECF No. 171, 3/18/24 Hr'g Tr. 71:16–17 ("[W]e have not searched [Mr. Sevick's @coronapark.com e-mail] box because we don't have that . . .")) Zagg's position is incorrect. Board members have a fiduciary duty to provide access to their documents. *See Greater New York Taxi Ass'n v. City of New York*, No. 13 Civ. 3089 (VSB) (JCF), 2017 WL 4012051, at *3 (S.D.N.Y. Sept. 11, 2017) ("[N]umerous courts have held that a corporation has control over its board members, officers, and employees, such that it must produce documents in their possession."); *Riddel Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) (with respect to documents "created in connection with the officer's functions as a corporate employee, the corporation has a proprietary interest in them and the officer has a fiduciary duty to turn them over on demand."); *Mays v. Cabell Cnty. Bd. of Educ.*, No. 3:22-CV-00085, 2023 WL 2656760, at *6 (S.D.W. Va. Mar. 27, 2023) (rejecting party's argument that it does not have "possession, custody, or control" of board member emails).

Thus, whether or not they were using an @zagg.com email address or otherwise, Messrs. Allen and Sevick had a duty to preserve, collect and produce documents responsive to DVG's discovery requests. *See Arconic Inc. v. Novelis Inc.*, No. CV 17-1434, 2018 WL 4958976, at *3 (W.D. Pa. Oct. 15, 2018) ("It follows, inexorably, that [plaintiff's] directors have a fiduciary duty to produce documents related to their service on the board of directors of the corporation. Those documents are within [plaintiff's] possession, custody or control and must be produced.").

6

Moreover, Messrs. Allen and Sevick plainly used their @coronapark.com email accounts to conduct business for Zagg. They were, therefore, required to make their email accounts, devices and other sources available in discovery. In this regard, Zagg speculated that emails between the board members and other Zagg personnel may have been captured during discovery. Certainly, a few were, which is one reason that DVG knows that the board members have relevant information, were involved in the salient events, and used their @coronapark.com email addresses when discussing Zagg-related activities. (*See, e.g.*, Ex. E.) But, whether or not *some* emails were already produced is not the point. Even if *some* responsive emails from board members were duplicates of emails that were also in the custody of the Zagg personnel that were the subject of Zagg's searching, Zagg still has an obligation to search the board members' actual email boxes to see if there are other, additional, email that were not captured by the searching of other Zagg document custodians. For example, since Zagg did not search its board members' email boxes or text messages, communications that were solely between board members (e.g., between Mr. Sevick and Mr. Allen) would not have been captured. Nor is it known from whom Zagg collected information, as Zagg has refused to identify the custodians whose files were supposedly searched.

Zagg should be compelled to comply with the Federal Rules of Civil Procedure.

**B.    DVG's Motion Was Not Untimely, and Zagg Has a Duty to Supplement Its Production, Regardless of When the Issue Was Raised by DVG**

With respect to timeliness, the Discovery Order denied DVG's motion as "untimely," without giving any reason why. (ECF No. 178 at 2.) First, the Discovery Order does not identify a relevant deadline by which DVG would have needed to bring its motion. The Discovery Order found that "DVG learned that ZAGG's board members' e-mails, files, and text messages had not been searched for documents responsive to DVG's RFPs" "[i]n November of 2023" (*id.*); but that finding is not accurate. While Mr. Sevick testified in his individual capacity (i.e., not on behalf of

7

Zagg), that he believed that he hadn't collected documents for this case during the November 29, 2023 deposition, DVG was unaware until **February 29, 2024** that it was Zagg's position that it is not "in possession, custody, or control of" the documents of *any of its* board members and thus did not preserve, search or collect them. In other words, this dispute was not one were deposition testimony "g[ave] rise to the dispute" per Local Rule 26.1(g)(2)(A)(ii).[4] DVG could not have fathomed that Zagg granted central figures in this case a free pass from discovery because they happen to be board members or use non-Zagg email addresses to conduct Zagg's business.

