UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZAGG INC.,                                    Case No.: 1:23-cv-20304-RKA

    Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

    Defendants.
_____/

DVG TRADE LLC,

    Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

    Counterclaim-Defendants.
_____/

**PLAINTIFF ZAGG INC.'S RESPONSE TO DEFENDANT DVG TRADE LLC'S RULE 72(a) OBJECTIONS TO THE COURT'S MAY 24, 2024 DISCOVERY ORDER**

Plaintiff ZAGG Inc. ("ZAGG"), by and through its undersigned counsel, hereby submits this Brief in Support of Plaintiff's Response to DVG Trade LLC's ("DVG Trade") Rule 72(a) Objections to the Court's May 24, 2024 Discovery Order [ECF No. 178].

## INTRODUCTION

DVG Trade's Fed. R. Civ. P. 72(a) Objections (the "Objections") attempt to resurrect issues already plainly and correctly decided by Magistrate Judge Reid as set forth in her May 24, 2024 Discovery Order [ECF No. 178] (the "Order"). First, DVG Trade objects to Judge Reid's

1

denial of DVG Trade's Motion to Compel ZAGG to search for responsive documents in the email accounts of its board members. In her Order, Judge Reid stated that the request for ZAGG to search for responsive documents in the email accounts of its board members Matthew Sevick and Daniel Allen is untimely and DVG Trade has failed to provide any reasonable justification for its untimely request. *See* Order, at 2. Additionally, Judge Reid explained her reasoning in detail during the May 15, 2024 Discovery Hearing. However, DVG Trade, once again, attempts to re-litigate a discretionary discovery issue, which was *not timely raised*, and argues the exact same points already fully considered by Judge Reid. DVG Trade's argument in support of its Objections falls flat because DVG Trade is unable to meet the highly deferential, exacting standard of clear error under Rule 72(a). Because Judge Reid's Order is neither clearly erroneous nor contrary to law, DVG Trade's Objections must be denied in full.

## **RELEVANT FACTUAL BACKGROUND**

DVG Trade issued discovery requests to ZAGG on April 7, 2023 (*see* Objections, Ex. A) and May 23, 2023 (*see* Objections, Ex. B). The requests were addressed to ZAGG, *not* individuals. As discussed at the in-person discovery hearing before Judge Reid, it is undisputed that DVG Trade never asked for the custodial files of ZAGG's board members Daniel Allen and Matthew Sevick (who are not employed by ZAGG) to be searched. *See* Transcript of March 18, 2024 Discovery Hearing 66:16–17 [ECF No. 171]; Transcript of May 15, 2024 Discovery Hearing 42:19–43:1; *see also* Transcript of November 29, 2023 Deposition of Matthew Sevick 18:12–13; 31:11–16 [hereinafter "Sevick Dep. Tr."]. ZAGG properly responded to DVG Trade's discovery requests, including searching for (and producing) documents and communications in ZAGG's possession, custody, and control that were responsive to the requests. *See* Transcript of May 15, 2024 Discovery Hearing 42:19–43:1 (Judge Reid explaining to DVG Trade that ZAGG has

2

complied with the requests and that she could not find that anything was missing from ZAGG's compliance, particularly given that the requests do not mention board members or the third-party firm). DVG Trade never raised an issue as to whether board members had been included in ZAGG's responses to DVG Trade's discovery requests.

DVG Trade deposed Mr. Sevick on November 29, 2023.[1] During this deposition, which lasted approximately five hours, DVG Trade asked a multitude of questions about Mr. Sevick's role at ZAGG, his role in the litigation, and whether he himself had collected (or been asked to collect) documents and communications in connection with the litigation. Mr. Sevick's answers made clear that he had a very "limited understanding" of this matter, and that he was unaware of the identity of the defendant, how many defendants were involved, if more than one, or that the defendant had brought counterclaims against ZAGG. *See* Sevick Dep. Tr. 14:25–16:22. Additionally, Mr. Sevick noted he had only been made aware of this litigation in a general sense as a board member, did not recall ever communicating with other ZAGG board members or employees about the litigation, was not privy to information ZAGG produced in the case, and received updates, if any, "infrequently" from ZAGG's counsel. *See id.* 56:12–15; 56:21–57:1 57:19–25; 59:1–7. DVG Trade also elicited information confirming Mr. Sevick's limited role at ZAGG, including that he is not employed by ZAGG, has never visited a ZAGG office (and does not know how many offices ZAGG has), performs no additional consulting services for ZAGG other than in his capacity as a board member, and does not have independent access to ZAGG's internal systems, including its financial documents. *See id.* 18:12–16; 41:25–42:23; 54:14–25.

