UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20304-ALTMAN/Reid

ZAGG INC.,

    *Plaintiff*,

v.

MENACHEM MENDEL ICHILEVICI, *et al.*,

    *Defendants*.
_____/

DVG TRADE LLC,

    *Counter-Plaintiff*,

v.

ZAGG INC., *et al.*,

    *Counter-Defendants*.
_____/

## AMENDED ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning **May 19, 2025**. Counsel for all parties shall also appear at a calendar call at **1:45 p.m.** on **May 13, 2025**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 12-4 at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 N. Miami Avenue, Miami, Florida 33128. The parties shall adhere to the following schedule:

    **November 7, 2024**.  The parties shall exchange expert witness summaries or reports.

    **December 6, 2024**.  The parties shall exchange rebuttal expert witness summaries or reports.

    **January 7, 2025**.  Expert discovery shall be completed.

    **February 12, 2025**. The parties shall file all pre-trial motions, including motions for summary judgment, *Daubert* motions, and motions for a bench trial. Each party is limited to filing one

*Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. **The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).**

**April 14, 2025**. The parties shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**May 5, 2025**. The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

**Referral to Magistrate Judge**.  Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all pretrial non-dispositive and discovery matters are hereby referred to United States Magistrate Judge Lisette M. Reid. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Reid. **The deadline for submitting a consent is February 12, 2025**.

**Good Faith Conferral**.  For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Motion to Dismiss**. Any motion to dismiss must contain *all* bases for dismissal, stay, abstention, or other similar relief the parties intend to raise. A party may not, for example, file a motion to dismiss and then a separate motion for abstention. Nothing in this Order precludes the parties from later raising non-waivable jurisdictional defenses.

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval.

*See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall **not** file written motions. Rather, the "moving party" shall follow Magistrate Judge Reid's standard discovery procedures.

**Summary Judgment**. Parties are required to comply with Local Rule 56.1. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment—and the responses in opposition—must be accompanied by a Statement of Material Facts. Each material fact must be supported by *pincites* to the relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits. The pincites shall reference specific pages (and, if appropriate, line numbers as well) of the exhibits, designate the number and title of each exhibit, and provide the exhibit's ECF number. When a material fact requires specific evidentiary support, a general citation to an exhibit without a pincite (*e.g.*, "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is *non-compliant* and will be stricken or disregarded.

All material facts in any party's Statement of Material Facts *may be deemed admitted* unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that

the material fact at issue is *supported by properly cited record evidence*; and (ii) no other exception under FED. R. CIV. P. 56 applies.

In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a Joint Statement of Undisputed Facts, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to altman@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Jury Instructions and Verdict Form**. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Any proposed instruction that *modifies* an instruction from the Eleventh Circuit's Pattern Jury Instructions must *both* note the modification *and* delineate the modification in redline (or track changes). The parties shall submit, in Word format via e-mail to altman@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges

and defenses, prior to the calendar call. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Trial Exhibits**.  All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Settlement Notification**.  If this matter is settled, counsel shall inform the Court promptly via telephone (305-523-5680) and/or e-mail (altman@flsd.uscourts.gov).

**DONE AND ORDERED** in the Southern District of Florida on September 3, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record