**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

ZAGG INC.,                                          **Case No.: 1:23-cv-20304-RKA**

        Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG LLC; and

        Defendants.

_____/

DVG LLC,

        Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

        Counterclaim-Defendants.

_____/

**PLAINTIFF/COUNTERCLAIM-DEFENDANT AND THIRD-PARTY DEFENDANTS'**
**ANSWER TO DVG'S COUNTERCLAIMS AND SCREENYA LLC'S**
**COUNTERCLAIMS**

    Plaintiff/Counterclaim-Defendant ZAGG, Inc. ("**ZAGG**") and Third-Party Defendants Screenya, LLC ("**Screenya**"), Merril Longmore ("**Longmore**"), and Brendan Buckner ("**Buckner**") (together, with ZAGG, the "**ZAGG Parties**"), by and through their undersigned counsel, and for their Answer and Affirmative Defenses to Defendant/Counterclaim-Plaintiff DVG Trade LLC's ("**DVG**") Counterclaims [ECF No. 41], respectfully set forth as follows. Moreover, Third-Party Defendant Screenya sets forth counterclaims as follows:

**THE PARTIES**

1.      The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaims, and therefore deny them.

2.      Admitted.

3.      Admitted as to the Delaware address, denied as to the remaining factual allegations.

4.      Admitted.

5.      Admitted as to his employment at ZAGG and denied as to the remaining factual allegations.

6.      Admitted as to his employment at ZAGG and denied as to the remaining factual allegations.

7.      Admitted as to his employment at ZAGG and denied as to the remaining factual allegations.

**JURISDICTION AND VENUE**

8.      The paragraph contains legal conclusions to which no response is required.

9.      The paragraph contains legal conclusions to which no response is required.

10.      The paragraph contains legal conclusions to which no response is required. Denied that personal jurisdiction is proper.

11.      The paragraph contains legal conclusions to which no response is required. Denied that personal jurisdiction is proper

12.      The paragraph contains legal conclusions to which no response is required. Denied that personal jurisdiction is proper.

13.      The paragraph contains legal conclusions to which no response is required. Denied that personal jurisdiction is proper.

14.      The paragraph contains legal conclusions to which no response is required.

## **BACKGROUND FACTS**

15.     Admitted.

16.     Admitted.

17.     Denied as stated in the paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     The document speaks for itself, so this paragraph is denied as to any statements inconsistent therewith.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Denied.

## **Online Marketplaces**

27.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

28.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

29.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

30.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

31.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

32.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

33.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

34.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

35.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

36.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

37.     Denied.

38.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

39.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

### COUNTERCLAIM-DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS[1]

40.     Denied.

41.     Denied.

42.     Denied.

---

[1] The headings are copied exactly from the Counterclaim and are used for clarity only. They are not factual assertions which must be responded to or admissions by the ZAGG Parties.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

**False Report #1 Relating to ASIN: B09C6QP7JS**

56.     Admitted that a purchase was made and denied as to the remaining allegations.

57.     Denied.

58.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

**False Report #2 Relating to ASIN: B08HDLH483**

64.     Admitted that a purchase was made and denied as to the remaining allegations.

65.     Denied.

66.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

**False Report #3 Relating to ASIN: B09C6R8QHP**

74.     Admitted that a purchase was made and denied as to the remaining allegations.

75.     Denied.

76.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

**False Report #4 Relating to ASIN: B09C7DK9DC**

84.     Admitted that a purchase was made and denied as to the remaining allegations.

85.     Denied.

86.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

**COUNTERCLAIM-DEFENDANTS VIOLATE AMAZON'S POLICIES AND ENGAGE IN PRICE MANIPULATION**

**Counterclaim-Defendants Created a Fraudulent Amazon Storefront in Violation of Amazon's Policies**

95.     Admitted.

96.     Admitted.

97.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

98.     The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Admitted.

104.    Denied.

105.    Denied.

106.    Denied.

107.    The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

108.    Denied.

109.    The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

**Counterclaim-Defendants Use Their Screenya Storefront to
Dispose of Damaged and Defective Merchandise**

118.    Denied.

119.    Admitted.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Admitted that DVG does not comingle inventory. Denied as to the remaining allegations.

129.    Denied.

130.    Denied.

131.    Denied.

**ZAGG Resorts to Sham Litigation to Eliminate Competition**

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Admitted that that is what is alleged. Denied as to the remainder.

139.    Admitted that that is what is alleged. Denied as to the remainder.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

## HARM TO COUNTERCLAIM-PLAINTIFF

149.    The ZAGG Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and therefore deny them.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.   Denied.

