# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

ZAGG INC,                                                    **Case No.: 1:23-cv-20304-ALTMAN/REID**

      Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

      Defendants.

_____/

DVG TRADE LLC,

      Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

      Counterclaim-Defendants.

_____/

**DVG TRADE LLC'S**
**OPPOSITION TO ZAGG INC.'S "MOTION FOR SPOLIATION OF EVIDENCE"**

Defendant DVG Trade LLC ("DVG") respectfully hereby submits its opposition to Plaintiff Zagg Inc.'s ("Zagg") "Motion for Spoliation of Evidence" (ECF No. 239, "Motion").

## I.      **<u>INTRODUCTION</u>**

Zagg's Motion is a transparent ploy to use a fabricated and untimely "discovery" issue to obtain an adverse inference in support of its claims. Zagg has not and cannot meet its burden to prove the elements required for spoliation sanctions. Significantly, the "missing invoices" that are the subject of Zagg's Motion are not "missing"—Zagg already obtained the complained-of invoices directly from the party that issued them, i.e., DVG's Supplier, and submitted them with its Motion as Exhibit C. As such, Zagg cannot have been prejudiced.

Further, the invoices are inconsequential to any issue in this action and have ***no bearing*** on the inference that Zagg asks the Court to draw regarding the "condition" (under Amazon's guidelines) of the ZAGG-brand products sold by DVG. Again, Zagg itself attaches the "missing" invoices, which show that they ***do not*** "evidenc[e] . . . the condition of [the ZAGG] products [purchased by DVG], from its supplier." (Mot. at 1.) Often, the invoices do not even indicate the particular ZAGG products that were purchased, and instead relate to "unmanifested accessories lot[s]" or "mixed skus." (*See* Ex. C at DVG690–91, SUP_001, 496–498, 500–502.) Zagg admits as much (Mot. at 8 (citing Ex. C)), yet has filed this Motion on the ***false*** premise that the invoices are "crucial" because the "invoices all contain a description of the product being sold" (Mot. at 6).

In all events, there is no evidence of "bad faith"—a necessary element for spoliation sanctions. DVG has nothing to gain from the omission of the invoices from this case. DVG does not just rely on any "condition" noted on the invoices; its vendor inspects the goods before they are listed on Amazon. Thus, regardless of any "condition" information on some invoices, there is no basis for Zagg's requested sanction, namely, "an adverse inference that all ZAGG products Defendant purchased from DVG Supplier are not in 'new' condition" (as defined by Amazon).

1

## II.      FACTUAL BACKGROUND

As the Court is aware, this case relates to the resale of Zagg-brand cell phone cases, screen protectors, and chargers ("Zagg Products") on the Amazon.com marketplace ("Amazon"). Zagg's Complaint alleges that DVG's resale of Zagg Products through the "Mac N' Cheese" storefront on Amazon somehow infringes Zagg's trademark rights. Zagg's theory is based on its own convoluted interpretation of Amazon's policies, not facts or the law.

An Amended Scheduling Order issued on April 3, 2023 setting, *inter alia,* deadlines for the amendments of pleadings by May 18, 2023, the close of all discovery of July 11, 2023 and pre-trial motions of August 2, 2023. (ECF No. 29.) On June 13, 2024, Zagg moved for an extension of the discovery deadline (ECF No. 59), which the Court denied (ECF No. 64). Fact discovery closed on July 11, 2023, except for certain depositions that were to be completed by the end of July. (*See* ECF No. 71; ECF No. 137, 7/6/2023 Hr'g Tr. 24:6–12.)

On August 2, 2023, Zagg moved for summary judgment on its "false advertising" theory of liability, and on all of DVG's counterclaims. (ECF No. 78.) Zagg did not claim any need for additional discovery. (*See id.*) However, the Court denied the motion without prejudice and administratively closed this case shortly after Zagg's filing, explaining that the "Court needs time to adjudicate 50 the pending Motion to Dismiss" DVG's Counterclaims. (ECF No. 83.)  Discovery briefly reopened from October 20, 2023 through November 29, 2023 (ECF No. 118).

