**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

ZAGG INC,                                                                 **Case No.: 1:23-cv-20304-ALTMAN/REID**

      Plaintiff,

v.

MENACHEM MENDEL ICHILEVICI;
TX TRADING INC.;
DVG TRADE LLC; and

      Defendants.
_____/

DVG TRADE LLC,

      Counterclaim-Plaintiff,

v.

ZAGG INC., SCREENYA, LLC,
MERRIL LONGMORE, and
BRENDAN BUCKNER,

      Counterclaim-Defendants.
_____/

**DVG TRADE LLC'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS RENEWED MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 28 DISCOVERY ORDER**

Defendant DVG Trade LLC ("DVG"), respectfully submits this Reply in further support of its renewed motion (ECF No. 230, "Motion") seeking reconsideration of the Court's August 28, 2024 discovery order "requir[ing] DVG to produce 'Order Details' of ZAGG products sold by DVG from 2020 to the present." (ECF No. 210, "Order," ¶ 2.)

I. **INTRODUCTION**

As explained in DVG's Motion, reconsideration is warranted because: (1) the underlying factual basis for finding that the "Order Details" are relevant is incorrect—the "Order Details" do not "contain information regarding the condition of the products at issue, whether new or used"; and (2) it would be a significant business and financial hardship to DVG to comply, as well as a significant personal and financial hardship to Defendant Menachem Mendel Ichilevici.

Plaintiff Zagg Inc. ("Zagg") *does not dispute* either of these two facts. Nor does Zagg dispute that it deliberately misrepresented the nature of the "Order Details" to the Court in order to obtain the Order. Instead, the gist of Zagg's Opposition is that DVG is harping on a "technicality." (ECF No. 246, "Opp'n," at 1–2, 15–16, 19.) Zagg argues that reconsideration is somehow inappropriate because "neither the Court nor ZAGG care about *where* or *how* DVG collects . . . condition information." (*Id.* at 15 (emphasis in original).) Zagg even goes so far as to rewrite the Order for the Court, asserting that "[t]he Court has ordered DVG to produce [condition] information, full stop, whether it comes from the 'Order Details' page or another source." (*Id.*)

While DVG takes this as a concession from Zagg that it does not actually need the "Order Details" pages that it insisted that the Court compel DVG to produce, DVG is not so cavalier as Zagg as to disregard the Court's Order. And what the Order says is that 'DVG [must] produce 'Order Details' of ZAGG products sold by DVG from 2020 to the present." (Order ¶ 2.) As explained, such a production would take Mr. Ichilevici almost four months of full-time work or upwards of $100,000. (Mot. at 8; ECF No. 230-1, "Ichilevici Decl.," ¶¶ 115–16.) And such a laborious task would all be for naught because *the "Order Details" pages do not include any information whatsoever about the condition of the products at issue in this litigation*.

Zagg's argument that DVG is attempting to avoid producing the condition information is blatantly false. The fact is that Zagg *never asked* for this information while discovery was open,

2

and there are no documents in DVG's possession that contain this information. But, as Zagg admits in its Opposition, DVG offered to "pull data from Amazon to produce a chart showing sales of Zagg products, by ASIN, showing the listed condition, units sold, and average sale price." (ECF No. 246-7, Ex. G at 4.) Because Zagg would not even confirm that those were the categories of information that it was looking for (*id.* at 1), DVG was forced to file this Motion for reconsideration. (Regardless of the outcome, DVG intends to produce the above-described chart; indeed, the condition information further undermines Zagg's claims.)

Accordingly, for the reasons set forth herein and in DVG's opening Motion, DVG respectfully requests that the Court modify its Order and deny "ZAGG's request to require DVG to produce 'Order Details' of ZAGG products sold by DVG from 2020 to the present."

## II. ARGUMENT

### A. Zagg Does Not Dispute that the Court's Order Is Premised on Erroneous Factual Findings

A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-CIV-24577, 2018 WL 624492, at *1 (S.D. Fla. Jan. 30, 2018). Thus, reconsideration is appropriate here because the more than 40,000 screenshots that the Court has ordered DVG to produce ***do not*** "contain information regarding the condition of the products at issue, whether new or used," but the basis for the Court's Order was that they do. (Order ¶ 2; *see also* ECF No. 217, 8/28/2024 Tr. at 32:16–23 ("THE COURT: . . . I have information today from [Zagg's counsel] that [the Order Details]" have information about condition.).)

As explained in DVG's Motion, Zagg intentionally misled the Court at the August 28, 2024 discovery conference on this issue. (Mot. at 4–8; *see also* Ichilevici Decl. ¶¶ 7–14, 18–23.)

