UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20304-ALTMAN/Reid

**ZAGG INC.**,

    *Plaintiff*,

v.

**MENACHEM MENDEL ICHILEVICI,** *et al.*,

    *Defendants.*
_____/

**DVG TRADE LLC**,

    *Counter-Plaintiff*,

v.

**ZAGG INC.,** *et al.*,

    *Counter-Defendants.*
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S MAY 24, 2024, ORDER

Defendant DVG Trade LLC has appealed Magistrate Judge Lisette M. Reid's May 24, 2024, Order (the "Motion to Compel Order") [ECF No. 178]. DVG alleges that Magistrate Judge Reid erroneously found that it had failed to timely request "documents or ESI from some of [ZAGG's] key players . . . namely its board members Daniel Allen and Matthew Sevick." Objections to the Court's May 24, 2024 Discovery Order ("Objections") [ECF No. 188] at 4–5.[1] The Plaintiffs have filed a response in defense of Magistrate Judge Reid's ruling. *See* Response to Motion to Compel Objections ("Response to Objections") [ECF No. 193]. After careful review, we **AFFIRM** the Motion to Compel Order.

---

[1] An unsealed version of DVG's Motion to Compel Objections can be found at [ECF No. 183].

## THE LAW

"Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* FED. R. CIV. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). And "a routine pretrial discovery motion . . . is not included in [28 U.S.C. § 636(b)(1)(A)'s] list of dispositive motions." *Jordan*, 947 F.3d at 1327; *see also Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1286 (11th Cir. 2003) ("We review the district court's rulings on discovery issues for abuse of discretion.").

This is an "exacting standard." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)). "A magistrate judge's order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 WL 4545177, at *1 (S.D. Fla. Sept. 29, 2022) (Singhal, J.) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).

## ANALYSIS

On May 15, 2024, Magistrate Judge Reid held a discovery hearing to resolve some outstanding discovery disputes between the parties. *See* May 15, 2024, Paperless Minutes Entry [ECF No. 177].

2

During this hearing, counsel for DVG made an *ore tenus* motion to compel Plaintiff ZAGG, Inc. to produce "the email accounts and messaging accounts of their board members," Daniel Allen and Matthew Sevick. May 15, 2024, Hr'g Tr. [ECF No. 194] at 18:24–25. According to DVG, Allen and Sevick "are actually the owners or members of a private equity company called Corona Park," which "took control of ZAGG" sometime in 2022. *Id.* at 19:14–16. DVG theorizes that Corona Park's takeover of ZAGG was the impetus for ZAGG's alleged scheme to target DVG and other Amazon resellers of ZAGG products. *See id.* at 20:10–17 ("[DVG's Counsel]: What happens is a private equity company takes over . . . . Mr. Sevick starts looking at the data, and he says, well, we can double the sales, we can increase the pricing if we get rid of all these third-party sellers, right. So that's really the beginning of this dispute and where it all came from."); *see also* Objections at 6 ("Mr. Sevick is responsible for Zagg's day-to-day operations, including Zagg's attempts to eliminate competitors like DVG from Amazon.").

ZAGG objected to this request. ZAGG's counsel pointed out that DVG had deposed Sevick in November 2023—where it learned for the first time that Sevick's emails hadn't been turned over to DVG—yet waited several months after the deposition to raise this issue before Magistrate Judge Reid. *See* May 15, 2024, Hr'g Tr. at 32:3–7 ("[ZAGG's Counsel]: [Sevick] sat for a deposition for five to six hours, and during that deposition, he made clear that he had not searched. He had not been instructed to search his emails. So [DVG's counsel] has known about that since November of last year[.]"). Magistrate Judge Reid also expressed concern that DVG's request was "rather burdensome" and "speculative" since DVG had already received "everything within which [Allen and Sevick] have, as board members, communicated with ZAGG." *Id.* at 69:19–21, 70:17–19. Ultimately, Magistrate Judge Reid denied DVG's Motion to Compel because it "failed to request documents from ZAGG's board members in its First and Second RFPs" and "failed to provide any reasonable justification for its untimely request." Motion to Compel Order at 2.

