UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20304-ALTMAN/Reid

ZAGG INC.,

     *Plaintiff*,

*v.*

DVG TRADE LLC, *et al.*,

     *Defendants.*

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

One of our Defendants, DVG Trade LLC ("DVG"), has filed a Rule 54(b) Motion for Partial Reconsideration of our Omnibus Summary Judgment Order ("Omnibus Order") [ECF No. 348]. *See* Motion for Partial Reconsideration (the "Motion") [ECF No. 357]. Specifically, DVG asks us to reconsider our decision granting summary judgment for the Plaintiff, ZAGG Inc. ("ZAGG"), on DVG's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim. *See id.* at 1 ("[T]he Order dismissing DVG's FDUTPA claim should be reconsidered[.]"); *see also* Omnibus Order at 30 ("Because DVG hasn't adduced any evidence to support its FDUTPA counterclaim, no reasonable jury could return a verdict in its favor. We therefore **GRANT** ZAGG's request for summary judgment on DVG's FDUTPA counterclaim and **DENY as moot** DVG's parallel request for judgment on that claim." (cleaned up)). After careful review, we **DENY** the Motion.

### THE LAW

Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). While Rule 54(b) doesn't

specify a standard by which courts must evaluate a motion for reconsideration, the Eleventh Circuit has suggested that "Rule 54(b) takes after Rule 60(b)." *Herman v. Hartford Life & Accident Ins. Co.*, 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990)); *see also Maldonado v. Snead*, 168 F. App'x 373, 386–87 (11th Cir. 2006) ("Although the district court reviewed Maldonado's motion under Rule 54(b) as a motion for reconsideration of a non-final order rather than under Rule 60(b) as a motion for relief from judgment, we see no reason to apply a different standard when the party seeks reconsideration of a non-final order than when the party seeks reconsideration of a final judgment." (cleaned up)).

"Relief from judgment under Rule 60(b)(6),"—and thus reconsideration under Rule 54(b)— "is an extraordinary remedy. Consequently, relief under Rule 60(b)(6) requires showing extraordinary circumstances[.]" *Arthur v. Thomas*, 739 F.3d 611, 627–28 (11th Cir. 2014) (cleaned up). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Id.* at 628 (cleaned up). Courts within this Circuit have held that a motion for reconsideration should be granted only when there is: "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice." *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (Cooke, J.) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

**ANALYSIS**

On January 7, 2026, we granted ZAGG's request for summary judgment on DVG's FDUTPA claim. We did so because we found that, despite DVG's many "conclusory allegations of illegal conduct," the "gravamen of [DVG's] FDUTPA counterclaim is that ZAGG uses Screenya to sell products 'at prices materially different (whether higher or lower) than those offered by Amazon and other third-party sellers' in an effort to 'manipulate Amazon's pricing algorithms.'" Omnibus Order at 28 (quoting Defendants' Response to ZAGG's Motion for Summary Judgment ("Def. MSJ

Response") [ECF No. 329] at 34). And we determined that "DVG [hadn't] introduced even a scintilla of evidence that ZAGG engages in price manipulation in this way or that it otherwise deceives consumers." Omnibus Order at 28.

DVG now attacks our decision on three grounds. *First*, DVG claims that we "overlooked facts supporting DVG's argument that [the] Plaintiffs are engaged in unlawful price manipulation[.]" Motion at 2. *Second*, DVG argues that we failed to consider its theory that ZAGG's suit against DVG is "sham litigation" designed to prevent third-party sellers from competing with ZAGG and Amazon. *Id.* at 8. *Third*, DVG contends that we didn't address its theory that ZAGG violated FDUTPA by misusing Amazon's "variation relationship" function. *Id.* at 10. We'll address each argument in turn.