In all events, even if untimely, "the Court may consider several factors to determine if the untimely filed Motion to Compel should be allowed on the merits. Some of the issues to be analyzed when considering whether an untimely motion should be heard are: the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to *absence of prejudice* to respondent and *the interests of judicial administration*." *Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States*, No. 2:10-CV-153-FTM-99, 2012 WL 5906895, at *1 (M.D. Fla. Nov. 26, 2012) (emphasis added). The Discovery Order does not include an analysis of any of these factors, nor were any discussed at the March 18 or May 15 conferences on this issue.

An analysis of these factors weighs in favor of considering the motion. For example, Zagg has never argued that it was prejudiced by DVG's purported delay in raising this issue. Rather, Zagg argued that it should not have to search the board members' files because discovery has

---

[4] Further, Zagg has never served any "Notice of Completion of Production as required by S.D. Fla. L.R. 26.1(e)(7)" that would key off a deadline for this dispute about the sufficiency of its production of documents. *See* Local Rule 26.1(g)(2)(A)(iii).

8

closed. But Zagg's position is contrary to the law and its own arguments. Indeed, during the March 18, 2023 conference, counsel for Zagg asserted that it still intended to bring new counterclaims "unrelated to anything we have done so far in discovery" and that this case was "still at the motion to dismiss stage . . . ." (ECF No. 171, 3/18/24 Hr'g Tr. 9:12–17). Requiring Zagg to search the files of its board members—which it should have done long ago—will have no impact on the completion of discovery in this case.

More importantly, Zagg concedes that it withheld the documents of its Board Members based on a purported misunderstanding of the law. Under Rule 26(e), a party has a continuing duty to supplement or correct a response or production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Acafrao v. U.S. Century Bank*, No. 09-21695-CIV, 2010 WL 4261435, at *2 (S.D. Fla. Aug. 4, 2010) (quoting Fed. R. Civ. P. 26(e)(1)(A)); *see also Allen v. Bake-Line Products, Inc.*, No. 98 C 1119, 2001 WL 883693, at *1 (N.D. Ill. 2001) ("Pursuant to Federal Rule of Civil Procedure (Rule) 26(e)(2), a party has a duty to supplement its discovery throughout litigation. The duty to supplement discovery requests lingers on without solicitation by the requesting party.").

Zagg's duty to correct its admitted error did not end with the initial close of discovery. *See Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2022 WL 293255, at *3 (S.D. Fla. Feb. 1, 2022) ("The Court agrees with Defendant. The duty to supplement continues after the close of discovery."); *BankAtlantic BanCorp, Inc.*, No. 07-61542-CIV, 2010 WL 3294342, at *5 (S.D. Fla. Aug. 20, 2010) (ordering party to produce withheld documents after close of discovery). And Rule 37 mandates sanctions for discovery violations in connection with Rule 26. *See Young v. Lexington*

9

*Ins. Co.*, 269 F.R.D. 692, 693 (S.D. Fla. 2010).

Thus, even if DVG's motion was untimely (it was not), Zagg nonetheless has an affirmative duty to preserve, search for, and produce documents and ESI in its "possession, custody, or control," and to supplement "in a timely manner [when it] learn[ed] that in some material respect the disclosure or response is incomplete". Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 26(e). "The interests of judicial administration" do not favor allowing Zagg to shirk its discovery obligations based on an argument that DVG did not police them early enough.

## V. <u>CONCLUSION</u>

For at least the foregoing reasons, Defendant respectfully requests that the Court sustain these Objections, and compel Zagg to conduct a search for responsive documents in the email boxes of its board members.

Dated: June 7, 2024

Respectfully submitted,

By: */s/ Geoffrey M. Cahen*
Geoffrey M. Cahen
Florida Bar No. 0013319
CAHEN LAW, P.A.
1900 Glades Road, Suite 270
Boca Raton, Florida  33431
Tel. No.: (561) 922-0430
Geoff@cahenlaw.com

Mark Berkowitz (*Pro Hac Vice*)
Sandra A. Hudak (*Pro Hac Vice*)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY  10018
Tel. No: (212) 216-8000
mberkowitz@tarterkrinsky.com
shudak@tarterkrinsky.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed, this 7th day of June, 2024, to:

*Counsel for Plaintiff*

Mallory Meagan Cooney
K&L Gates LLP
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: mallory.cooney@klgates.com

Morgan T. Nickerson
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Email: morgan.nickerson@klgates.com

By: __*/s/ Geoffrey M. Cahen*__