In addition to establishing Mr. Sevick's limited role at ZAGG, DVG Trade was specifically put on notice at this *November 2023* deposition that Mr. Sevick had not collected (nor been asked

---

[1] DVG Trade never requested to take the deposition of Daniel Allen.

3

to collect) documents and communications. *See id.* 56:16–20. And DVG Trade did not, in November 2023, December 2023, January 2024, February 2024, or the first part of March 2024, raise or indicate it had any issue with the fact that Mr. Sevick had not collected, or been asked to collect, documents in connection to this litigation.

It was not until ZAGG continued pressing DVG Trade to comply with its discovery obligations in March 2024 that DVG Trade decided it would bring a tit-for-tat discovery dispute regarding the collection of documents from ZAGG board members, an issue being raised for the first time nearly a year after issuing discovery requests and *four months* after Mr. Sevick's deposition *and the close of discovery*. ZAGG emailed this Court requesting assistance on March 15, 2024 due to DVG Trade's failure to comply with its discovery obligations, including failing to meet and confer with ZAGG regarding discovery disputes, failing to produce documents and communications in its custody and control, and failing to conduct searches with specific search terms to determine whether responsive documents might exist.[2] DVG Trade responded to ZAGG's email on March 17, 2024, and *misrepresented to this Court* that it had "**recently learned** that ZAGG had failed to collect documents, emails or text messages from any of its board members" including Mr. Sevick who "admitted that he was not asked to preserve documents." (emphasis added).

On March 18, 2024, the next day, during a discovery hearing before this Court, DVG Trade again misrepresented that collection of documents from ZAGG board members was a "new issue" despite the fact that it had been on notice since November 29, 2023. At the same hearing, ZAGG's counsel explained, in detail, that the litigation is not a board-level matter, that the subject matter

---

[2] ZAGG notes that it *still* has yet to receive the results of the searches DVG Trade has allegedly conducted multiple times, despite requesting the results for *months* and this Court ordering DVG Trade to "make all efforts to obtain a list of hits and produce that list to counsel for ZAGG." *See* May 24, 2024 Discovery Order, at 2 [ECF No. 178].

4

of the litigation is handled by the eCommerce team at ZAGG, and that to the extent any communications exist between board members and ZAGG, those had been captured and produced. *See* Transcript of March 18, 2024 Discovery Hearing 70:18–20; 72:22–25; 73:3–7; 74:15–21. ZAGG's counsel also explained that DVG Trade's request to search a third-party firm's email addresses (as a board member, Mr. Sevick did not use zagg.com and instead used the email address of his non-party employer) is improper; a document request issued to ZAGG cannot possibly be read to require ZAGG to search a third-party firm's email accounts to which ZAGG's counsel has no lawful access. *See id.* 71:1–9. After hearing arguments from both parties, Judge Reid noted her concern that "discovery is just getting out of control" and specifically opined that the board member discovery dispute seemed "new," "not timely raised," that she could not understand why this was "coming up now" since DVG Trade had deposed Mr. Sevick in November 2023 at the end of discovery, and that "the time ha[d] past now on that issue." *See id.* 76:2–10; 78:21–24; 81:19–25; 82:10–13.[3] Still, Judge Reid concluded that portion of the hearing by reserving her ruling and asking DVG Trade to send an explanation via email regarding why the board email accounts are relevant, how DVG Trade has been harmed, and why the Court should pick up such an issue months after the close of discovery. *See id.* 83:1–7.

On April 4, 2024, DVG Trade sent the requested email to the Court, which included the very arguments DVG Trade now argues in its Objections. ZAGG responded the next day, and reiterated its position that the issue was not timely raised, was ignored by DVG Trade at multiple discovery hearings since DVG Trade was put on notice regarding the board emails, and that regardless, DVG Trade had not suffered any prejudice, especially considering that ZAGG had

---

[3] In contrast, the Court noted that the difference with the discovery disputes raised by ZAGG was that they were "ongoing" and had been raised and heard "at every single hearing." *See id.* 82:10–13.

already produced relevant communications involving board members and DVG Trade had taken full advantage of its opportunity to glean information from Mr. Sevick during his five-hour deposition in November 2023.