161.   Denied.

162.   Denied.

## COUNTERCLAIM I – DECLARATORY JUDGMENT
### (Counterclaim-Defendant ZAGG)

163.   The ZAGG Parties incorporate the previous responses as if fully set forth herein.

164.   Admitted.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

## COUNTERCLAIM II – DEFAMATION
### (Counterclaim-Defendants ZAGG and Longmore)

171.   The ZAGG Parties incorporate the previous responses as if fully set forth herein.

172.   Admitted.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

## COUNTERCLAIM IV[2] – CIVIL CONSPIRACY
### (All Counterclaim-Defendants)

198.    The ZAGG Parties incorporate the previous responses as if fully set forth herein.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

## COUNTERCLAIM V – THE FLORIDA DECEPTIVE &
### UNFAIR TRADE PRACTICES ACT
### (All Counterclaim-Defendants)

214.    The ZAGG Parties incorporate the previous responses as if fully set forth herein.

215.    Admitted.

---

[2] Count III has been dismissed. Accordingly, no response is necessary. To the extent a response is required, all factual allegations are denied.

216.    Admitted.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied. The ZAGG Parties also deny that DVG is entitled to the relief sought in its counterclaim.

## DEFENSES

The ZAGG Parties set forth below its affirmative defenses to the counterclaims. By setting forth these affirmative defenses, the ZAGG Parties do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to DVG. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is necessarily relevant to DVG's allegations.

As separate and distinct affirmative defenses, the ZAGG Parties allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over each of the non-ZAGG defendants.

## SECOND AFFIRMATIVE DEFENSE

DVG's claims are barred due to its own unclean hands in manipulating its own Amazon ratings and failing to respond to Amazon's requests for information.

## THIRD AFFIRMATIVE DEFENSE

DVG's claims are barred in whole or in part because DVG has not sustained any damages for which the ZAGG Parties are responsible.

## FOURTH AFFIRMATIVE DEFENSE

DVG's claims are barred in whole or in part, because if DVG has been damaged, it is the result of its own conduct or the conduct of third parties, for which the ZAGG Parties are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

DVG's claims fail to state a claim upon which relief can be granted.

## JURY DEMAND

The ZAGG Parties hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

**WHEREFORE**, the ZAGG Parties pray for judgment as follows:

A.      That DVG takes nothing by reason of its counterclaims;

B.      That the counterclaims, and each and every purported claim for relief therein, be dismissed with prejudice;

C.      For judgment in favor of the ZAGG Parties on the claims asserted in the counterclaims;

D.      For attorneys' fees and costs incurred to the extent permitted by law; and

E.      For such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS OF SCREENYA, LLC

Screenya, LLC ("**Screenya**" or "**Plaintiff**"), by and through its undersigned counsel asserts counterclaims against DVG LLC ("**DVG**" or "**Defendant**") as follows:

## NATURE OF THIS ACTION

1.      This case concerns Defendant's wrongful, unauthorized promotion and sale of ZAGG Products through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise ZAGG Products to consumers on the Internet, including, but not limited to, Amazon.com.

2.      Specifically, Defendant is offering for sale "new" ZAGG Products on the Internet. However, DVG is entirely unaware of the origin of the product it sells. DVG does not know whether the product it sells is used, counterfeit, damaged, end-of-life, or even whether it has been sitting outside in the rain for weeks on end. Indeed, DVG has no means of verifying anything about the products it sells as it simply does not know where the products come from.

3.      Despite advertising ZAGG Products as "new," DVG is aware that its products come from liquidation sources. Thus, ZAGG Products sold by DVG to consumers have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendant advertises and as consumers expect.

4.      Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and Plaintiff.

## PARTIES

5.      Plaintiff Screenya is a Delaware LLC. It sells a variety of screen protectors, power management solutions, mobile keyboards, phone cases, and personal audio products under the

ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN brands (collectively, the "ZAGG Brands," and the products sold under the ZAGG Brands are collectively referred to as the "ZAGG Products").

6.      Defendant DVG is a Wyoming corporation with its principal place of business located in Sheridan, Wyoming. Defendant DVG does business and has done business and sold products, including ZAGG Products, to customers within the State of Florida.

7.      Upon information and belief, Defendant DVG partially owns and operates the "Mac N' Cheese" Amazon Seller Account (Amazon Seller ID A2HKJDSYFUXLQL), through which Defendant advertises and sells ZAGG Products.

8.      On the Amazon Storefront for "Mac N' Cheese," the "Detailed Seller Information" lists DVG LLC with the address of 20355 NE 34th Court, Apt. 427, Aventura, FL 33180—which is the address for TX Trading LLC.