## III.     LEGAL STANDARD

To receive spoliation sanctions, the moving party bears the burden of proving "first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Murphy v. Airway Air Charter Inc.*, No. 23-CV-23654, 2024 WL 4362776, at *6 (S.D. Fla. Oct. 1, 2024) (internal quotation omitted). Once all three elements are met, "a

2

party's failure to preserve evidence rises to the level of sanctionable spoliation 'only where the absence of that evidence is predicated on bad faith,' such as where a party purposely loses or destroys relevant evidence." *Id.* (quotations omitted). "Bad faith generally means destruction of evidence *for the purpose of hiding* adverse evidence. This standard is more than mere negligence, for mere negligence does not sustain an inference of consciousness of a weak case." *Thomas v. Walmart, Inc.*, No. 23-12890, 2024 WL 1574661, at *2 (11th Cir. Apr. 11, 2024) (cleaned up).

## IV.    ARGUMENT

### A.    Zagg's Never Pursued the Complained-of Invoices in Discovery

As an initial matter, Zagg's Motion should be denied as untimely. Pursuant to Local Rule 26.1(g)(2)(A)(i), "discovery disputes relating to a written response or objection to a discovery request" must be submitted "within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute." In response to Zagg's document request seeking "all invoices, . . . evidencing Defendant's purchase of ZAGG Products from January 1, 2020 to the present," DVG served written objections. (ECF No. 63-1 at 22–23, DVG's Resp. to RFP No. 26.) Zagg challenged this response, but solely in the context that it sought an identification of DVG's "source" of the Zagg Products it sells. (ECF No. 63 at 2, ¶ 2.) At the July 6, 2023 discovery conference, DVG's counsel noted that Zagg's dispute was a moot point because DVG had produced representative invoices sufficient to show its source of ZAGG-branded products. (*See* ECF No. 137, 7/6/23 Tr. 8:20–21; *see also* Ex. C at DVG689–691.) Thereafter, DVG again confirmed that it would only be producing representative invoices. (*See* ECF No. 157-3 at 6–7, DVG's Suppl. Resp. to RFP No. 26.) And, Zagg had the same sales information from DVG that it points to now to argue that DVG's production of invoices is incomplete. (*See* Mot. at 2 n.2 (acknowledging that DVG produced its sales information on July 6, 2023).)

Zagg never sought to compel additional invoices from DVG, and thus cannot be heard now

3

to argue that the documents are "crucial in this litigation." (Mot. at 1.) Rather, in August 2023, Zagg proceeded with its motion for summary judgment on its "false advertising" theory of liability and did not claim any need for additional discovery. (ECF No. 78.) Far from finding the invoices produced by DVG as probative of the actual condition of the products sold, Zagg argued that none of the Zagg Products sold by DVG could ever be considered "New" because "liquidated products do not equal "New" products." (ECF No. 78 at 8 (emphasis omitted); ECF No. 79 ¶ 4 (citing DVG689–691); *see also, e.g.*, ECF No. 26, SAC ¶ 3.) While factually and legally unsound, Zagg's "liquidation" theory explains why Zagg never sought any documents concerning condition while discovery was open. (*See generally* ECF No. 63-1; ECF No. 137, 7/6/23 Tr. 36:8–37:14.)

Zagg's decision not to pursue the production of "all" invoices until many months after being put on notice that only a few representative invoices from 2022 had been produced is reason on its own to deny the Motion. *See, e.g.*, *Derhem v. Bay House Miami Condo. Ass'n*, No. 20-CV-22318, 2024 WL 4370880, at *2 (S.D. Fla. Oct. 1, 2024) (denying motion for spoliation sanctions as untimely under Local Rule 26.1). Further, Zagg's delay demonstrates that it was not prejudiced, because Zagg was willing to forego the production of additional invoices. *See, e.g.*, *United States v. McCray*, 345 F. App'x 498, 501 (11th Cir. 2009) (noting that, generally, only outcome-determinative evidence constitutes crucial evidence).

**B.      The "Missing" Invoices Are Not Actually Missing**

As noted above, Zagg's Motion for spoliation sanctions also fails at the outset because it is not actually missing any invoices that Zagg claims DVG had an obligation to preserve. This action was filed in January 2023, and discovery closed in July 2023 (with a brief reopening in Mid-October and November 2023). Zagg has been provided all of the invoices issued by DVG's

Supplier in 2023 (and there were no additional invoices issued this year). (Supplier Decl. ¶ 3.)[1]

Zagg admits that it has these invoices, and even attaches them to its Motion. (Mot. at 3 & Ex. C.)

Thus, there are no "missing" invoices on which Zagg can reasonably base its Motion. *See Miles v. United States*, No. 3:14CV360-MCR/CJK, 2016 WL 3556845, at *3 (N.D. Fla. Mar. 30, 2016) (denying motion for spoliation where "counsel acknowledged that information concerning the history and condition of the aircraft could be obtained from other sources").