3

Tellingly, ***Zagg does not dispute*** this, or any of the facts laid out in DVG's Motion, including that the "Order Details" do **not** include condition information. This fact alone warrants the granting of the instant Motion; reconsideration is justified to correct clear ***and undisputed*** error. *UMG Recordings, Inc. v. Vital Pharms., Inc.,* No. 21-60914-CIV, 2022 WL 19404297, at *1 (S.D. Fla. July 7, 2022).

While Zagg does not dispute the clear error forming the basis for the Order (or that the reason for such error was Zagg's misrepresentations of fact), Zagg has the gall to argue that this "technicality" does not warrant reconsideration. (Opp'n at 15.) In order to avoid acknowledging that it misled the Court, Zagg attempts to re-write the Order by claiming that the "[t]he Court has ordered DVG to produce the information, full stop, whether it comes from the 'Order Details' page or another source." (*Id.*) But DVG would not be so bold as to presume it can just ignore the plain language of the Court's Order. The Order requires DVG "to produce '***Order Details***' of ZAGG products sold by DVG from 2020 to the present." (Order at ¶ 2 (emphasis added).)

Zagg also claims that "neither the Court nor ZAGG care about ***where*** or ***how*** DVG collects the highly relevant sales and condition information." (Opp'n at 16 (emphasis in original).) Again, Zagg's argument that DVG should disregard the plain language of the Court's Order only supports DVG's request that the Order be modified.

Further, as Zagg admits, DVG proposed a solution that should have resolved this matter without Court intervention. Specifically, counsel for DVG investigated whether there was a way to provide the condition information for the accused ZAGG-brand products it sold, and informed Zagg that it believed that had found a way to "pull data from Amazon to produce a chart showing sales of Zagg products, by ASIN, showing the listed condition, units sold, and average sale price." (*See* Opp'n at 12, 16, ECF No. 246-7, Ex. G at 4.) However, Zagg would not even confirm that

4

"the general premise" of such a chart was "moving the parties towards an agreeable resolution" (i.e., that Zagg would consent to vacate Paragraph 2 of the Court's August 28 Order upon receipt of such a chart that contained the categories of information that DVG believed it could provide). (ECF No. 246-7, Ex. G at 2, 4.) As a result, DVG was forced to file this Motion by its Court-ordered deadline to do so.

Zagg's motive for demanding production of the chart without giving any indication that it would resolve the dispute is clear. Zagg knows that it is a near-impossible task for DVG to fully comply with the Order, given that it would require Mr. Ichilevici to put his business aside and instead work full-time on creating the "Order Details" screenshots for almost four-months. (Ichilevici Decl. ¶¶ 15–16.) Thus, the longer Zagg kept the Order hanging over DVG's head, the more leverage it would have to demand more and more from DVG. As is clear from a cursory review of the parties' correspondence on the subject, DVG's counsel never demanded that Zagg "blindly and prematurely agree to vacate the Court's Order" (Opp'n at 16); rather, it was Zagg that refused to meet and confer in good faith to correct an erroneous Order that it hoodwinked the Court into issuing.

### B. Zagg Does Not Dispute that It Would Be Unduly Burdensome to Require DVG to Create More than 40,000 Screenshots

In addition to the clearly erroneous basis for the Order, reconsideration is warranted here because requiring DVG to create more than 40,000 screenshots (that would result in no substantive benefit to Zagg) would be a severe injustice. *UMG Recordings*, 2022 WL 19404297, at *1 (explaining that "the need to correct clear error or prevent manifest injustice" is a ground which justifies reconsideration).

Zagg cites the *Lane v. Capital Acquisitions* case for the proposition that "[t]he mere fact that compliance . . . will cause great labor and expense or even considerable hardship and

5

possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of [request for discovery]." (Opp'n at 17 (quoting *Lane v. Cap. Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005)).) But that same case continues on to clarify that, even when relevant, discovery must be ***proportional*** to the needs of the case, and the burden of production must be balanced against the benefit of the information requested:

> In making a decision regarding burdensomeness, a court should ***balance*** the burden on the interrogated party against the benefit to the discovering party of having the information. Discovery should be allowed ***unless*** the hardship is unreasonable in the light of the benefits to be secured from the discovery.

*Lane*, 242 F.R.D. at 670 (cleaned up and emphasis added); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case*** . . . .") (emphasis added).

At the August 28 Conference, the Court acknowledged that it would be burdensome for DVG to collect tens of thousands of individual screenshots one-by-one. (ECF No. 217, 8/28/24 Tr. at 35:20–21 ("THE COURT: . . . . I can understand that everything from 2020 to present is a lot if it has to be done one by one.").) Nonetheless, the Court may not have fully appreciated the magnitude of the task, partially because Zagg's counsel misrepresented that the screenshots did not need to be taken one by one (*see id.* at 36:22–36:9). Moreover, the Court's analysis was premised on the finding that such screenshots would contain condition information, which they do not. Now that Zagg has finally conceded that the Order Details do not actually contain the condition information they are looking for, reconsideration is certainly warranted, as the balance of the burden on DVG far outweighs "the benefits to be secured from the discovery" (of which there are none).