3

DVG identifies two supposed errors with Magistrate Judge Reid's Motion to Compel Order. *First*, DVG says that Magistrate Judge Reid failed to appreciate that "Zagg had an obligation under the Federal Rules of Civil Procedure to preserve, search and collect documents from its board members in responding to DVG's discovery requests to Zagg (the fictional corporate 'person' operated by individual people, including board members)." Objections at 9. Moreover, DVG continues, "Messrs. Allen and Sevick plainly used their @coronapark.com email accounts to conduct business for Zagg"—and, "therefore, [they were] required to make their email accounts, devices and other sources available in discovery." *Id.* at 10. *Second*, DVG insists that its request for these emails wasn't untimely since it was unaware until February 29, 2024, that ZAGG would say it was not "in possession, custody, or control of" the documents of any of its board members and thus did not preserve, search or collect them." *Id.* at 11. And, even if the request was untimely, DVG argues that ZAGG had a continuing obligation under FED. R. CIV. P. 26(e) to provide these emails. *See id.* at 12–13. Although Magistrate Judge Reid *could* have come out another way, DVG has come nowhere close to demonstrating that her Motion to Compel Order was *clearly erroneous*.

For starters, it's questionable whether ZAGG had a duty "to preserve, search and collect documents" in the custody of Allen and Sevick to comply with DVG's requests for production ("RFPs"). Motion to Compel Objections at 9. DVG's RFPs focused on documents possessed by ZAGG "and any of their divisions, subsidiaries, and affiliates, and their agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under their control, or acting or purporting to act on their behalf." First RFP [ECF No. 188-1] at 3; *see also* Second RFP [ECF No. 188-2] at 3 (same). On the one hand, DVG has presented some case law supporting its belief that ZAGG had control over Allen's and Sevick's "email accounts, devices, and other sources available in discovery" because they are its board members. Objections at 10; *see also, e.g.*, *Arconic Inc. v. Novelis Inc.*, 2018 WL 4958976, at *2 (W.D. Pa. Oct. 15, 2018) (rejecting position "that non-employee board

4

members [can] reject a corporation's demand for documents"); *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) ("Where [documents] were created in connection with the officer's functions as a corporate employee, the corporation has a proprietary interest in them and the officer has a fiduciary duty to turn them over on demand.").

On the other hand, DVG already received "everything within which [Allen and Sevick] have, as board members, communicated with ZAGG." May 15, 2024, Hr'g Tr. at 69:20–21. While DVG admits that "some emails were already produced," it insists that ZAGG should have "search[ed] the board members' actual email boxes to see if there are other, additional, email[s] that were not captured by the searching of other Zagg document custodians." Objections at 10. Magistrate Judge Reid's finding that such a request would be "burdensome" and premised on rank "speculation," May 15, 2024, Hr'g Tr. at 69:20, 70:18, is of no moment (says DVG) because ZAGG was *obliged* under the Federal Rules of Civil Procedure to search all of Allen's and Sevick's communications (ZAGG-related or not) to comply with DVG's RFPs, *see* Objections at 10 ("Moreover, Messrs. Allen and Sevick plainly used their @coronapark.com email accounts to conduct business for Zagg. They were, therefore, required to make their email accounts, devices and other sources available in discovery."). DVG cites no law to support such an expansive view of ZAGG's discovery obligations, and Magistrate Judge Reid's failure to indulge DVG's position wasn't clearly erroneous. *See* FED. R. CIV. P. 26(b)(C)(i) ("'[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that. . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"); *see also Mad Room, LLC v. City of Miami*, 2023 WL 4571157, at *9 (S.D. Fla. July 18, 2023) (Altman, J.) ("As we've said, a magistrate judge's resolution of discovery disputes deserves substantial deference."). The fact that a potentially relevant email *might* have been found in Allen's or Sevick's communications doesn't give DVG license to demand a fishing expedition for documents that—on

5

their face—have nothing to do with ZAGG's operations. *See Jackson v. Waffle House, Inc.*, 2005 WL 8154618, at *6 (N.D. Ga. Aug. 12, 2005) (Vining, J.) ("Plaintiffs are not, however, entitled to 'go fishing' for documents purely based on a speculative theory when such a fishing expedition would be unduly burdensome on the defendant." (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978))).

Merits aside, DVG also takes issue with Magistrate Judge Reid's finding that its "request [was] untimely." Motion to Compel Order at 2. DVG says that: (1) its request was timely under S.D. FLA. L.R. 26.1(g)(2)(A)(ii) because it "was unaware until February 29, 2024 that it was Zagg's position that it is not 'in possession, custody, or control of' the documents of any of its board members and thus did not preserve, search or collect them"; (2) even if the request was untimely, Magistrate Judge Reid failed to consider the "absence of prejudice to respondent and the interests of judicial administration"; and (3) the timeliness of the request is irrelevant because ZAGG "nonetheless has an affirmative duty to preserve, search for, and produce" Allen's and Sevick's communications under FED. R. CIV. P. 26(e) and 34(a)(1). Objections at 12–13. ZAGG responds that "DVG Trade was put on notice in *November 2023* that ZAGG had not collected documents from its board members, nor had the board members collected documents themselves" and that DVG's attempt "to categorize the issue as 'new'" constitutes improper "gamesmanship." Response to Objections at 9 (emphasis added).