## I.        DVG Failed to Adduce Evidence of Price Manipulation

DVG's first argument is that we "overlooked facts supporting DVG's argument that [the] Plaintiffs are engaged in unlawful price manipulation" Motion at 2. But, contrary to this assertion, we fully considered DVG's price-manipulation argument (including all the evidence DVG claims we "overlooked") and made two key findings: *First*, we found that the Amazon screenshots DVG relied on—its only direct evidence of "price manipulation"[1]—failed to "evince any form of manipulation" and actually showed "that Screenya can charge a higher price for a ZAGG product without affecting the price Amazon or other third-party sellers charge." Omnibus Order at 29 (emphasis removed); *see*

---

[1] DVG blames us for *its* failure to submit compelling direct evidence. *See* Motion at 7 n.2 ("With respect to additional direct evidence of [the] Plaintiffs' price manipulation, DVG notes that it was denied from pursuing such discovery. DVG served a subpoena on Market Performance Group, LLC[.] . . . [T]he Court granted [the] Plaintiffs' motion to quash that subpoena on the grounds that such information was purportedly not relevant."). Two problems with this. *First*, DVG never raised this argument in its summary-judgment briefing and is thus precluded from relying on it now. *Second*, DVG hasn't identified any authority for the proposition that we can't enter summary judgment against a party merely because its discovery efforts failed or were deemed improper. We found that "no reasonable jury could return a verdict in favor of" DVG based on the evidence it was able to muster for its FDUTPA claim. *Lima v. Fla. Dep't of Child. & Fams.*, 627 F. App'x 782, 785–86 (11th Cir. 2015) (cleaned up). DVG's displeasure with our previous discovery rulings doesn't change any of that.

*also* Response at 7 ("[The record doesn't] contain any of the basic economic evidence that would be necessary to support a theory of price manipulation. DVG presented no evidence defining the relevant market, no analysis of market power, no economic evidence explaining how the alleged conduct could influence prices in that market, and no expert testimony analyzing how pricing would operate absent the alleged conduct.").[2] *Second*, we found that DVG's other "evidence" only supported a claim that "ZAGG is deceiving Amazon, not consumers," and that the "the only proper plaintiff (if any) for an alleged violation of Amazon's policies would be Amazon on a breach of contract theory." Omnibus Order at 30 (cleaned up).

In short, DVG's disagreement with our Omnibus Order doesn't present "extraordinary circumstances" that warrant reconsideration. *Arthur*, 739 F.3d at 628; *see also Eitzen Chem. (USA) LLC v. Carib Petroleum*, 2012 WL 13042681, at *1 (S.D. Fla. Jan. 5, 2012) (Seitz, J.) ("A motion to reconsider [ ] is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." (cleaned up)). We therefore **DENY** this part of DVG's Motion.

## II.    DVG Hasn't Shown that ZAGG Engages in "Sham Litigation"

DVG next says we overlooked its contention that ZAGG engages in "sham litigation" and other tactics to target third-party sellers who divert customers from ZAGG and Amazon. *See* Motion at 9 ("DVG has also produced ample evidence that [the] Plaintiffs specifically targeted third-party

---

[2] DVG's Motion is rife with conjecture. *See* Motion at 5 ("Amazon matched Mac N' Cheese's lower price so it could list itself in the 'Buy Box', *but would have* picked a higher sales price based on Screenya's higher sales price *if* Mac N' Cheese was not selling the product at the market price." (emphasis added)); *ibid.* ("[W]hen a third-party seller lists a Zagg Product at a price lower than the price at which Amazon is selling the Zagg Product, Amazon's algorithms *may* lower the retail price to match the third-party seller." (quoting Expert Report of Rachel Greer [ECF No. 311-1]) (emphasis added)); *id.* at 6 ("Why else would [the] Plaintiffs go through such efforts [to deceive Amazon], if not for the exact reason that Amazon bans such practice—price manipulation?"); *id.* at 7 ("These paragraphs also cite to testimony from Mr. Longmore—Zagg's Director of Ecommerce—acknowledging that Amazon's algorithms are affected by the prices at which 3P sellers are selling."). But speculation isn't a substitute for *actual* evidence, which is why DVG's price-manipulation argument failed (and continues to fail).