On May 15, 2024, at yet another discovery hearing, this Court heard oral argument from both parties on the issue once again, which were substantially similar to the arguments made by the parties on March 18, 2024 and the follow-up emails with the Court in April 2024. Judge Reid explained that DVG Trade's request for board member emails "seems…very late in coming," that it was not clear to her that the search would produce relevant documents, that DVG Trade's request was "rather burdensome" and that it additionally seemed "purely speculative because you do have everything within which they have, as board members, communicated with Zagg." Transcript of May 15, 2024 Discovery Hearing 66:25–68:16. After fully hearing, reviewing, and considering the arguments of both parties, Judge Reid issued her Order on May 24, 2024, denying DVG Trade's Motion to Compel ZAGG to search for responsive documents in the email accounts of its board members.

## LEGAL STANDARD

As a preliminary matter, it is well settled that magistrate judges are afforded broad discretion in issuing non-dispositive pre-trial orders related to discovery. *See, e.g. United States v. Everglades College, Inc.*, No. 12-60185-civ-DIMITROULEAS/SNOW, 2015 WL 11004889, at *1 (S.D. Fla. Oct. 20, 2015) (quoting *Malibu Media, LC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013)). Only in rare circumstances will a district court overturn a magistrate judge's discovery order. This is because the magistrate judge is typically in the best position to resolve discovery disputes "having [largely] managed the pre-trial aspect of the case and otherwise being fully informed with the conduct of the parties and non-parties in the discovery process." *The MAD*

6

*ROOM, LLC d/b/a BALL AND CHAIN et al. v. City of Miami*, No. 21-cv-23485-ALTMAN/Reid, 2023 U.S. Dist. LEXIS 123794, at *27 (S.D. Fla. July 17, 2023).

As this Court has explained in this very case, Rule 72(a) permits a district court to review and overturn the magistrate judge's ruling ***only*** if it is clearly erroneous or contrary to law. *See ZAGG Inc. v. TX Trading, Inc.*, No. 23-cv-20304-ALTMAN/Reid, 2024 WL 1833086, at *1 (S.D. Fla. Apr. 26, 2024) (citing *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020)). This is an "exacting standard" that is highly deferential and is rarely invoked. *See id.* (citing *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015) (internal quotation marks omitted); *see also Runton by and through Adult Advocacy & Representation v. Brookdale Senior Living, Inc.*, No. 17-60664-CIV-ALTONAGA/GOODMAN, 2018 WL 1083493, at *5 (S.D. Fla. Feb. 27, 2018) (quoting *Cox Enters.*, 794 F.3d at 1272). To be clearly erroneous, the district court must have "the definite and firm conviction that a mistake has been made." *Tolz v. Geico General Ins. Co.*, No. 08-80663-CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010) (quoting *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997)). In other words, to be clearly erroneous, an order by a magistrate judge must strike the district court as "more than just maybe or probably wrong; it must…strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *THE MAD ROOM*, 2023 U.S. Dist. LEXIS 123794, at *3 (quoting *Cox Enters.*, 794 F.3d at 1272 n.92). A district court may not overturn a magistrate's order simply because it might have decided the issue differently. *See Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007) (Marra, J.) ("The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue."). Additionally and separately, a magistrate judge's discovery order will be found as contrary to law only when it fails to apply or misapplies

7

relevant statutes, case law, or rules of procedure. *Tolz*, 2010 WL 384745, at *2.

## ARGUMENT

DVG Trade's Objections fail to establish that Judge Reid's Order is clearly erroneous or contrary to law. Rather, DVG Trade impermissibly attempts to resurrect stale arguments, repetitive of what was argued at two hearings and over email(s) to the Court, all of which Judge Reid has fully addressed.