16

9.     DVG's Articles of Organization filed with the Wyoming Secretary of State confirm that the entity was first formed on May 9, 2022:



## FACTS

10.     The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with screen protectors, power management solutions, mobile keyboards, cases, and personal audio products (hereinafter, the "ZAGG Marks").[3]

11.     Plaintiff advertises, distributes, and sells its products to consumers under the ZAGG Marks.

12.     Plaintiff is a single-member LLC wholly owned by ZAGG, Inc.

13.     Plaintiff is not now, nor has it ever been, affiliated with DVG.

14.     DVG is not an authorized ZAGG reseller.

15.     Despite this, Defendant has sold and is currently offering for sale and selling ZAGG Products on various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Mac N' Cheese."

---

[3] The ZAGG Marks are described in further detail in ECF No. 26.

16.     The below is an example of Defendant's product listings advertising ZAGG

Products:



17.     The ZAGG Products DVG offers for sale on Amazon.com are advertised in "new"

condition:



18.     Defendant represents, and guarantees, to consumers that "all our merchandise is 100% Authentic and is accurately described:"

> **About Seller**
>
> Mac N' Cheese is here to support you throughout the purchase process. We guarantee a seamless transaction and stand behind the products we sell.
>
> <u>We guarantee that all our merchandise is 100% Authentic and is accurately described</u>. If you have any concerns, please contact us and we will make it right.

19.     However, Defendant falsely advertises the ZAGG Products it sells on the Internet.

20.     Defendant represents that the ZAGG Products it offers for sale on the Internet are "new," yet DVG is wholly unaware of the origin and/or authenticity of the ZAGG Products it sells.

21.     DVG purchases its products from an entity that for the purposes of this Counterclaim will be referred to as SupplierOne.

22.     DVG does not know where SupplierOne obtains its ZAGG Products.

23.     SupplierOne holds itself out to be a seller of liquidation products.

24.     SupplierOne receives large pallets of cell phone accessories that often contain various amounts of ZAGG Products.

25.     The following are example photographs from SupplierOne's warehouse of its mixed cell phone accessory products sold to DVG:



26.     SupplierOne does not review the contents of any of its pallets of products.

27.     SupplierOne cannot confirm whether the products it sold to DVG were authentic ZAGG Products because SupplierOne does not know the origin of the palleted ZAGG Products it has sold to DVG.

28.     Plaintiff does not sell ZAGG Products to SupplierOne.

29.     SupplierOne obtained palleted ZAGG Products from SupplierTwo (again, the name is being withheld by demand of DVG).

30.     SupplierOne claims to have "no idea" where SupplierTwo obtains its palleted ZAGG Products.

31.     SupplierTwo holds itself out to be a large liquidator of products.

32.     Plaintiff does not sell ZAGG Products to SupplierTwo.

33.     Accordingly, neither DVG nor its source, SupplierOne, know where the ZAGG Products sold to DVG come from, where they have been, how they have been stored, or whether they are even authentic ZAGG Products.

34.     Despite not knowing the origin of the ZAGG Products it sells, with full knowledge that its source of ZAGG Products is a liquidator, and despite receiving ZAGG Products in large pallets mixed with various other cell phone accessories, DVG advertises its ZAGG Products to Amazon consumers as products in "new" condition.

35.     Consumers are misled as the commonly understood English language definition of "new" does not include product from liquidation or product of an unknown source and origin.

36.     Moreover, Defendant's product (a sample of which is shown below) often does not fit Amazon's definition of "new:"



### General condition guidelines

The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:

**New:**

Just like it sounds. A brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

37.     Because DVG is not authorized to sell ZAGG Products, the ZAGG's warranty excludes products sold by DVG. The ZAGG Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the ZAGG Warranty.

38.     Pursuant to its terms, ZAGG's warranty "do[es] not apply to products purchased from unauthorized resellers" and notes that "[m]any resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG [P]roducts."

39.    Defendant's actions substantially harm Plaintiff by placing falsely advertised ZAGG Products into the stream of commerce in the United States.

40.    Defendant's false advertising of used, liquidated ZAGG Products of unknown origin and authenticity as "new" on the Internet, including, but not limited to, on Amazon.com, is misleading to consumers and likely to cause—and has caused—consumer confusion and disappointment.

41.    Defendant's false advertising of ZAGG Products without the corresponding ZAGG warranty as "new" on the internet, including, but not limited to on Amazon.com, is misleading to consumers and likely to cause—and has caused—consumer confusion and disappointment.

42.    Defendant's actions substantially harm Plaintiff and consumers who ultimately purchase Defendant's falsely advertised ZAGG Products believing them to be new, warranted, genuine ZAGG Products. Defendant's actions cause consumers to not receive a new, warranted, genuine product as he or she intended.

43.    Defendant's conduct results in consumer confusion as consumers are not receiving the products they believe they are purchasing.

44.    The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have repeatedly complained about Defendant's false and misleading advertisements. Specifically, consumers have complained about products advertised by Defendant:

> ★☆☆☆☆    "~~The item is clearly not new the packaging is damaged and the case has readily apparent scratches.~~ "
>
> By Christine Cox on August 29, 2024.