While Zagg argues that it also wants invoices from 2021 and 2022, it cannot argue in good faith that any such invoices support a finding of spoliation, since DVG was not under any "duty to preserve the evidence." *Murphy*, 2024 WL 4362776, at *6; *Living Color Enters., Inc. v. New Era Aquaculture, Ltd.*, No. 14-CV-62216, 2016 WL 1105297, at *4 (S.D. Fla. Mar. 22, 2016) ("Rule 37(e) does not apply . . . when information or evidence is lost before a duty to preserve attaches."). Nor does Zagg argue that DVG was under any such duty. (*See* Mot. at 6.) Since Zagg has been provided the invoices that it argues should have been included in DVG's production, Zagg also cannot demonstrate any prejudice and Zagg's Motion for sanctions is unwarranted. *See, e.g.*, *Mendez v. Wal-Mart Stores E., LP*, 67 F.4th 1354, 1362 (11th Cir. 2023) (affirming denial of spoliation motion where movant did not suffer any prejudice because the destroyed video footage would not have been probative); *Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-CV-88, 2022 WL 10204911, at *6 (M.D. Fla. Sept. 6, 2022) (sustaining denial of spoliation motion where "any deleted data likely would have been duplicative of data recovered from other sources").

## C. The Invoices Have No Bearing on the Issues

Zagg's entire Motion is based on the premise that the invoices that it seeks "evidenc[e] DVG's purchases of ZAGG products and the condition of those products." (Mot. at 1.) In support

---

[1] DVG submits a declaration from its supplier herewith, but omits the supplier's name in this public filing because that information is highly confidential and maintained by DVG as a trade secret.

of its argument, Zagg *falsely* states that "these invoices __all__ contain a description of the product being sold," even though, elsewhere, Zagg admits that the invoices often do *not* identify the Zagg Product that was sold nor the condition. (Mot. at 8 (emphasis added).) Specifically, Zagg acknowledges that some invoices merely describe the products as "unmanifested lots," and "others do not indicate a condition one way or another." (*Id.*) Indeed, DVG's supplier testified that nothing can be inferred from the presence or absence of a "condition" on its invoices. (Ex. 1, Supplier Tr. 63:1–11 ("█████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████.").) Zagg's demand for a contrary "inference" is frivolous.

Further, any "condition" information on the invoices is irrelevant to Zagg's arguments here, i.e., whether the products are sold in accordance with Amazon's condition guidelines. As Zagg well knows, any condition stated on the invoice is not used by DVG for purposes of reselling the product; rather, each item is independently sorted and graded by DVG in accordance with Amazon's condition guideline. (DVG Decl. ¶ 8.) To the extent that Zagg may argue that some invoices could have said that the Zagg products sold to DVG were in damaged condition, that argument would fail too. First, again, there is no "missing" evidence, and thus such speculation is unwarranted.[2] Second, speculation about what missing evidence might show is not a proper basis for a spoliation motion. *See, e.g.*, *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1309 (11th Cir. 2018) (affirming denial of spoliation motion where movant "provide[d] no reason to believe that the [missing evidence] would have actually shown . . . inconsistent statements"). Third, DVG doesn't only sell Zagg Products as "New," it also sells them as "Used"

---

[2] Zagg's passing suggestion that invoices produced by DVG's supplier "evidence that the ZAGG products were not in 'new' condition" (Mot. at 7) is false. A review of the invoices in Exhibit C shows that the invoices either were silent on the condition or note that the products are "new."

and "Used – like new", making Zagg's hypothetical factually irrelevant. (DVG Decl. ¶¶ 10–11.)

In sum, Zagg has not been prejudiced by any alleged "missing" invoices and Zagg's Motion should be denied. *See, e.g.*, *Alston v. City of Darien*, 750 F. App'x 825, 835 (11th Cir. 2018) (affirming denial of spoliation motion where movant "failed to show that he was prejudiced by [video's] absence or that the video had practical importance"); *Rives v. Lahood*, 605 F. App'x 815, 820 (11th Cir. 2015) (similar); *Rutledge v. NCL (Bahamas), Ltd.*, 464 F. App'x 825, 829 (11th Cir. 2012) (affirming denial of spoliation motion where missing evidence "would be of extremely limited value"); *Eli Lilly & Co. v. Air Exp. Int'l USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010) (similar). Nor can these invoices be said to be "crucial" to Zagg's case here—if Zagg had wanted to know the condition of the Zagg Products sold by DVG, it had numerous other, more probative, ways of seeking that information, but it chose not to pursue those.[3]