To not reconsider the Order would require forcing DVG, a company with a single employee, to expend almost four months of full-time work or upwards of $100,000 to create 40,000

6

new documents that do not include any of the information that this Court deemed relevant. (*See* Mot. at 8.) Such creation of documents is not something that is ordinarily included in the scope of a party's "discovery obligations." (Opp'n at 1); *see, e.g.*, *3Shape A/S v. Carestream Dental, LLC*, No. 1:22-CV-01829-WMR, 2023 WL 4048462, at *2 (N.D. Ga. May 9, 2023), *report and recommendation adopted*, 2023 WL 6940283 (N.D. Ga. Sept. 15, 2023) ("[T]here is no requirement for 3Shape to create documents responsive to DITC's requests for financial information that do not already exist."); *Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-CV-2096-T-33EAJ, 2015 WL 12915721, at *4 (M.D. Fla. Oct. 21, 2015) ("Defendant Consumer Opinion Corp. is not required to create documents simply for the purpose of producing them to Plaintiff."). And, given the lack of any benefit to Zagg in the creation of such documents, these screenshots are not proportional to the needs of discovery in this case.

Accordingly, for this reason too, DVG respectfully requests reconsideration of the August 28 Order and that Zagg's request for "Order Details" be denied.

### C. It Is Zagg, Not DVG, That Is Needlessly Driving Up Costs and Wasting the Court's Time

Ironically, Zagg argues that DVG is "attempt[ing] to mislead this Court and circumvent its discovery obligations" in support of a request for attorneys' fees. (Opp'n at 19.)[1] But it is Zagg's conduct in this case, including its misrepresentations at the August 28 Conference as well as Zagg's present Opposition—not DVG's Motion—that is "inaccurate, incomplete, facetious, and

---

[1] Zagg spends over half of its Opposition brief on a section entitled "Relevant Factual & Procedural Background." (Opp'n at 3–13.) That section is filled with falsities and misrepresentations; however, since the history of the parties' discovery disputes is only tangentially relevant to the issues to be decided in this Motion (especially because Zagg concedes that the Order is based on an erroneous finding of fact), DVG elects not to waste the Court's time pointing out the misstatements. Nonetheless, in response to Zagg's criticisms of DVG's filing of Rule 72(a) objections (*id.* at 4 n.2), such objections are required for DVG to preserve the issues for appeal.

7

misleading to this Court." (Opp'n at 19.) Indeed, as discussed, DVG attempted to resolve this issues with Zagg by producing a chart with the same "condition" information they represented to the Court that they were seeking (and that are not included in the Order Details compelled by the Court), but Zagg would not even confirm that "the general premise" of such a chart was "moving the parties towards an agreeable resolution." (ECF No. 246-7, Ex. G at 2, 4.)

Accordingly, there is no basis for Zagg's requests for fees or any other remedies pursuant to Federal Rule of Civil Procedure 37(b)(2)(a)(i), and Zagg should be ordered to pay DVG's reasonable attorneys' fees in forcing DVG to bring the present motion to correct Zagg's misrepresentations to the Court.

## III.   CONCLUSION

For at least the foregoing reasons and those set forth in its Motion, DVG respectfully requests that the Court modify its Order and deny "ZAGG's request to require DVG to produce 'Order Details' of ZAGG products sold by DVG from 2020 to the present."

Dated: November 14, 2024
       Boca Raton, Florida

Respectfully submitted,

By: __/s/ Geoffrey M. Cahen__
    Geoffrey M. Cahen
    Florida Bar No. 0013319
    CAHEN LAW, P.A.
    1900 Glades Road, Suite 270
    Boca Raton, Florida  33431
    Tel. No.: (561) 922-0430
    Geoff@cahenlaw.com

    Mark Berkowitz (*Pro Hac Vice*)
    Sandra A. Hudak (*Pro Hac Vice*)
    TARTER KRINSKY & DROGIN LLP
    1350 Broadway
    New York, NY  10018
    Tel. No: (212) 216-8000
    mberkowitz@tarterkrinsky.com
    shudak@tarterkrinsky.com

    *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed, this **14th day of November, 2024** to:

*Counsel for Plaintiff*

Mallory Meagan Cooney
K&L Gates LLP
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: mallory.cooney@klgates.com

Morgan T. Nickerson
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Email: morgan.nickerson@klgates.com

By: __*/s/ Geoffrey M. Cahen*__