DVG's request to compel the production of Allen's and Sevick's communications was indeed untimely. Magistrate Judge Reid correctly found that, "[i]n November of 2023, at the deposition of Mr. Sevick, DVG learned that ZAGG's board members' e-mails, files, and text messages had not been searched for documents responsive to DVG's RFPs." Motion to Compel Order at 2. DVG doesn't really dispute this; instead, it insists that it didn't *really* realize it wasn't getting Allen's and Sevick's documents until February 29, 2024. *See* Objections at 10–11 ("While Mr. Sevick testified in his individual capacity (i.e., not on behalf of Zagg), that he believed that he hadn't collected documents

6

for this case during the November 29, 2023 deposition, DVG was unaware until February 29, 2024 that it was Zagg's position that it is not 'in possession, custody, or control of' the documents of any of its board members and thus did not preserve, search or collect them."). Our Local Rules are clear that a party *must* raise a discovery issue within twenty-eight days of it becoming ripe, and we're unpersuaded that DVG first became aware of the non-production of Allen's and Sevick's communications no earlier than February 29, 2024. *See* S.D. FLA. L.R. 26.1(g)(2)(A) ("A party must submit any discovery dispute to the Court . . . within twenty-eight (28) days of the last day of [deposition] testimony giving rise to the dispute [or] within twenty-eight days of the date when the issue was first raised with the opposing party."); *see also, e.g.*, *Head Kandy, LLC v. McNeill*, 2024 WL 4144428, at *1 (S.D. Fla. Sept. 11, 2024) (Strauss, Mag. J.) (denying motion to compel after "Defendant failed to seek Court intervention until more than twenty-eight days after the dispute arose").[2]

DVG's alternative arguments are similarly unavailing. Contra DVG's belief that Magistrate Judge Reid failed to consider the "absence of prejudice" and "the interests of judicial administration[,]" Objections at 11, the Magistrate Judge specifically found that DVG "failed to provide any reasonable justification for its untimely request[,]" Motion to Compel Order at 2. Magistrate Judge Reid also determined that the "information [DVG is] seeking is rather burdensome[.]" May 15, 2024, Hr'g Tr. at 70:17–18. We thus find that Magistrate Judge Reid properly analyzed all the relevant factors when she denied DVG's untimely motion to compel.

---

[2] Even if we assume that DVG didn't fully appreciate the breadth of the alleged discovery violation until months later, we can't say that it was clearly erroneous for Magistrate Judge Reid to conclude that DVG *should have* become aware of the discovery issue during Sevick's deposition on November 29, 2023. *See Cox Enters.*, 794 F.3d at 1272 n.92 ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."); *Mad Room*, 2023 WL 4571157, at *9 ("A magistrate judge's resolution of discovery disputes deserves substantial deference. And the discretion to rule on discovery disputes denotes the absence of a hard and fast rule. Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion." (cleaned up)).

Finally, we don't agree that ZAGG was *required* to supplement its responses to DVG with Sevick's and Allen's communications. We agree (of course) that a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns in some material respect the disclose or response is incomplete or incorrect[.]" FED. R. CIV. P. 26(e); *see also Bahr v. NCL (Bahamas) Ltd.*, 2022 WL 293255, at *3 (S.D. Fla. Feb. 1, 2022) (Bloom, J.) ("The duty to supplement continues after the close of discovery."). But, as we've explained, the law is (at a minimum) unclear as to whether ZAGG was required to produce *all* of Sevick's and Allen's communications just because they sit on ZAGG's board. *See ante*, at 5–6. Again, since DVG can't show that Magistrate Judge Reid clearly erred in failing to apply Rule 26(e), we see no reason to overrule Magistrate Judge Reid's Motion to Compel Order. *See Mad Room*, 2023 WL 4571157, at *9 ("A magistrate judge's resolution of discovery disputes deserves substantial deference. And the discretion to rule on discovery disputes denotes the absence of a hard and fast rule. Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion." (cleaned up)).

## CONCLUSION

Accordingly, we **AFFIRM** Magistrate Judge Reid's May 24, 2024, Motion to Compel Order [ECF No. 178]. DVG's Objections to the Motion to Compel Order [ECF No. 188] are **OVERRULED**.

**DONE AND ORDERED** in the Southern District of Florida on June 6, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record