4

sellers, not because of any valid trademark infringement claim, but because they were driving down prices on Amazon and taking the 'buy box' away from Zagg's direct customer, Amazon."). For two reasons, we're unpersuaded. *First*, DVG failed to raise this argument properly in its summary-judgment briefing. DVG's summary-judgment briefing included only one conclusory sentence on this point: "[R]emoving DVG and other sellers," DVG said at the time, "from the most profitable Amazon listings—by way of threats, false reports and sham litigation—is anti-competitive, immoral and unethical[.]" Defendants' Motion for Summary Judgment ("Def. MSJ") [ECF No. 317] at 37; *see also* Def. MSJ Response at 35 (containing an identical sentence). That's it. And DVG's Reply made no mention of this "sham litigation" theory at all. *See generally* Defendants' Reply in Support of MSJ ("Def. MSJ Reply") [ECF No. 338]. [3] It's well-established that "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (cleaned up). DVG chose to focus on what it viewed as its strongest FDUTPA theory—price manipulation— devoting only one sentence across three briefs to its "sham litigation" claim. It can't now seek reconsideration based on a FDUTPA theory it never meaningfully developed or supported with any authority.

    *Second*, even if DVG had sufficiently raised this issue in its briefing, its "sham litigation" theory is baseless. DVG tells us that it "intends to prove that each of [the] Plaintiffs' [legal] theories are frivolous." Motion at 9. But we don't think DVG understands what "frivolous" means. As the Eleventh Circuit has explained:

> In determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without

---

[3] To the extent DVG argues that ZAGG's Amazon product reports were an anticompetitive "tactic" meant to harm DVG, we've already found that DVG failed to show that these reports were false. *See* Omnibus Order at 21–23. In fact, we specifically determined that, rather than identify *any* evidence of falsity, DVG resorted to "grossly mischaracteriz[ing] Longmore's testimony." *Id.* at 22.

> foundation rather than whether the claim was ultimately successful. . . . Even if a plaintiff's allegations are ultimately legally insufficient to require a trial, that alone is not enough to render the plaintiff's cause of action groundless or without foundation.

*Beach Blitz Co. v. City of Mia. Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021) (cleaned up); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).

Given this stringent standard, we reject DVG's argument that ZAGG's suit is frivolous—especially now that we've allowed it to survive DVG's motion for summary judgment. *See generally* Omnibus Order (denying DVG's motion for summary judgment).

We therefore **DENY** this portion of DVG's Motion.

### III.    DVG's "Variation Relationship" Argument Wasn't Meaningfully Raised

Finally, DVG contends that we failed to consider its argument that "ZAGG has misused Amazon's 'variation' relationship on Amazon to unlawfully inflate its product ratings." Motion at 8 (cleaned up). This argument fails for two reasons. *First*, like its "sham litigation" theory, DVG didn't meaningfully raise this argument at summary judgment. It allocated only one conclusory sentence across three briefs to this theory of FDUTPA liability. *See* Def. MSJ at 36 ("Zagg has misused Amazon's 'variation' relationship on Amazon to unlawfully inflate its product ratings." (cleaned up)); *see also* Def. MSJ Response at 34 (containing an identical sentence). DVG *never* explained how this alleged conduct violated FDUTPA and only now, after an adverse ruling, improperly seeks to supplement this claim. *Second*, contrary to DVG's claim, we didn't overlook this argument. We merely found that DVG's allegation that ZAGG violated Amazon's policies couldn't sustain its FDUTPA claim. *See* Omnibus Order at 30 ("DVG's real complaint, in short, is that ZAGG is deceiving Amazon, not consumers. But we agree with ZAGG that the only proper plaintiff (if any) for an alleged violation of Amazon's policies would be Amazon on a breach of contract theory." (cleaned up)). We therefore **DENY** this part of DVG's Motion with little difficulty.

For all these reasons, DVG's Motion for Reconsideration is **DENIED**.

\* \* \*

**DONE AND ORDERED** in the Southern District of Florida on March 23, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record