First and foremost, DVG Trade's request is untimely and DVG Trade should not be allowed to reopen discovery on an issue of which it has had notice since November 2023. Under the Local Rules of the Southern District of Florida, "all disputes related to discovery shall be presented to the Court within (30) days from the: (a) original due date…of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials." *Munro v. Fairchild Tropical Botanic Garden, Inc.*, 2021 WL 2661187, at *2 (S.D. Fla. June 29, 2021) (quoting Rule 26.1(g)). Absent a showing of good cause for the delay, the failure to present the dispute to the Court within the prescribed time frame "may constitute a waiver of the relief sought at the Court's discretion." *Id.* The local rules require parties to raise issues in a timely fashion because a "court can only assist those parties who help themselves" by complying with their discovery obligations, including raising discovery disputes *as soon as they are presented*, rather than waiting months to do so, playing games, and asking the court to step in and retroactively require additional, burdensome discovery.[4] *Id.* (citing *S.O.S. Res. Servs., Inc. v. Bowers*, 2015 WL 6735540, at *3 (S.D. Fla. Nov. 4, 2015)).

---

[4] To be sure, if the 30-day limitation did not exist, ZAGG itself certainly has additional discovery issues it would gladly raise as well. *See* Transcript of March 18, 2024 Discovery Hearing 66:9–13 [ECF No. 171].

In the instant case, it is crystal clear that DVG Trade was put on notice in *November 2023* that ZAGG had not collected documents from its board members, nor had the board members collected documents themselves. *See* Sevick Dep. Tr. 56:16–20; *see also* Transcript of March 18, 2024 Discovery Hearing 77:3–78:24 (Judge Reid confirming that the deposition of Mr. Sevick took place in November 2023 and explaining to DVG Trade her "concern[] as to why you never brought this one up before."). At that time, DVG Trade could have (1) reached out to ZAGG's counsel to discuss the issue relating to its board member's emails; (2) subpoenaed the board members in their individual capacity; or (3) subpoenaed the third-party firm that has possession, custody, and control of the board member's email accounts at issue. DVG Trade, instead, did nothing for months. It was not until March 2024 that DVG Trade attempted to categorize the issue as "new" by suddenly claiming they misunderstood Mr. Sevick's testimony from months before; interestingly, DVG Trade made this realization only after ZAGG continued to pursue its own discovery disputes with this Court due to DVG Trade's failure to comply with its discovery obligations. This kind of gamesmanship is not only disingenuous but also an inefficient use of judicial resources, and DVG Trade cannot be rewarded and made "the victor of these games." *See Munro*, 2021 WL 2661187, at *3 (denying Plaintiff's motion because the discovery dispute was not timely raised and the court found no good cause for the delay).

Second, DVG Trade's attempt to convince this Court that ZAGG's behavior is against the federal rules cannot stand. As a preliminary matter, DVG Trade has already made the same argument and cited the same exact caselaw, *none of which are even in the Eleventh Circuit*, which Judge Reid already fully considered. DVG Trade suggests that it is simply asking ZAGG to "supplement" its discovery in accordance with Federal Rule of Civil Procedure 26(e). *See* Opposition at 9. But in reality, what DVG Trade is doing is attempting to gain ***additional***

9

discovery, outside of the scope and definitions of its own discovery requests *long after the discovery deadline has passed*, despite the fact that ZAGG has certified that it has produced all relevant discovery involving communications between ZAGG and its board members. "Generally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful." *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Social Change, Inc.*, 2015 WL 2091714, at *1 (N.D. Ga. May 5, 2015) (quoting *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202–03 (11th Cir. 2003) (additional citations omitted)). In *Strategic Decisions*, Plaintiff moved to reopen discovery for the purpose of seeking testimony regarding the existence of audio records of board meetings based on its assumption that such records existed. *Id.* In denying Plaintiff's request, the court noted that Plaintiff had not specifically requested that recordings be produced, deposition testimony did not necessarily mean that such recordings existed, and that the Defendant represented that it did not have the recordings in its possession, custody, or control. *Id.* The *Strategic Decisions* court concluded that a "significant amount of discovery ha[d] already been conducted, and it [was] not reasonably likely that additional discovery would show that recordings exist." Similarly, here, DVG Trade's request is "purely speculative" and it is "not clear" that a search of the board member's emails, even if theoretically possible, "would produce relevant documents" different from what ZAGG has already produced, which include all communications between ZAGG board members and ZAGG. *See* Transcript of May 15, 2024 Discovery Hearing 67:17–19.