★☆☆☆☆  "I just received a used unit with someone's pubic hair in it, no less. Disgusting! This was supposed to be new. Seller was Mac N' Cheese - "
By Yuniverse on December 9, 2022.

★☆☆☆☆  "Not entirely sure how this item left the seller, but it delivered to my front porch broken and shrink wrapped/packing taped, no box. "
By Macksmom on December 14, 2020.

★☆☆☆☆  "This seller is selling Fraudulent products to consumers marked as other products with a 500% markup. They sent a 2019 model of what I purchase sold as a 2018 model. I bought the 2019 model myself and they were even careless enough to leave the barcode on which gave me even more proof as to their intentional duplicity because they took the price of the product off but left the rest of the barcode "
Read less
By MrScarbearer on November 25, 2019.

45.     Defendant's conduct as described herein results in the lessening of sales of authorized and properly advertised ZAGG Products to the detriment of Plaintiff.

46.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable harm.

## COUNT I

### Unfair Competition and False Advertising in Violation of 15 U.S.C. § 1125(a)

47.     Plaintiff hereby realleges each and every allegation contained in paragraphs 1–46 as if fully set forth herein.

48.     This is a claim pursuant to 15 U.S.C. § 1125(a).

49.     Plaintiff engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ZAGG Marks, throughout the United States.

50.     The ZAGG Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ZAGG products and services.

51.     By selling or distributing products using the ZAGG Marks as alleged herein, Defendant is engaging in unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

52.     By advertising or promoting products using the ZAGG Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

53.     Defendant's actions are intentional, willful, and malicious, causing immediate, substantial, and irreparable injury to Plaintiff.

54.     Because DVG has sold and advertised products under the ZAGG Marks as alleged herein, and continues to do so despite full knowledge of the allegations within the lawsuit, Plaintiff is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

55.     As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Plaintiff will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

56.     Plaintiff has been damaged by the resale of fewer "new" ZAGG Products due to Defendant's actions as described above.

## COUNT II

### Violation of the Florida Deceptive & Unfair Trade Practices Act, § 501.201, Fla. Stat.

57.     Plaintiff hereby realleges each and every allegation contained in paragraphs 1–46 as if fully set forth herein.

58.     The Florida Deceptive & Unfair Trade Practices Act, ("**FDUTPA**"), generally prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce," including the practices described herein. Fla. Stat. § 501.204(1).

59.     The primary policy of FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Florida Stat. § 501.202(2).

60.     Defendant has violated FDUTPA through the conduct described above.

61.     By selling ZAGG Products of unknown origin and authenticity as described above as being in "new" condition, Defendant has engaged in conduct that violates FDUTPA.

62.     Failing to disclose to consumers that the ZAGG Products it sells are of unknown origin and authenticity is exactly the type of conduct that FDUTPA was enacted to prohibit.

63.     As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct.

64.     Plaintiff has been damaged by the resale of fewer actually "new" ZAGG Products due to the Defendant's actions as described above.

## RELIEF REQUESTED

**WHEREFORE**, Screenya, LLC prays for judgment in its favor and against Defendant providing the following relief:

A.     Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online

platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

      a.      Falsely advertising the ZAGG Products as being in "new" condition;

      b.      engaging in any activity constituting unfair competition with ZAGG; and

      c.      inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B.      Enter judgment in Plaintiff's favor on Counts I and II of the above counterclaims;

C.      Award Plaintiff its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

D.      Award Plaintiff Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

E.      Enter judgment that Defendant's' acts of infringement have been knowing and willful;

F.      Award Plaintiff its reasonable attorneys' fees in bringing this action as allowed by law;

G.      Award Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.      Award Plaintiff the costs incurred in bringing this action; and

I.      Award Plaintiff other relief as this Court deems just and proper.

## **JURY TRIAL CLAIM**

Screenya, LLC hereby requests trial by jury on all claims so triable.

Dated: September 6, 2024

By: */s/ Mallory Cooney*
Mallory Cooney
K&L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
Telephone: 305.539.3342
Fax: 305.358.7095
Email: mallory.cooney@klgates.com

Morgan T. Nickerson (*Pro Hac Vice*)
K&L Gates LLP
One Congress Street, Suite 2900
Boston, MA 02114
Telephone: 617.261.3134
Fax: 617.261.3175
Email: morgan.nickerson@klgates.com

*Attorneys for Plaintiff/Counterclaim-Defendant ZAGG Inc. and Third-Party Defendants Screenya, LLC, Merril Longmore, and Brendan Buckner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 6th day of September, 2024.

*/s/ Mallory M. Cooney*
Mallory M. Cooney