### D.  Zagg Has Not Made Any Showing of Bad Faith

Finally, Zagg has not and cannot show any bad faith on the part of DVG, a requisite element for spoliation sanctions. "Indeed, 'an adverse inference is drawn from a party's failure to preserve evidence *only* when the absence of that evidence is predicated on bad faith." *Foulke v. Weller*, No. 22-13942, 2024 WL 2761778, at *12 (11th Cir. May 29, 2024) (emphasis in original) (internal quotation omitted) (finding no abuse of discretion in denial of request for spoliation sanctions where the evidence showed only negligence and not "a purposeful intent to alter or lose the items of evidence in question"). Mere negligence in losing records is not enough for an adverse

---

[3] Zagg's arguments that the invoices are also relevant to "DVG's financials" is divorced from the adverse inference that the Motion seeks. There is also no dispute that DVG produced business records detailing its sales of Zagg Products during discovery. (*See, e.g.*, Mot. at Ex. D.) Zagg's assertion that it does not know the "time period" of the sales information (*id.* at 2) is blatantly false. (*See* ECF No. 157-5 ¶ 5 (confirming the time period).) Since the invoices often do not identify the type or brand of products being sold, Zagg's attempt to do the math based on these invoices (*see, e.g.*, Mot. at 2 n.2) is also unfounded. (*See, e.g.*, Ex. 1, Supplier Tr. 69:18–70:2 (noting that SUP_501 relating to "Mixed Accessories Pallets" could concern " ██████████████ ").)

inference, "for mere negligence does not sustain an inference of consciousness of a weak case." *Thomas*, 2024 WL 1574661, at *2 (internal quotation and modifications are omitted).

Here, Zagg has not and cannot show "a purposeful intent to alter or lose the items of evidence in question," as would be required for a finding of bad faith. *Foulke*, 2024 WL 2761778, at *12. Zagg points to Mr. Ichilevici's deposition testimony to argue that "DVG engaged in an affirmative act causing the evidence to be lost." (Mot. at 6.) But the testimony does ***not*** support that conclusion. Rather, Mr. Ichilevici stated that he did not know offhand the status of every single invoice and would "have to check." (*See* Mot. at Ex. A, Tr. 150:12–14.) As noted, once the invoice data is input into DVG's computer system (DVG Decl. ¶ 4), the physical invoices are not useful.

Finally, Zagg argues that DVG should be found to have spoliated the 2024 invoices in "bad faith" because Mr. Ichilevici was "asked about his preservation of" invoices during his November 29, 2023 deposition. (Mot. at 7.) But Zagg never asked Mr. Ichilevici to preserve invoices at that deposition and, in any case, (i) Zagg never pursued the invoices during discovery; and (ii) discovery re-closed on November 29, 2023 after DVG's deposition. *See, e.g.*, *McLeod v. Wal-Mart Stores, Inc.*, 515 F. App'x 806, 808 (11th Cir. 2013) (affirming denial of spoliation motion where discovery requests sought videos from other areas of store).

## V.   CONCLUSION

Zagg filed the present Motion in a desperate attempt to bypass its burdens of proof, multiply the proceedings, and increase litigation costs for DVG. As discussed, Zagg unreasonably seeks spoliation sanctions in connection with documents that it already has in its possession. The Court should deny Zagg's Motion and award DVG its reasonable attorneys' fees. *See, e.g.*, *Oliva v. NBTY, Inc.*, 583 F. App'x 877, 882 (11th Cir. 2014) (affirming award of attorneys' fees for spoliation motion that "contained numerous false statements" and "unreasonably and vexatiously multiplied the proceedings").

DATED:      November 12, 2024
            Boca Raton, Florida

                                Respectfully submitted,

                        By: _/s/ Geoffrey M. Cahen_____
                            Geoffrey M. Cahen
                            Florida Bar No. 0013319
                            CAHEN LAW, P.A.
                            1900 Glades Road, Suite 270
                            Boca Raton, Florida 33431
                            Tel. No.: (561) 922-0430
                            Geoff@cahenlaw.com

                            Mark Berkowitz (*Pro Hac Vice*)
                            Sandra A. Hudak (*Pro Hac Vice*)
                            TARTER KRINSKY & DROGIN LLP
                            1350 Broadway
                            New York, NY 10018
                            Tel. No: (212) 216-8000
                            mberkowitz@tarterkrinsky.com
                            shudak@tarterkrinsky.com

                            *Attorney for Defendants*