Additionally, Judge Reid explained at the May 15, 2024 discovery hearing that DVG's request for this discovery was "rather burdensome" and not proportionate to the needs of this case, particularly where discovery ended several months ago. *See id.* 68:13–16. Judge Reid came to this

10

finding after considering the cost, the fact that such discovery would implicate a third-party, the fact that Mr. Sevick had been deposed for five hours and asked specifically about this topic and his role in the litigation in November 2023, and because "the communications between Sevick and Allen and Zagg, should be what's produced and from Mr. Nickerson's representations ha[ve] been produced" by ZAGG already. *Id.* 66:25–68:16. Yet DVG Trade fails to even address Judge Reid's finding that the requested additional discovery would be unnecessary and burdensome.[5] Instead, DVG Trade attempts to suggest to this Court that Judge Reid did not properly analyze the factors in "considering whether an untimely motion should be heard." *See* Opposition at 8 (quoting *Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States*, No. 2:10-CV-153-FTM-99, 2012 WL 5906895, at *1 (M.D. Fla. Nov. 26, 2012)). This is not only an incorrect statement, but is insulting to Judge Reid and this Court, particularly where Judge Reid has now heard and considered DVG Trade's untimely motion, including explicitly considering each of the factors DVG Trade cites, in *two* separate discovery hearings and via her review of at least three emails from the parties directed to her attention on this very issue.[6]

In addition to the above, it is well-settled law that Magistrate Judge Reid is in the best position to resolve any non-dispositive discovery disputes between the parties, given that she is fully informed on the pre-trial aspects of the case, including the conduct of both parties through a

---

[5] In fact, in this very case, this Court found that the fact that DVG Trade, in its last 72(a) Objections [ECF No. 145] failed to address Judge Reid's proportionality finding constituted a forfeiture of "any objection it could've raised to Judge Reid's proportionality analysis." *ZAGG*, 2024 WL 1833086, at *9 (explaining DVG Trade's forfeiture and collecting cases supporting the same).

[6] To be sure, Judge Reid's analysis of the factors cited by DVG Trade could not be more detailed, including her consideration of (1) the length of delay (from November 2023 to March 2024 when DVG Trade first raised the issue); (2) the reason for the delay (which Judge Reid repeatedly has stated she cannot understand); (3) whether it was in the control of DVG Trade (which it was, considering it was on notice of the issue since Mr. Sevick's deposition); (4) the danger of prejudice to ZAGG (which is considerable, particularly when ZAGG has already produced all communications between the board members and ZAGG); and (5) whether allowing such discovery would be in the interests of judicial administration (which Judge Reid opined it was *not* especially in a case that has been constantly burdened with discovery issues).

lengthy and complicated discovery process, which has included multiple hearings on these very issues. *See THE MAD ROOM*, U.S. Dist. LEXIS 123794, at *27. While DVG Trade's Objections *may* succeed in showing that there are two arguments on these ***discretionary discovery*** issues, they fail to meet the highly deferential, exacting standard required to show that any of Judge Reid's discretionary discovery rulings should strike the court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *THE MAD ROOM*, U.S. Dist. LEXIS 123794, at *3 (citing *Cox Enters.*, 794 F.3d at 1272 n. 92). Because a plain reading of Judge Reid's Order demonstrates that it is neither clearly erroneous nor contrary to law, and because nothing in DVG Trade's Objections contradicts that obvious fact, the Order must be affirmed and DVG Trade's Objections must be overruled.

## **CONCLUSION**

For the reasons discussed above, ZAGG respectfully requests that the Court overrule Defendants' Objections and affirm Judge Reid's Order.

Dated: June 21, 2024 Respectfully submitted,

/s/ *Mallory M. Cooney*
Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L Gates LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: 305.539.3300
Fax: 305.358.7095

Morgan T. Nickerson (Pro Hac Vice)
morgan.nickerson@klgates.com
**K&L Gates LLP**
One Congress Street, Suite 2900
Boston, MA 02114
Telephone: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for ZAGG Inc.*

13

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 21st day of June 2024.

                                              */s/ Mallory M. Cooney*
                                              Mallory M. Cooney